UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**SUPER VISION INTERNATIONAL, INC.**

    **Plaintiff**

v.

**COLOR KINETICS INCORPORATED,**

    **Defendant.**
_____/

CASE NO.:  04-12631-RCL

**JOINT STATEMENT FOR CASE SCHEDULING CONFERENCE**

Pursuant to this Court's Notice of Scheduling Conference and Additional Matters dated December 28, 2004 (Dkt. 52), Super Vision International, Inc. and Color Kinetics Incorporated have conferred in writing and respectfully suggest to the Court the following agenda for discussion during the initial scheduling conference set for 2:30PM on February 3, 2005:

**1.**     **Statement of the Case**

Should the Court so desire, each party will inform the Court at the hearing of its positions in this case and provide a statement as to the substantive issues in the case which each party deems to be relevant to the ensuing discussion of case management and scheduling.

It is Super Vision's position that an action pending before Judge Lasker, <u>Color Kinetics Inc. v. Super Vision International, Inc.</u>, D. Mass. No. 02-cv-11137 (MEL) ("Color Kinetics v. Super Vision"), should be reassigned to Judge Lindsay and consolidated with this case.  Color Kinetics has asserted a declaratory judgment action in Case No. 11137, seeking a determination that Super Vision's U.S. Patent No. 4,962,687 (the "'687 Patent") is either invalid or non-

infringed by Color Kinetics accused products. Super Vision initially sued Color Kinetics in the Middle District of Florida (in this case) for infringement of the same '687 Patent. Super Vision believes that both cases should now be consolidated.

It is Color Kinetics' position that this case should be reassigned to Judge Lasker, who is currently overseeing <u>Color Kinetics v. Super Vision</u>, a pending patent litigation between the same parties and involving similar subject matter. On the merits, it is Color Kinetics' position that the asserted patent is invalid, unenforceable, and/or not infringed by Color Kinetics. It is also Color Kinetics' position that Super Vision does not have standing to maintain a suit on the asserted patent.

**Consolidation:** It is Super Vision's position that consolidation of the following actions should occur:

a. This case (patent infringement of the '687 Patent);

b. <u>Color Kinetics Inc. v. Super Vision</u>, District of Massachusetts of Case Number: 1:02-cv-11137 (patent infringement); and

c. <u>Super Vision International, Inc. v. Color Kinetics Inc.</u>, U.S. District Court for the Middle District of Florida (Orlando Division), Case No. 6:02-cv-270-Orl-19JGG (declaratory judgment), transferred to this Court in April, 2003, but never consolidated.

Because these issues arise in the context of a case scheduling conference, Super Vision recognizes that further motions will be required to address the issues in a proper procedural manner. This discussion is intended solely to inform the Court at this stage.

It is Color Kinetics' position that consolidation of these cases, which are at very different stages, would be improper and that, in any event, the Local Rule 40.1(J) requires any motion to

consolidate be presented to the Judge handling the earlier filed case, in this instance, Judge Lasker in Color Kinetics v. Super Vision.

**Change of Venue:** It is Super Vision's position that each of the relevant cases were improperly transferred to the District of Massachusetts based on false affidavits submitted by Color Kinetics, without consideration given to impeaching affidavits submitted by a number of persons, including several former Color Kinetics employees.

It is Color Kinetics' position that transfer would be highly inappropriate, as that issue has already been briefed and decided in the Middle District of Florida and (at least twice) by Judge Lasker in Color Kinetics v. Super Vision.

**2.      Settlement Discussions**

The parties will inform the Court of the status of Super Vision's settlement proposal to Color Kinetics, which has been submitted to Color Kinetics under the schedule required by Dkt. 52.

**3.      Pre-trial Schedule and Discovery Plan**

a.      Rule 26(a) Disclosures.

The parties agree to incorporate the Initial Disclosures made in this case prior to transfer from the Middle District of Florida.

b.      Discovery Subjects, Limitations, and Procedures

i.      Discovery will be needed in this patent case on the subjects of infringement, validity, and enforceability of the patent-in-suit, and damages.

    ii.  The parties disagree on the timetable for resolution of this case. The following table presents the parties' proposed schedules.

| EVENT | SUPER VISION | COLOR KINETICS |
|---|---|---|
| Motions to Add Parties or to Amend Pleadings | June 30, 2005 | June 30, 2005 |
| Disclosure of Expert Reports on issues as to which each party bears the burden of proof | June 30, 2005 | February 1, 2006 |
| Disclosure of Rebuttal Expert Reports | July 30, 2005 | March 1, 2006 |
| Discovery Deadline | August 31, 2005 | June 1, 2006 |
| Dispositive Motions, Daubert, and Markman Motions | September 30, 2005 | July 1, 2006 |
| Final Pretrial Conference | October 15, 2005 | August 1, 2006 |
| All Other Motions Including Motions In Limine, Trial Briefs | October 30, 2005 | September 1, 2006 |

  c.  Discovery Limitations.

The parties agree that interrogatories should he limited to 25 in number, including subparts, for each side.

The parties agree that there shall be no limit on the number of requests for documents or requests for admissions that may be made by either party.

The parties agree to exchange discovery requests on diskette, by email or CD.  The parties have not agreed on any method of service other than those provided by the Federal Rules. The parties further agree to produce documents by hard copy and in .pdf format by email, on diskette, or CD, at the option of the producing party.

d.  Trial by Magistrate

The parties agree that they are not interested in trial by a magistrate.

| SUPER VISION INTERNATIONAL, INC. | COLOR KINETICS INCORPORATED |
|---|---|
| /s/ Ieuan G. Mahony <br> Ieuan G. Mahony, BBO #552349 <br> Holland & Knight LLP <br> 10 St. James Avenue <br> Boston, MA 02116 <br> Telephone: (617) 523-2700 <br> Telecopier: (617) 523-6850 | /s/ Aaron W. Moore <br> Matthew B. Lowrie, BBO No. 563,414 <br> Aaron W. Moore, BBO No. 638,076 <br> Lowrie, Lando & Anastasi, LLP <br> One Main Street - 11th Floor <br> Cambridge, MA 02142 <br> Telephone: 617-395-7000 <br> Telecopier: 617-395-7070 |

OF COUNSEL:

J. Wayne Crosby, Esq., Trial Counsel
Florida Bar No. 0133991
J. Wayne Crosby, P.A.
Suite 200
220 North Palmetto Avenue
Orlando, Florida 32801
Telephone:    407-423-9700
Facsimile:    407-423-9730