IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SUPER VISION INTERNATIONAL, INC.,

    Plaintiff

 v.                                                Case No. 04-cv-12631 (RCL)

COLOR KINETICS INCORPORATED,

    Defendant.

## COLOR KINETICS' MOTION TO
## <u>REASSIGN THIS CASE TO JUDGE LASKER</u>

Pursuant to Local Rule 40.1, Defendant Color Kinetics Incorporated ("Color Kinetics") hereby moves the Court to reassign this case to Senior Judge Morris E. Lasker.

Judge Lasker is currently overseeing <u>Color Kinetics Incorporated v. Super Vision International, Inc.</u>, D. Mass. No. 02-cv-11137 ("<u>Color Kinetics v. Super Vision</u>"), a pending patent infringement case between these same parties that involves overlapping technology. Although discovery has closed in <u>Color Kinetics v. Super Vision</u>, and consolidation of the cases would therefore be improper at this point, Judge Lasker has (a) substantial familiarity with the parties and their litigation behavior, (b) familiarity with the technology in this case, as the products being accused of infringing the patent in this case are also covered by the Color Kinetics patents that are being asserted against Super Vision in that case, and (c) familiarity with the patent that is being asserted in this case because it is alleged by Super Vision to be prior art that is relevant to the Color Kinetics patents being asserted in that other case.

As explained in more detail below, and for reasons of efficiency and consistency, this case should be reassigned to Judge Lasker. The Florida court that transferred the case to this Court no doubt reached that conclusion as well.

## BACKGROUND

### A.     The Parties

Color Kinetics, with a principal place of business in Boston, Massachusetts, offers Light Emitting Diode ("LED") based lighting systems and products to lighting professionals, original equipment manufacturers, and end consumers.

Super Vision also sells LED-based systems, as well as other lighting systems, and is located in Orlando, Florida.

### B.     The Original Suits

The dispute between Color Kinetics and Super Vision began in 2002 after Color Kinetics contacted Super Vision for product samples in order to determine whether Super Vision infringed certain Color Kinetics patents. Rather than sending the samples, Super Vision filed a declaratory judgment action in the Middle District of Florida on March 4, 2002.

Color Kinetics then filed a direct infringement complaint in Massachusetts on June 6, 2002, alleging infringement by Super Vision of four United States patents owned by Color Kinetics. That case was assigned to Judge Lasker.

A venue battle ensued. On July 1, 2002, Super Vision moved to dismiss the Massachusetts case or transfer it to Massachusetts. Super Vision's motion was denied on September 4, 2002. In denying that motion, Judge Lasker found that Super Vision's Florida suit was "an abuse of the Declaratory Judgment Act."

On September 11, 2002, Color Kinetics moved to transfer the Florida case to Massachusetts. Super Vision opposed and filed a motion in Florida to enjoin Color Kinetics from proceeding in Massachusetts. On September 16, 2002, Super Vision also moved for reconsideration of Judge Lasker's denial of its motion to dismiss or transfer.

On April 22, 2003, the Florida Court granted Color Kinetics' motion to transfer to Massachusetts and denied Super Vision's motion to enjoin Color Kinetics from proceeding in Massachusetts. The Florida case was then transferred to Massachusetts and also assigned to Judge Lasker.

On April 1, 2004, Judge Lasker denied Super Vision's motion for reconsideration of the denial of its motion to transfer.

Discovery in Color Kinetics v. Super Vision closed on January 21, 2005.

## C.    The '687 Patent

On March 4, 2004, Super Vision announced that it had acquired the '687 patent. That very same day, Super Vision filed this suit in Florida against Color Kinetics for alleged infringement of that patent.

On April 16, 2004, Color Kinetics moved for leave to amend the Massachusetts Complaint to add a claim for a declaration that the '687 patent is not infringed, is invalid, and is unenforceable. Judge Lasker allowed the motion to amend, which Super Vision did not oppose, on May 26, 2004.

On June 15, 2004, Color Kinetics moved to transfer the Florida '687 patent case to Massachusetts for consolidation with the earlier filed cases. In response, Super Vision filed a motion before Judge Lasker to "vacate" the Order allowing the motion to amend. The Florida

Court informed the parties that it would wait for a decision by Judge Lasker on that motion before acting on the motion to transfer.

Due to the time it took to brief, schedule a hearing, and conduct the hearing on the motion to vacate, it became apparent that adding the '687 patent to the existing case would substantially delay the resolution of Color Kinetics' long-pending infringement claims.  For that reason, and although Super Vision's motion to vacate was denied, Color Kinetics informed Judge Lasker that it was no longer interested in pursuing the declaratory judgment claims on the '687 patent in the original case.  Instead, Color Kinetics would seek the earliest possible resolution of its infringement claims in the original cases and would address the '687 patent case separately.

Color Kinetics then informed the Florida Court that it was still seeking transfer of the '687 patent case to Massachusetts, although not for consolidation with the earlier filed cases.  On December 3, 2004, the Florida Court granted Color Kinetics' motion and transferred this case to this District.

### D.     The Parties' Litigation Behavior

Color Kinetics v. Super Vision has been very contentious.

In that case, Color Kinetics has filed, and has had granted, two omnibus motions to compel, one in December of 2003 and one in the fall of 2004.  When it became apparent that Super Vision was withholding documents even after twice being ordered to complete its document production, Color Kinetics moved for sanctions, seeking an order precluding the use of certain unproduced documents and the preclusion of certain theories that rested on unproduced documents.

Judge Lasker granted Color Kinetics' motion for sanctions on January 18, 2005. Judge Lasker further ordered Super Vision to pay the reasonable costs and fees incurred by Color Kinetics in preparing and filing the motion due to "Super Vision's consistent failure to comply with its discovery obligations."

For its part, Super Vision has constantly attacked Color Kinetics and its counsel, in court papers and in correspondence between the parties. It is quite apparent that Super Vision's intent is to deflect attention from its failure to participate in the discovery process by attacking Color Kinetics. Super Vision has filed two separate motions seeking sanctions against Color Kinetics and its attorneys personally, both of which have been denied. In denying the most recent motion for sanctions, Judge Lasker wrote that Super Vision's allegations of misconduct were "utterly without merit."

**E.    This Case and Its Relationship to the Massachusetts Case**

The '687 patent is an old one (issued on October 16, 1990) which, until very recently, was owned by High End Systems, Inc., a Texas company. High End Systems contacted Color Kinetics about two years ago regarding the '687 patent. Color Kinetics told High End Systems at that time that the patent did not cover Color Kinetics' LED technology. High End Systems responded that it had no desire to sue Color Kinetics, but threatened to market its patent to a third-party who would. Because the '687 patent was not (and is not) relevant to Color Kinetics' LED technology, Color Kinetics was still uninterested.

Super Vision bought the '687 patent in March of 2004 and immediately sued Color Kinetics in Florida. While Super Vision has described the '687 patent as "the foundation on which all LED lighting systems are being designed and built today" and "the earliest and most important patent in the field," the patent itself does not mention LEDs, even once. In fact, at the

time of the alleged invention of the '687 patent, LEDs could not have worked in the system disclosed in the patent.

Although the '687 patent cannot reasonably be construed to cover color changing LED systems, the Color Kinetics products accused of infringement in this case also comprise the subject matter of the Color Kinetics patents asserted in <u>Color Kinetics v. Super Vision</u>, as the design of those products is described in the patents.  In addition, the '687 patent being asserted by Super Vision in this case is also being raised by Super Vision as prior art in <u>Color Kinetics v. Super Vision</u>.

## <u>ARGUMENT</u>

This case should be reassigned under Local Rule 40.1 for reasons of judicial and party efficiency and consistency, as Judge Lasker will necessarily become educated on the asserted patent and the accused products while resolving <u>Color Kinetics v. Super Vision,</u> and as he is already very familiar with the parties.

**A.    Overlapping Technology Favors Reassignment**

The Court that handles this case will need to understand the '687 patent, as well as the technical details concerning the operation of Color Kinetics' accused products.  Judge Lasker already will need to become familiar with the '687 patent because Super Vision has raised it as prior art in <u>Color Kinetics v. Super Vision</u>.  Judge Lasker also will become familiar with the nature and operation of the Color Kinetics products because they embody the patents-in-suit in <u>Color Kinetics v. Super Vision</u>.  It would be very wasteful, for both the parties and for the Court, for the parties to educate two different Judges, in two different cases, on the same technology issues.

### B.    Familiarity with the Parties Favors Reassignment

It is also likely to be more efficient for Judge Lasker to manage the discovery process and the parties in this case, because he has been doing so in <u>Color Kinetics v. Super Vision</u> for more than a year.  In particular, it is anticipated that Judge Lasker's perspective will allow him to more effectively deal with many of the games that Super Vision insists on playing in an attempt to delay and increase the costs of litigation for Color Kinetics.

For example, Super Vision insists on trying to revisit, over and over, issues and motions that are decided against it.  A case on point is the issue of venue.  That issue has been decided by the first Florida court <u>twice</u> (granting Color Kinetics' motion to transfer and denying Super Vision's motion to enjoin), by Judge Lasker <u>four times</u> (denying Super Vision's motion to transfer, denying Super Vision's motion for reconsideration, granting Color Kinetics' motion to amend, and denying Super Vision's motion to vacate), and, most recently, by the second Florida court (granting Color Kinetics' motion to transfer this case).

Unbelievably (and, in Color Kinetics' view, frivolously), Super Vision is <u>still</u> trying to transfer all cases between the parties to Florida, and is now using this case as a mechanism for trying to do so, by insisting on including the issues of consolidation and transfer in the Joint Statement for the Scheduling Conference.  Super Vision is asking this Court to consolidate a senior case with this one, in violation of this Court's Local Rules, even after the pertinent Local Rule was identified to Super Vision.

Any request to consolidate has to be brought before Judge Lasker, as he is presiding over the much older <u>Color Kinetics v. Super Vision</u>.  <u>See</u> Local Rule 40.1(J).  As Judge Lasker has already figured out that Super Vision's litigation strategy is delay-at-all-costs, it is understandable that Super Vision has not done so.  Nevertheless, Super Vision's request to

consolidate this junior case (where discovery has not begun) with senior cases before Judge

Lasker (where discovery has closed) must be referred to Judge Lasker.

It is anticipated (or, at least, hoped) that Judge Lasker's familiarity with past events in

these litigations may temper Super Vision's willingness to continually engage in these types of

wasteful tactics.

### C. Super Vision Apparently Agrees that Reassignment Would be Appropriate

Super Vision appears to concede that the cases belong together.  That Super Vision

actually requested consolidation makes manifest that this case should be reassigned, as even

Super Vision apparently believes there are efficiencies to be gained from having one Judge in

charge of all matters.  Such efficiencies, however, can only be achieved by assigning this case to

Judge Lasker, who has held at least four discovery hearings in the senior cases, has decided at

least three substantial discovery motions, and has presided over the cases through to the close of

discovery.  Much of that effort by Judge Lasker would be wasted if any other Judge were to

preside over the present case.

### D. The Issue Has Already Been Addressed by Judge Lasker and the Florida Court

Finally, both Judge Lasker and the Florida court have reviewed the issue of whether

Judge Lasker should preside over this case and both Courts have found that Judge Lasker should.

For his part, Judge Lasker decided a motion to amend the <u>Color Kinetics v. Super Vision</u>

case to add the dispute over infringement of the '687 patent.  The motion was unopposed and

Judge Lasker granted it.  Super Vision then moved to vacate that order (even though previously

failing to oppose it), claiming that the case should be resolved in Florida.  Judge Lasker denied

that motion as well, <u>even though Color Kinetics informed the Court that it would no longer seek</u>

<u>to have the claims pursued on the same schedule</u>.  Judge Lasker thus sent a clear message that

- 8 -

the dispute belonged before him.

In the Florida case, Color Kinetics moved to transfer the case to Massachusetts—arguing that Judge Lasker should preside over this case. By letter, Color Kinetics notified the Florida Court that it was not seeking to consolidate the cases, but that the case still belonged before Judge Lasker, who was familiar with the facts and the parties. Days later, the Florida court transferred the case to Massachusetts.

$$*\qquad\qquad*\qquad\qquad*$$

Under this Court's Local Rules, this case clearly is related to the cases previously assigned Judge Lasker, and should therefore have been assigned to Judge Lasker in the first place. The very same patent (the '687 patent) was the subject of a declaratory judgment action before Judge Lasker. Even though those claims are no longer being pursued in that case, any action brought on the same patent within two years is considered to be related. See Local Rule 40.1(G)(1). The paper work from the Florida case understandably did not reflect an earlier related case and so this case was mistakenly assigned. Color Kinetics requests that this Court correct that error and reassign the case to Judge Lasker.

There can be no genuine dispute that it would be far more efficient for this case to be reassigned to Judge Lasker; courts in both Massachusetts and Florida have already reached this conclusion.

## CONCLUSION

For the foregoing reasons, Color Kinetics respectfully requests that this case be reassigned to Judge Lasker.

Respectfully submitted,

COLOR KINETICS INCORPORATED

Dated:  January 31, 2005                              /s/ Emily A. Berger
                                                 Matthew B. Lowrie, BBO No. 563,414
                                                 Aaron W. Moore, BBO No. 638,076
                                                 Emily A. Berger, BBO No. 650,841
                                                 Lowrie, Lando & Anastasi, LLP
                                                 One Main Street - 11th Floor
                                                 Cambridge, MA 02142
                                                 Tel: 617-395-7000
                                                 Fax: 617-395-7070

## LOCAL RULE 7.1(A)(2) CERTIFICATION

Counsel for Color Kinetics hereby certify that we have conferred with opposing counsel and have attempted in good faith, but without success, to resolve or narrow the issues presented in this motion.

Dated:  January 31, 2005                              /s/ Emily A. Berger
                                                 Emily A. Berger