IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SUPER VISION INTERNATIONAL, INC.,

Plaintiff

v.                                                    Civil Action No.:  04-CV-12631 (MEL)

COLOR KINETICS INCORPORATED,

Defendant.

## COLOR KINETICS' MOTION FOR A PROTECTIVE ORDER TO STAY DEPOSITIONS OF COLOR KINETICS EMPLOYES AND DR. MALVIN C. TEICH

Defendant Color Kinetics Incorporated ("Color Kinetics") hereby moves for a Protective Order (a) staying the depositions of Color Kinetics employees George Mueller, Ihor Lys, William Sims, and Kevin Dowling; (b) staying the deposition of Malvin C. Teich, who is serving as an expert witness for Color Kinetics in a separate case against plaintiff Super Vision International, Inc. ("Super Vision"); and (c) precluding Super Vision from using this case to take discovery in a separate case in which discovery closed in January of 2005 and the Court denied Super Vision's request to extend the discovery period.

Color Kinetics further seeks an Order quashing subpoenas issued to the above individuals on the grounds that they were not properly served, that they are improper and unnecessary under Rule 45, that they improperly seek documents in an attempt to circumvent Rule 34, and/or that they are otherwise procedurally defective, as described below.

Copies of the Deposition Notices and Subpoenas issued by Super Vision to these individuals are attached hereto as Exhibits A-E.[1]

## **BACKGROUND**

Super Vision has noticed these depositions in this case because it failed to take them in Color Kinetics v. Super Vision, Docket No. 02-11137, a case in which summary judgment motions are currently pending and a summary judgment hearing is set for April 4, 2005.

After failing to take any depositions relating to the merits in the 02-11137 case, Super Vision filed an "Emergency Motion for a Protective Order" and a "Motion to Enforce Discovery Obligations" in that case, seeking to extend the discovery period (a second time) for the purpose of taking depositions, and claiming, falsely, that Color Kinetics "refused to confer" about deposition scheduling. (See Case No. 02-11137, Docket Nos. 96 & 97.)

On February 3, 2005, the Court denied both of Super Vision's motions in the 02-11137 case, determining, among other things, that Color Kinetics had not refused to confer with Super Vision on discovery issues and that there was no justification for a second extension of the discovery period.[2] (See Case No. 02-11137, Docket No. 104.)

Unbowed, Super Vision has now issued a set of deposition notices in this case for the exact same group of individuals that it was seeking depose in the 02-11137 case. This is true even though no Scheduling Conference has been set following reassignment of this case from Judge Lindsay (who declined to address scheduling issues in view of Color Kinetics' motion to reassign), the parties have not conferred on a new schedule, no confidentiality order is in place in

---

[1] The deposition notices and subpoenas bear the caption of Color Kinetics v. Super Vision, Docket No. 02-11137, but, according to counsel for Super Vision, were intended to have been issued in this case.

[2] Should the Court be interested, a detailed discussion of the deposition scheduling issue can be found in Color Kinetics' Opposition to Super Vision's unsuccessful motions to extend discovery. The Opposition is Docket No. 101 in the 02-11137 case.

this case, and not one document or interrogatory answer has been requested or provided.

That these depositions are being sought for purposes related to the 02-11137 case, not this one, is apparent because:

(a)    the deponents sought are <u>the exact same five people</u> that Super Vision failed to depose in the 02-11137 case;

(b)    Dr. Teich is Color Kinetics' expert in the 02-11137 case and, a least for now, has no information that bears on this case, as he is neither an expert nor a fact witness in this case;

(c)    nearly all of the documents sought (improperly) in a subpoena issued to Mr. Mueller in connection with his deposition relate to 02-11137 case, not this one; and

(d)    in correspondence, <u>Super Vision does not even deny that its purpose in trying to take these depositions in this case is to obtain discovery for use in the other case</u>.

Because Super Vision's deposition notices and subpoenas are improper attempts to take discovery that Super Vision failed to take during the discovery period of the 02-11137 case, Color Kinetics now requests that the Court enter a Protective Order that (a) bars depositions of the Color Kinetics employees until after summary judgment is fully briefed and argued in the 02-11137 case and the Court has held its Scheduling Conference in this case and a confidentiality order has been entered, (b) bars the deposition of Dr. Teich unless and until he is designated an expert by Color Kinetics and prepares a report in this case, and (c) precludes Super Vision from use this case to seek discovery for the 02-11137 case.

Because the subpoenas issued by Super Vision are plainly defective for a variety of reasons, as explained below, Color Kinetics requests that they be quashed.

**ARGUMENT**

**I.    THE COLOR KINETICS DEPOSITIONS SHOULD BE DELAYED**

It is perfectly clear that Super Vision has noticed these depositions <u>solely</u> for the
improper purpose obtaining discovery to use in the 02-11137 case.  There is no legitimate reason
to depose the Color Kinetics witnesses in this case at this point.  No documents have been
produced, because none have been requested.  No interrogatory answers have been provided,
because no interrogatories have been served.  It is hard to imagine what Super Vision might
discuss with these four witness that relates to <u>this case</u>, when no information has been exchanged
regarding the operation of the accused products or the prior art.  Super Vision should not be
permitted to use this case to seek discovery for the 02-11137 case, where it neglected to take the
discovery in that case during the discovery period that it already extended.

The depositions also should be delayed for the additional reason that they would be
improper under Fed. R. Civ. P. 26(d), as the parties have not conferred under Rule 26(f).  It is
true that the parties had a Rule 26(f) conference in advance of the conference that was scheduled
before Judge Lindsay, but scheduling matters were not addressed at that conference due to the
motion to reassign the case and, as a result of the reassignment, the case schedule will now need
to be reevaluated.  The parties have not conferred since the case was reassigned.

These depositions also cannot go forward at this point because there is no confidentiality
order in place in this case.  The Court has entered such an Order in the 02-11137 case, but not in
this one.  Color Kinetics is not willing to produce witness to testify about highly confidential
matters in the absence of an enforceable order, in particular because Color Kinetics now has
reason to believe that Super Vision has not lived up to its confidentiality obligations in the 02-
11137 case.  Super Vision has been made aware of this issue but has not made any effort to
remedy it.

Because Super Vision's improper purpose is apparent, Color Kinetics requests that the Color Kinetics depositions be stayed until after summary judgment has been fully briefed and argued in the 02-11137 case. Color Kinetics also requests that the deposition be delayed until after a Scheduling Conference has taken place in this case and confidentiality order has been entered.

The relief requested will not prejudice Super Vision in any way. As noted, there has not even been a Scheduling Conference in this case, and plaintiff Super Vision has done <u>nothing</u> to move this case forward other that noticing these depositions. Delaying the depositions slightly will make no difference to either party. In fact, if Super Vision is genuinely interested in taking discovery in this case, it should use the additional time to serve document requests and interrogatories, so that it might actually have something about which to examine these witnesses.

## II.  THE SUBPOENAS TO THE COLOR KINETICS <u>WITNESSES SHOULD BE QUASHED</u>

The subpoenas issued to the Color Kinetics witnesses should be quashed, for any of a number of reasons.

First, as described above, the subpoenas are improperly intended to obtain discovery for use in the 02-1137 case. So much is clear from the circumstances described above, including, in particular, the document requests attached to the Mueller subpoena, which pertain principally to that case, not this one. The subpoenas should be quashed for that reason alone. <u>Cf.</u> <u>United States v. Santiago-Lugo</u>, 904 F. Supp. 43, 46-48 (D.P.R. 1995) (quashing subpoenas issued in a civil case in part because they were calculated to obtain information for use in a criminal action).

Second, the subpoenas were not properly served. None of the subpoenas to the Color Kinetics witnesses were actually served on the individual witnesses. Instead, there were <u>all</u> left at the reception desk at Color Kinetics' place of business. This is not a proper means of serving

a subpoena under Rule 45. <u>See</u> Rule 45(b)(1) (requiring that "[s]ervice of a subpoena upon a person named therein shall be made by delivering a copy thereof to such person"); <u>see, e.g.,</u> <u>United States v. Philip Morris, Inc.</u>, 312 F. Supp.2d 27, 37-38 (D.D.C. 2004) (holding that leaving deposition subpoenas intended for Department of Justice attorneys at the mail room or with staff support did not constitute proper service under Rule 45).

Third, the subpoenas failed to include a copy of subdivisions (c) and (d) of Rule 45, as required by Rule 45(a). This also renders the subpoenas defective and subject to being quashed. <u>See, e.g.</u>, <u>Anderson v. V.I.</u>, 180 F.R.D. 284 (D.V.I. 1998) (quashing subpoenas for "serious deficiencies," one of which was the failure to include the required portions of Rule 45).

Fourth, Super Vision violated its own "bright-line" rule by not providing counsel with "prior notice" of the service of the subpoenas. As the Court may recall, Super Vision has construed Rule 45(b)(1) as requiring notice to the opposing party <u>prior to service</u> of a subpoena. Super Vision has <u>repeatedly</u> sought sanctions against Color Kinetics in the 02-11137 case and in Middle District of Florida for alleged violations of Super Vision's interpretation of this rule. Examples of this include Super Vision's Motion for Sanctions Against Color Kinetics, Matt Lowrie, and Lowrie, Lando & Anastasi, LLP (No. 02-11137, Docket No. 69), and Super Vision's Motion to Quash (No. 02-11137, Docket No. 70), both of which were denied.

Color Kinetics strongly disputes Super Vision's interpretation of the Rule, but nevertheless agreed to provide Super Vision with "prior notice" of subpoenas going forward in order to put such complaints to rest. Now, however, Super Vision has clearly violated its own construction of the rule. Super Vision cannot be permitted to require "prior notice" of service by Color Kinetics, but then issue surprise subpoenas when it suits Super Vision's purposes. These subpoenas should be quashed for this additional reason as well.

Finally, to the extent the subpoenas to Color Kinetics employees seek documents, they should be quashed because they improperly attempt to circumvent Rule 34. If Super Vision wants documents from Color Kinetics, it should request them under Rule 34. <u>See</u> 7 Moore's Federal Practice – Civil § 30.22 ("[A] party cannot secure documents from an opposing party by serving a deposition subpoena duces tecum on an opposing party commanding production of the party's documents at the deposition."); <u>see, e.g.</u>, <u>Contardo v. Merrill Lynch</u>, 119 F.R.D. 622 (D. Mass. 1988) (denying a motion to compel production of documents sought from a party in a subpoena duces tecum).

## III.   <u>THE TEICH DEPOSITION SHOULD BE QUASHED OR DELAYED</u>

Super Vision also should not be permitted to use this case to take the deposition of Dr. Malvin C. Teich, Color Kinetics' expert in the 02-11137 case.[3] Super Vision failed to take this deposition during the discovery period in that case and its motion to extend that discovery period for a second time was denied.

Because Dr. Teich is neither an expert nor fact witness in this case, it is perfectly clear that Super Vision is trying to depose him in this case on issues that relate to the 02-11137 case. As with the Color Kinetics witnesses, that would be improper.

It may be that Color Kinetics will use Dr. Teich as a testifying expert witness in this case. If that happens, and if he provides an expert report, Color Kinetics would certainly agree to a properly noticed deposition on issues relating to that report. Unless and until that happens, however, a deposition of Dr. Teich would be improper because it would have nothing to do with this case and everything to do with the 02-11137 case.

---

[3] Dr. Teich joins in this motion to the extent it pertains to him.

As with the Color Kinetics witnesses, a deposition of Dr. Teich would also be premature under Rule 26(d) and inappropriate in the absence of an appropriate confidentiality order.

No prejudice will result from a delay in the Teich deposition. If Super Vision is genuinely interested in deposing Dr. Teich about issues related to <u>this</u> case, it would be far better served by doing so <u>after</u> he has prepared his report (assuming that he is eventually retained by Color Kinetics to testify in this case). It would be abusive to allow Super Vision a deposition of Dr. Teich at this early stage and then <u>another</u> deposition of Dr. Teich after a report is prepared and served.

## IV.   <u>THE TEICH SUBPOENA SHOULD BE QUASHED</u>

The Teich subpoena should be quashed for the same reason that the deposition should be delayed, namely that a Teich deposition would have nothing to do with any of the issues in this case, but would instead be an improper attempt to take discovery in the 02-11137 case after the close of discovery.

In addition, like the subpoenas issued to the Color Kinetics witnesses, the Teich subpoena is defective, at least because it failed to include a copy of subdivisions (c) and (d) of Rule 45 and because Super Vision violated its own "bright line" rule concerning notice before service.

## CONCLUSION

For the reasons set forth above, Color Kinetics respectfully requests that the Court grant its motion for a Protective Order.

A Proposed Order is attached hereto as Exhibit F.

Respectfully submitted,

COLOR KINETICS INCORPORATED

Dated:  April 7, 2005            /s/ Aaron W. Moore
                                Matthew B. Lowrie, BBO No. 563,414
                                Aaron W. Moore, BBO No. 638,076
                                Emily A. Berger, BBO No. 650,841
                                Lowrie, Lando & Anastasi, LLP
                                One Main Street - 11th Floor
                                Cambridge, MA 02142
                                Tel: 617-395-7000
                                Fax: 617-395-7070

## LOCAL RULE 7.1(A)(2) CERTIFICATION

Counsel for Color Kinetics hereby certify that we have conferred with opposing counsel and have attempted in good faith, but without success, to resolve or narrow the issues presented in this motion.

Dated:  April 7, 2005            /s/ Aaron W. Moore
                                Emily A. Berger

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO. 02 CV 11137 MEL

COLOR KINETICS INCORPORATED,

     Plaintiff,

v.

SUPER VISION INTERNATIONAL, INC.,

     Defendant.

**NOTICE OF TAKING
DEPOSITION**

TO:    Matthew B. Lowrie, Esquire
        Lowrie, Lando & Anastasi, LLP
        Riverfront Office Park
        One Main Street, 11th Floor
        Cambridge, MA 02142

Please take notice that at 9:30 a.m. on Monday, April 4, 2005, at the offices of

Ieuan G. Mahony, Holland & Knight LLP, 10 St. James Avenue, Boston,

Massachusetts 02116, the defendant in this action, by its attorney(s), will take the

deposition upon oral examination of **George Mueller** pursuant to the applicable

provisions of the Federal Rules of Civil Procedure, before a Notary Public in and for

the Commonwealth of Massachusetts, or before some other officer authorized by law

to administer oaths.  The oral examination will continue from day-to-day until

completed.

You are further required to bring with you the documents described in the

attached Schedule A.

You are invited to attend and cross-examine.

Attorney for Defendant,
Super Vision International, Inc.

Ieuan G. Mahony (BBO #552349)
Holland & Knight, LLP
10 St. James Avenue
Boston, MA 02116
(617) 523-2700


J. Wayne Crosby, Admitted Pro Hac Vice
Florida Bar No. 0133991
J. Wayne Crosby, P.A.
Suite 200
220 North Palmetto Avenue
Orlando, FL  32801
Telephone:  (407) 423-9700
Facsimile:   (407) 423-9730

Dated:  March 25, 2005

# 2722172_v1

## EXHIBIT A TO SUBPOENA DUCES TECUM ISSUED TO GEORGE MUELLER

Please bring with you (or provide to Super Vision's counsel prior to) to your deposition the following documents, all of which may be copied, reviewed and/or discussed during the course of your deposition.

The following definitions and instructions are applicable to this subpoena duces tecum:

## DEFINITIONS

1.  "Document" is used in its broadest sense and means every type of material that is producible under Federal Rule of Civil Procedure 34 including, but not limited to, all forms of recorded information in your actual or constructive possession, custody, care or control, however made or recorded. The term document specifically <u>excludes</u> any statute or regulation, state or federal, that may affect or relate to any matter that is the subject of this subpoena. The term document includes each and every draft or version of any such type material, and all copies on which any mark, alteration, writing, attachment or any other change from the original appears. It includes, by way of example and not by way of limitation:

    a.  letters, correspondence, memoranda, "e-mail" and other electronic communications, voice mail recordings, facsimile or telefax transmissions, telex, telegrams, and any other intra-company and inter-company communications;

    b.  minutes, transcripts, notes or records of meetings, conferences, telephone conversations, and interviews, including lists of persons attending the meetings or conferences;

    c.  calendars, date books, diaries;

1

d. U.S. or foreign patents, patent applications, provisional applications, continuations, continuations-in-part, divisional, reissues, reexamined applications or patents, utility models, design patents, design applications;

e. data, test results, laboratory notebooks, engineering or other notebooks, work papers, notes, compilations, tabulations, software, source code, object code;

f. blueprints, drawings, sketches, schematics, specifications, diagrams, photographs, maps, charts, graphs;

g. end-user manuals and handbooks, machinery manuals, directions, instruction books;

h. sales and promotional literature, brochures, press releases, advertisements, pamphlets;

i. reports, studies, analyses, projections, strategic plans, presentations, books, booklets, texts;

j. forms, written offers for purchase or sale, purchase agreements, sales agreements, written contracts, licenses, assignments, legal pleadings or filings, deposition transcripts;

k. ledgers, accounting records, sales and financial information; and

l. archived records and expired files.

In addition, any document bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof shall be considered a separate document. Attachments to a document are to be considered as part of that document.

2.    "Communication" shall mean any writing or any oral conversation of any kind or character, including, by way of example and without limitation, personal conversations, telephone conversations, letters, meetings, memoranda, telegraphic and telex communications or transmittals of documents, and all documents concerning such writing or such oral conversation, specifically including email communications.

3.    The "'687 Patent" shall mean U.S. Patent No. 4,962,687.

4.    "You," "Your," "Color Kinetics," or "Color Kinetics Incorporated" as used herein shall mean George Mueller, Stone Age Technologies, Inc., Color Kinetics Incorporated, a Delaware Corporation, including its predecessors, successors, assigns, parent corporations, affiliates, organizational operating units, and each and every other person directly or indirectly, wholly or in part, owned or controlled by it, and all present or former partners, principals, employees, officers, directors, agents, legal representatives, consultants or other persons acting for or on its behalf.

5.    The "Prospectus" as used herein shall mean Color Kinetics' Final Prospectus (as amended from time to time) filed by Color Kinetics, Incorporated with the U.S. Securities and Exchange Commission and dated June 22, 2004.

6.    "Refer to" and "relate to" mean directly or indirectly, in whole or in part, connected with, commenting on, impinging or impacting upon, affecting, responding to, showing, describing, evidencing, analyzing, reflecting, or constituting.

7.    "Concerning" or "concern" means evidencing, embodying, discussing, disclosing, supporting, refuting, mentioning, describing, constituting, containing, showing, or referring to in any way, either directly or indirectly.

3

8.     "Person(s)" shall be broadly construed to include natural persons or individuals, firms, corporations, joint ventures, partnerships, sole proprietorships, associations, funds, or other organization of individuals or entities.

9.     The words "and" and "or" shall be construed conjunctively or disjunctively to make the request inclusive rather than exclusive.

10.    The past tense shall be construed to include the present tense, and vice versa, to make the request inclusive rather than exclusive.

11.    The singular shall be construed to include the plural, and vice versa, to make the request inclusive rather than exclusive.

## INSTRUCTIONS

If you claim any privilege as to any document covered by subpoena duces tecum, please identify and provide information for each such document in accordance with the requirements of Federal Rule of Civil Procedure 26(b)(5), including, but not limited to, the following information for each document:

a.     the reason(s) for withholding;

b.     the date of the document;

c.     identification of each person who wrote, drafted, or assisted in the preparation of the document;

d.     identification of each person who has received or had access to the document or copies thereof or to whom any portion of the content has been communicated; and

e.     a brief description of the nature and subject matter of the document.

In the event that any document or thing or portion thereof called for by this set of

4

Requests is known to have been lost or destroyed (either as a result of a document destruction policy or otherwise), a written statement setting forth the following information for each such item shall be provided:

    a.    the identity of the item;

    b.    the nature of the item (e.g. letter, memorandum, charts, engineering drawings, etc.);

    c.    the identity of each person(s) who received, reviewed or inspected the item including any addressor(s), author, or addressee(s) whether indicated as such or not;

    d.    the date of the item;

    e.    a description of the subject matter of the item;

    f.    the number of pages of the item if it is a document;

    g.    the present or past existence of any attachments or appendices to the item and a description of any such attachments or appendices;

    h.    all persons to whom the item was distributed, shown, or explained; and

    i.    the circumstances of the loss or destruction of the item including the date of destruction or loss, the identity of the person(s) authorizing destruction, and the identity of person(s) destroying the document.

This subpoena duces tecum shall apply to all documents in your possession, custody or control prior to and including the date of the production. If you know of the existence, past or present, of any documents or things requested below, but are unable to produce such items because they are not presently in your possession, custody, or control, you shall so state and shall

5

identify such items and the person(s) who has possession, custody or control of the item(s).

In the event that a request is objected to on the basis that it is overly broad, that portion of the request that is unobjectionable shall be responded to. In addition, the objection to the request shall specifically identify in what respect or to what extent the objected to request is overly broad.

In the event that a request is objected to as unduly burdensome, that portion of the request that is unobjectionable shall be responded to. In addition, the objection to the request shall specifically identify in what respect or to what extent the objected to request is unduly burdensome.

In the event that a request is objected to as employing a term or phrase that is unclear or ambiguous, a reasonable meaning of the tern or phrase should be assumed and the request responded to. In addition, the objection to the request shall specifically state the assumed meaning of the term or phrase objected to and in what respect or to what extent the term or phrase is "unclear or ambiguous."

## DOCUMENT REQUESTS

1.    Fc>each Color Kinetics product and all of Color Kinetics technology, please bring with you any and all documents that evidence or otherwise support Color Kinetics' assertion that "our products and technology do not infringe any valid claim of the [High End] patent" as set for below in the following excerpt from the "Legal Proceedings" Section of the Prospectus, including but not limited to any reports, analyses, legal opinions, emails and relating to or concerning the investigation of the High End Patent:

"We had previously investigated the High End patent and concluded that our products and technology do not infringe any valid claim of the patent. Accordingly, we believe that Super Vision's High End Patent Lawsuit is without merit and intend to defend against it vigorously."

2.    Any and all documents that evidence the time or times at which Color Kinetics made, conducted, or caused to be conducted, an investigation of the High End patent as asserted in the "Legal Proceedings" Section of the Prospectus.

3.    Any and all documents that relate to, or otherwise evidence any Color Kinetics' investigation of the High End patent at any time, or any results or conclusions of any such investigation.

4.    All communications between Color Kinetics, its attorneys or agents and any person or entity (or their respective attorneys or agents) and High End Systems, Inc.

5.    A working specimen of the "Vertigo Light Bar" that you claimed to have invented, manufactured and sold by, through or in connection with Stone Age Technologies, Inc.

6.    All documents relating to your claim of invention, design, manufacture and sale of the "Vertigo Light Bar."

7.    All documents relating to any meeting or communication between you and William Bell.

8.    All documents relating to any communication between you and any other person concerning any meeting or communication between you and William Bell.

9.    All documents relating to any meeting or communication between you and John Lyons.

10.    All documents relating to any communication between you and any other person concerning any meeting or communication between you and John Lyons, whether

7

meeting separately or together with any other person.

11. All documents relating to any meeting or communication between you and Heather Ring, whether meeting separately or together with any other person.

12. All documents relating to any communication between you and any other person concerning any meeting or communication between you and Heather Ring.

13. All documents relating to any meeting or communication between you and Charles Rhodes, whether meeting separately or together with any other person.

14. All documents relating to any communication between you and any other person concerning any meeting or communication between you and Charles Rhodes.

15. All documents relating to any meeting or communication between you and Bill Parker, whether meeting separately or together with any other person.

16. All documents relating to any communication between you and any other person concerning any meeting or communication between you and Bill Parker.

17. All documents, including lab notes or notebooks, drawings, schematics and research relating to your claim of invention, design, manufacture and patent of the inventions you claim under U.S. Patent No. 6,016,038.

18. All documents, including lab notes or notebooks, drawings, schematics and research relating to your claim of invention, design, manufacture and patent of the inventions you claim under U.S. Patent No. 6,150,774.

19. All documents, including lab notes or notebooks, drawings, schematics and research relating to your claim of invention, design, manufacture and patent of the inventions you claim under U.S. Patent No. 6,211,626.

8

20.     All documents, including lab notes or notebooks, drawings, schematics and research relating to your claim of invention, design, manufacture and patent of the inventions you claim under U.S. Patent No. 6,340,868.

21.     All documents, including lab notes or notebooks, drawings, schematics and research relating to your claim of invention, design, manufacture and patent of the inventions you claim under U.S. Patent No. 6,528,954.

22.     All documents and communications between you and Dr. Malvin C. Teich concerning any opinion or review relating to analysis, review or consideration of the '687 Patent in any report or draft report that he has prepared, submitted or signed on behalf of Color Kinetics.

## UNITED STATES DISTRICT COURT
### DISTRICT OF MASSACHUSETTS

CASE NO. 02 CV 11137 MEL

COLOR KINETICS INCORPORATED,

    Plaintiff,

v.

SUPER VISION INTERNATIONAL,
INC.,

    Defendant.

**DEPOSITION SUBPOENA
DUCES TECUM
F.R.C.P. RULE 30(a) & RULE 45**



A SERIES OF TRUE COPIES, ATTEST

CONSTABLE

**TO:   George Mueller
Color Kinetics Incorporated
10 Milk Street, Suite 1100
Boston, MA 02108**

**Greetings:**

YOU ARE HEREBY COMMANDED in the name of the Commonwealth of
Massachusetts in accordance with the provisions of Rule 45 of the Federal Rules of
Civil Procedure to appear and testify on behalf of defendant, Super Vision
International, Inc., before an officer authorized to administer oaths at the offices of
Holland & Knight, LLP, 10 St. James Avenue, Boston, Massachusetts 02116 on the
4th day of April, 2005 at 9:30 a.m. and to testify as to your knowledge at the taking
of the deposition in the above-entitled action.

You are further commanded to bring with you the documents described in the
attached Schedule A.

Hereof fail not, as failure by any person without adequate cause to obey a subpoena served on him may be deemed to be in contempt of the court in which the action is pending.

Attorney for Defendant,
Super Vision International, Inc.

_Ieuan G. Mahony (BBO #552349)_
Ieuan G. Mahony (BBO #552349)
Holland & Knight, LLP
10 St. James Avenue
Boston, MA 02116
(617) 523-2700

_Karen M. Oost_
Notary Public
My Commission Expires

My Commission Expires October 7, 2005

J. Wayne Crosby, Admitted Pro Hac Vice
Florida Bar No. 0133991
J. Wayne Crosby, P.A.
Suite 200
220 North Palmetto Avenue
Orlando, FL 32801
Telephone: (407) 423-9700
Facsimile: (407) 423-9730

Dated: March 25, 2005

# 2722016_v1

- 2 -

**EXHIBIT A TO SUʙPOENA DUCES TECUM ISSUED TO GEORGE MUELLER**

Please bring with you (or provide to Super Vision's counsel prior to) to your deposition the following documents, all of which may be copied, reviewed and/or discussed during the course of your deposition.

The following definitions and instructions are applicable to this subpoena duces tecum:

## DEFINITIONS

1.  "Document" is used in its broadest sense and means every type of material that is producible under Federal Rule of Civil Procedure 34 including, but not limited to, all forms of recorded information in your actual or constructive possession, custody, care or control, however made or recorded.  The term document specifically <u>excludes</u> any statute or regulation, state or federal, that may affect or relate to any matter that is the subject of this subpoena.  The term document includes each and every draft or version of any such type material, and all copies on which any mark, alteration, writing, attachment or any other change from the original appears.  It includes, by way of example and not by way of limitation:

    a.   letters, correspondence, memoranda, "e-mail" and other electronic communications, voice mail recordings, facsimile or telefax transmissions, telex, telegrams, and any other intra-company and inter-company communications;

    b.   minutes, transcripts, notes or records of meetings, conferences, telephone conversations, and interviews, including lists of persons attending the meetings or conferences;

    c.   calendars, date books, diaries;

d. U.S. or foreign patents, patent applications, provisional applications, continuations, continuations-in-part, divisional, reissues, reexamined applications or patents, utility models, design patents, design applications;

e. data, test results, laboratory notebooks, engineering or other notebooks, work papers, notes, compilations, tabulations, software, source code, object code;

f. blueprints, drawings, sketches, schematics, specifications, diagrams, photographs, maps, charts, graphs;

g. end-user manuals and handbooks, machinery manuals, directions, instruction books;

h. sales and promotional literature, brochures, press releases, advertisements, pamphlets;

i. reports, studies, analyses, projections, strategic plans, presentations, books, booklets, texts;

j. forms, written offers for purchase or sale, purchase agreements, sales agreements, written contracts, licenses, assignments, legal pleadings or filings, deposition transcripts;

k. ledgers, accounting records, sales and financial information; and

l. archived records and expired files.

In addition, any document bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof shall be considered a separate document. Attachments to a document are to be considered as part of that document.

2. "Communication" shall mean any writing or any oral conversation of any kind or character, including, by way of example and without limitation, personal conversations, telephone conversations, letters, meetings, memoranda, telegraphic and telex communications or transmittals of documents, and all documents concerning such writing or such oral conversation, specifically including email communications.

3. The "'687 Patent" shall mean U.S. Patent No. 4,962,687.

4. "You," "Your," "Color Kinetics," or "Color Kinetics Incorporated" as used herein shall mean George Mueller, Stone Age Technologies, Inc., Color Kinetics Incorporated, a Delaware Corporation, including its predecessors, successors, assigns, parent corporations, affiliates, organizational operating units, and each and every other person directly or indirectly, wholly or in part, owned or controlled by it, and all present or former partners, principals, employees, officers, directors, agents, legal representatives, consultants or other persons acting for or on its behalf.

5. The "Prospectus" as used herein shall mean Color Kinetics' Final Prospectus (as amended from time to time) filed by Color Kinetics, Incorporated with the U.S. Securities and Exchange Commission and dated June 22, 2004.

6. "Refer to" and "relate to" mean directly or indirectly, in whole or in part, connected with, commenting on, impinging or impacting upon, affecting, responding to, showing, describing, evidencing, analyzing, reflecting, or constituting.

7. "Concerning" or "concern" means evidencing, embodying, discussing, disclosing, supporting, refuting, mentioning, describing, constituting, containing, showing, or referring to in any way, either directly or indirectly.

3

8.    "Person(s)" shall be broadly construed to include natural persons or individuals, firms, corporations, joint ventures, partnerships, sole proprietorships, associations, funds, or other organization of individuals or entities.

9.    The words "and" and "or" shall be construed conjunctively or disjunctively to make the request inclusive rather than exclusive.

10.   The past tense shall be construed to include the present tense, and vice versa, to make the request inclusive rather than exclusive.

11.   The singular shall be construed to include the plural, and vice versa, to make the request inclusive rather than exclusive.

## INSTRUCTIONS

If you claim any privilege as to any document covered by subpoena duces tecum, please identify and provide information for each such document in accordance with the requirements of Federal Rule of Civil Procedure 26(b)(5), including, but not limited to, the following information for each document:

a.    the reason(s) for withholding;

b.    the date of the document;

c.    identification of each person who wrote, drafted, or assisted in the preparation of the document;

d.    identification of each person who has received or had access to the document or copies thereof or to whom any portion of the content has been communicated; and

e.    a brief description of the nature and subject matter of the document.

In the event that any document or thing or portion thereof called for by this set of

4

Requests is known to have been lost or destroyed (either as a result of a document destruction policy or otherwise), a written statement setting forth the following information for each such item shall be provided:

 a.  the identity of the item;

 b.  the nature of the item (e.g. letter, memorandum, charts, engineering drawings, etc.);

 c.  the identity of each person(s) who received, reviewed or inspected the item including any addressor(s), author, or addressee(s) whether indicated as such or not;

 d.  the date of the item;

 e.  a description of the subject matter of the item;

 f.  the number of pages of the item if it is a document;

 g.  the present or past existence of any attachments or appendices to the item and a description of any such attachments or appendices;

 h.  all persons to whom the item was distributed, shown, or explained; and

 i.  the circumstances of the loss or destruction of the item including the date of destruction or loss, the identity of the person(s) authorizing destruction, and the identity of person(s) destroying the document.

This subpoena duces tecum shall apply to all documents in your possession, custody or control prior to and including the date of the production. If you know of the existence, past or present, of any documents or things requested below, but are unable to produce such items because they are not presently in your possession, custody, or control, you shall so state and shall

5

identify such items and the person(s) who has possession, custody or control of the item(s).

In the event that a request is objected to on the basis that it is overly broad, that portion of the request that is unobjectionable shall be responded to. In addition, the objection to the request shall specifically identify in what respect or to what extent the objected to request is overly broad.

In the event that a request is objected to as unduly burdensome, that portion of the request that is unobjectionable shall be responded to. In addition, the objection to the request shall specifically identify in what respect or to what extent the objected to request is unduly burdensome.

In the event that a request is objected to as employing a term or phrase that is unclear or ambiguous, a reasonable meaning of the tern or phrase should be assumed and the request responded to. In addition, the objection to the request shall specifically state the assumed meaning of the term or phrase objected to and in what respect or to what extent the term or phrase is "unclear or ambiguous."

## DOCUMENT REQUESTS

1.    For each Color Kinetics product and all of Color Kinetics technology, please bring with you any and all documents that evidence or otherwise support Color Kinetics' assertion that "our products and technology do not infringe any valid claim of the [High End] patent" as set for below in the following excerpt from the "Legal Proceedings" Section of the Prospectus, including but not limited to any reports, analyses, legal opinions, emails and relating to or concerning the investigation of the High End Patent:

6

"We had previously investigated the High End patent and concluded that our products and technology do not infringe any valid claim of the patent. Accordingly, we believe that Super Vision's High End Patent Lawsuit is without merit and intend to defend against it vigorously."

2. Any and all documents that evidence the time or times at which Color Kinetics made, conducted, or caused to be conducted, an investigation of the High End patent as asserted in the "Legal Proceedings" Section of the Prospectus.

3. Any and all documents that relate to, or otherwise evidence any Color Kinetics' investigation of the High End patent at any time, or any results or conclusions of any such investigation.

4. All communications between Color Kinetics, its attorneys or agents and any person or entity (or their respective attorneys or agents) and High End Systems, Inc.

5. A working specimen of the "Vertigo Light Bar" that you claimed to have invented, manufactured and sold by, through or in connection with Stone Age Technologies, Inc.

6. All documents relating to your claim of invention, design, manufacture and sale of the "Vertigo Light Bar."

7. All documents relating to any meeting or communication between you and William Bell.

8. All documents relating to any communication between you and any other person concerning any meeting or communication between you and William Bell.

9. All documents relating to any meeting or communication between you and John Lyons.

10. All documents relating to any communication between you and any other person concerning any meeting or communication between you and John Lyons, whether

7

meeting separately or together with any other person.

11. All documents relating to any meeting or communication between you and Heather Ring, whether meeting separately or together with any other person.

12. All documents relating to any communication between you and any other person concerning any meeting or communication between you and Heather Ring.

13. All documents relating to any meeting or communication between you and Charles Rhodes, whether meeting separately or together with any other person.

14. All documents relating to any communication between you and any other person concerning any meeting or communication between you and Charles Rhodes.

15. All documents relating to any meeting or communication between you and Bill Parker, whether meeting separately or together with any other person.

16. All documents relating to any communication between you and any other person concerning any meeting or communication between you and Bill Parker.

17. All documents, including lab notes or notebooks, drawings, schematics and research relating to your claim of invention, design, manufacture and patent of the inventions you claim under U.S. Patent No. 6,016,038.

18. All documents, including lab notes or notebooks, drawings, schematics and research relating to your claim of invention, design, manufacture and patent of the inventions you claim under U.S. Patent No. 6,150,774.

19. All documents, including lab notes or notebooks, drawings, schematics and research relating to your claim of invention, design, manufacture and patent of the inventions you claim under U.S. Patent No. 6,211,626.

20. All documents, including lab notes or notebooks, drawings, schematics and research relating to your claim of invention, design, manufacture and patent of the inventions you claim under U.S. Patent No. 6,340,868.

21. All documents, including lab notes or notebooks, drawings, schematics and research relating to your claim of invention, design, manufacture and patent of the inventions you claim under U.S. Patent No. 6,528,954.

22. All documents and communications between you and Dr. Malvin C. Teich concerning any opinion or review relating to analysis, review or consideration of the '687 Patent in any report or draft report that he has prepared, submitted or signed on behalf of Color Kinetics.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO. 02 CV 11137 MEL

COLOR KINETICS INCORPORATED,

       Plaintiff,

v.

SUPER VISION INTERNATIONAL,
INC.,

       Defendant.

**DEPOSITION SUBPOENA
DUCES TECUM
F.R.C.P. RULE 30(a) & RULE 45**

**TO:  Ihor Lys
     Color Kinetics Incorporated
     10 Milk Street, Suite 1100
     Boston, MA  02108**

A SERIES OF TRUE COPIES, ATTEST

CONSTABLE

**Greetings:**

YOU ARE HEREBY COMMANDED in the name of the Commonwealth of
Massachusetts in accordance with the provisions of Rule 45 of the Federal Rules of
Civil Procedure to appear and testify on behalf of defendant, Super Vision
International, Inc., before an officer authorized to administer oaths at the offices of
Holland & Knight, LLP, 10 St. James Avenue, Boston, Massachusetts 02116 on the
5th day of April, 2005 at 9:30 a.m. and to testify as to your knowledge at the taking
of the deposition in the above-entitled action.

You are further commanded to bring with you the documents described in the
attached Schedule A.

Hereof fail not, as failure by any person without adequate cause to obey a subpoena served on him may be deemed to be in contempt of the court in which the action is pending.

Attorney for Defendant,
Super Vision International, Inc.

Ieuan G. Mahony (BBO #552349)     Notary Public
Holland & Knight, LLP       My Commission Expires
10 St. James Avenue         My Commission Expires October 7, 2005
Boston, MA 02116
(617) 523-2700


J. Wayne Crosby, Admitted Pro Hac Vice
Florida Bar No. 0133991
J. Wayne Crosby, P.A.
Suite 200
220 North Palmetto Avenue
Orlando, FL 32801
Telephone: (407) 423-9700
Facsimile: (407) 423-9730

Dated: March 25, 2005

# 2721762_v1

- 2 -

## EXHIBIT A TO SUBPOENA DUCES TECUM ISSUED TO IHOR LYS

Please bring with you (or provide to Super Vision's counsel prior to) to your deposition the following documents, all of which may be copied, reviewed and/or discussed during the course of your deposition.

The following definitions and instructions are applicable to this subpoena duces tecum:

## DEFINITIONS

1.  "Document" is used in its broadest sense and means every type of material that is producible under Federal Rule of Civil Procedure 34 including, but not limited to, all forms of recorded information in your actual or constructive possession, custody, care or control, however made or recorded. The term document specifically excludes any statute or regulation, state or federal, that may affect or relate to any matter that is the subject of this subpoena. The term document includes each and every draft or version of any such type material, and all copies on which any mark, alteration, writing, attachment or any other change from the original appears. It includes, by way of example and not by way of limitation:

    a.  letters, correspondence, memoranda, "e-mail" and other electronic communications, voice mail recordings, facsimile or telefax transmissions, telex, telegrams, and any other intra-company and inter-company communications;

    b.  minutes, transcripts, notes or records of meetings, conferences, telephone conversations, and interviews, including lists of persons attending the meetings or conferences;

    c.  calendars, date books, diaries;

1

d.     U.S. or foreign patents, patent applications, provisional applications, continuations, continuations-in-part, divisional, reissues, reexamined applications or patents, utility models, design patents, design applications;

e.     data, test results, laboratory notebooks, engineering or other notebooks, work papers, notes, compilations, tabulations, software, source code, object code;

f.     blueprints, drawings, sketches, schematics, specifications, diagrams, photographs, maps, charts, graphs;

g.     end-user manuals and handbooks, machinery manuals, directions, instruction books;

h.     sales and promotional literature, brochures, press releases, advertisements, pamphlets;

i.     reports, studies, analyses, projections, strategic plans, presentations, books, booklets, texts;

j.     forms, written offers for purchase or sale, purchase agreements, sales agreements, written contracts, licenses, assignments, legal pleadings or filings, deposition transcripts;

k.     ledgers, accounting records, sales and financial information; and

l.     archived records and expired files.

In addition, any document bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof shall be considered a separate document. Attachments to a document are to be considered as part of that document.

2

2.    "Communication" shall mean any writing or any oral conversation of any kind or character, including, by way of example and without limitation, personal conversations, telephone conversations, letters, meetings, memoranda, telegraphic and telex communications or transmittals of documents, and all documents concerning such writing or such oral conversation, specifically including email communications.

3.    The "'687 Patent" shall mean U.S. Patent No. 4,962,687.

4.    "You," "Your," "Color Kinetics," or "Color Kinetics Incorporated" as used herein shall mean George Mueller, Stone Age Technologies, Inc., Color Kinetics Incorporated, a Delaware Corporation, including its predecessors, successors, assigns, parent corporations, affiliates, organizational operating units, and each and every other person directly or indirectly, wholly or in part, owned or controlled by it, and all present or former partners, principals, employees, officers, directors, agents, legal representatives, consultants or other persons acting for or on its behalf.

5.    The "Prospectus" as used herein shall mean Color Kinetics' Final Prospectus (as amended from time to time) filed by Color Kinetics, Incorporated with the U.S. Securities and Exchange Commission and dated June 22, 2004.

6.    "Refer to" and "relate to" mean directly or indirectly, in whole or in part, connected with, commenting on, impinging or impacting upon, affecting, responding to, showing, describing, evidencing, analyzing, reflecting, or constituting.

7.    "Concerning" or "concern" means evidencing, embodying, discussing, disclosing, supporting, refuting, mentioning, describing, constituting, containing, showing, or referring to in any way, either directly or indirectly.

3

8.     "Person(s)" shall be broadly construed to include natural persons or individuals, firms, corporations, joint ventures, partnerships, sole proprietorships, associations, funds, or other organization of individuals or entities.

9.     The words "and" and "or" shall be construed conjunctively or disjunctively to make the request inclusive rather than exclusive.

10.    The past tense shall be construed to include the present tense, and vice versa, to make the request inclusive rather than exclusive.

11.    The singular shall be construed to include the plural, and vice versa, to make the request inclusive rather than exclusive.

## **INSTRUCTIONS**

If you claim any privilege as to any document covered by subpoena duces tecum, please identify and provide information for each such document in accordance with the requirements of Federal Rule of Civil Procedure 26(b)(5), including, but not limited to, the following information for each document:

a.     the reason(s) for withholding;

b.     the date of the document;

c.     identification of each person who wrote, drafted, or assisted in the preparation of the document;

d.     identification of each person who has received or had access to the document or copies thereof or to whom any portion of the content has been communicated; and

e.     a brief description of the nature and subject matter of the document.

In the event that any document or thing or portion thereof called for by this set of

4

Requests is known to have been lost or destroyed (either as a result of a document destruction policy or otherwise), a written statement setting forth the following information for each such item shall be provided:

a.   the identity of the item;

b.   the nature of the item (e.g. letter, memorandum, charts, engineering drawings, etc.);

c.   the identity of each person(s) who received, reviewed or inspected the item including any addressor(s), author, or addressee(s) whether indicated as such or not;

d.   the date of the item;

e.   a description of the subject matter of the item;

f.   the number of pages of the item if it is a document;

g.   the present or past existence of any attachments or appendices to the item and a description of any such attachments or appendices;

h.   all persons to whom the item was distributed, shown, or explained; and

i.   the circumstances of the loss or destruction of the item including the date of destruction or loss, the identity of the person(s) authorizing destruction, and the identity of person(s) destroying the document.

This subpoena duces tecum shall apply to all documents in your possession, custody or control prior to and including the date of the production. If you know of the existence, past or present, of any documents or things requested below, but are unable to produce such items because they are not presently in your possession, custody, or control, you shall so state and shall

5

identify such items and the person(s) who has possession, custody or control of the item(s).

In the event that a request is objected to on the basis that it is overly broad, that portion. of the request that is unobjectionable shall be responded to. In addition, the objection to the request shall specifically identify in what respect or to what extent the objected to request is overly broad.

In the event that a request is objected to as unduly burdensome, that portion of the request that is unobjectionable shall be responded to. In addition, the objection to the request shall specifically identify in what respect or to what extent the objected to request is unduly burdensome.

In the event that a request is objected to as employing a term or phrase that is unclear or ambiguous, a reasonable meaning of the term or phrase should be assumed and the request responded to. In addition, the objection to the request shall specifically state the assumed meaning of the term or phrase objected to and in what respect or to what extent the term or phrase is "unclear or ambiguous."

## DOCUMENT REQUESTS

1.    For each Color Kinetics product and all of Color Kinetics technology, please bring with you any and all documents that evidence or otherwise support Color Kinetics' assertion that "our products and technology do not infringe any valid claim of the [High End] patent" as set for below in the following excerpt from the "Legal Proceedings" Section of the Prospectus, including but not limited to any reports, analyses, legal opinions, emails and relating to or concerning the investigation of the High End Patent:

"We had previously investigated the High End patent and concluded that our products and technology do not infringe any valid claim of the patent. Accordingly, we believe that Super Vision's High End Patent Lawsuit is without merit and intend to defend against it vigorously."

2.   Any and all documents that evidence the time or times at which Color Kinetics made, conducted, or caused to be conducted, an investigation of the High End patent as asserted in the "Legal Proceedings" Section of the Prospectus.

3.   Any and all documents that relate to, or otherwise evidence any Color Kinetics' investigation of the High End patent at any time, or any results or conclusions of any such investigation.

4.   All communications between Color Kinetics, its attorneys or agents and any person or entity (or their respective attorneys or agents) and High End Systems, Inc.

5.   A working specimen of the "Vertigo Light Bar" that you claimed to have invented, manufactured and sold by, through or in connection with Stone Age Technologies, Inc.

6.   All documents relating to your claim of invention, design, manufacture and sale of the "Vertigo Light Bar."

7.   All documents relating to any meeting or communication between you and William Bell.

8.   All documents relating to any communication between you and any other person concerning any meeting or communication between you and William Bell.

9.   All documents relating to any meeting or communication between you and John Lyons.

10.  All documents relating to any communication between you and any other person concerning any meeting or communication between you and John Lyons, whether

7

meeting separately or together with any other person.

11.    All documents relating to any meeting or communication between you and Heather Ring, whether meeting separately or together with any other person.

12.    All documents relating to any communication between you and any other person concerning any meeting or communication between you and Heather Ring.

13.    All documents relating to any meeting or communication between you and Charles Rhodes, whether meeting separately or together with any other person.

14.    All documents relating to any communication between you and any other person concerning any meeting or communication between you and Charles Rhodes.

15.    All documents relating to any meeting or communication between you and Bill Parker, whether meeting separately or together with any other person.

16.    All documents relating to any communication between you and any other person concerning any meeting or communication between you and Bill Parker.

17.    All documents, including lab notes or notebooks, drawings, schematics and research relating to your claim of invention, design, manufacture and patent of the inventions you claim under U.S. Patent No. 6,016,038.

18.    All documents, including lab notes or notebooks, drawings, schematics and research relating to your claim of invention, design, manufacture and patent of the inventions you claim under U.S. Patent No. 6,150,774.

19.    All documents, including lab notes or notebooks, drawings, schematics and research relating to your claim of invention, design, manufacture and patent of the inventions you claim under U.S. Patent No. 6,211,626.

8

20.   All documents, including lab notes or notebooks, drawings, schematics and research relating to your claim of invention, design, manufacture and patent of the inventions you claim under U.S. Patent No. 6,340,868.

21.   All documents, including lab notes or notebooks, drawings, schematics and research relating to your claim of invention, design, manufacture and patent of the inventions you claim under U.S. Patent No. 6,528,954.

22.   All documents and communications between you and Dr. Malvin C. Teich concerning any opinion or review relating to analysis, review or consideration of the '687 Patent in any report or draft report that he has prepared, submitted or signed on behalf of Color Kinetics.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO. 02 CV 11137 MEL

COLOR KINETICS INCORPORATED,

     Plaintiff,

v.

SUPER VISION INTERNATIONAL,
INC.,

     Defendant.

**NOTICE OF TAKING
DEPOSITION**

TO:   Matthew B. Lowrie, Esquire
       Lowrie, Lando & Anastasi, LLP
       Riverfront Office Park
       One Main Street, 11th Floor
       Cambridge, MA  02142

Please take notice that at 9:30 a.m. on Tuesday, April 5, 2005, at the offices of

Ieuan G. Mahony, Holland & Knight LLP, 10 St. James Avenue, Boston,

Massachusetts 02116, the defendant in this action, by its attorney(s), will take the

deposition upon oral examination of **Ihor Lys** pursuant to the applicable provisions

of the Federal Rules of Civil Procedure, before a Notary Public in and for the

Commonwealth of Massachusetts, or before some other officer authorized by law to

administer oaths.  The oral examination will continue from day-to-day until

completed.

You are further required to bring with you the documents described in the

attached Schedule A.

You are invited to attend and cross-examine.

Attorney for Defendant,
Super Vision International, Inc.

Ieuan G. Mahony (BBO #552349)
Holland & Knight, LLP
10 St. James Avenue
Boston, MA 02116
(617) 523-2700


J. Wayne Crosby, Admitted Pro Hac Vice
Florida Bar No. 0133991
J. Wayne Crosby, P.A.
Suite 200
220 North Palmetto Avenue
Orlando, FL 32801
Telephone: (407) 423-9700
Facsimile: (407) 423-9730

Dated: March 25, 2005

# 2722207_v1

## EXHIBIT A TO SUBPOENA DUCES TECUM ISSUED TO IHOR LYS

Please bring with you (or provide to Super Vision's counsel prior to) to your deposition the following documents, all of which may be copied, reviewed and/or discussed during the course of your deposition.

The following definitions and instructions are applicable to this subpoena duces tecum:

## DEFINITIONS

1.    "Document" is used in its broadest sense and means every type of material that is producible under Federal Rule of Civil Procedure 34 including, but not limited to, all forms of recorded information in your actual or constructive possession, custody, care or control, however made or recorded.  The term document specifically excludes any statute or regulation, state or federal, that may affect or relate to any matter that is the subject of this subpoena.  The term document includes each and every draft or version of any such type material, and all copies on which any mark, alteration, writing, attachment or any other change from the original appears.  It includes, by way of example and not by way of limitation:

   a.    letters, correspondence, memoranda, "e-mail" and other electronic communications, voice mail recordings, facsimile or telefax transmissions, telex, telegrams, and any other intra-company and inter-company communications;

   b.    minutes, transcripts, notes or records of meetings, conferences, telephone conversations, and interviews, including lists of persons attending the meetings or conferences;

   c.    calendars, date books, diaries;

1

d.   U.S. or foreign patents, patent applications, provisional applications, continuations, continuations-in-part, divisional, reissues, reexamined applications or patents, utility models, design patents, design applications;

e.   data, test results, laboratory notebooks, engineering or other notebooks, work papers, notes, compilations, tabulations, software, source code, object code;

f.   blueprints, drawings, sketches, schematics, specifications, diagrams, photographs, maps, charts, graphs;

g.   end-user manuals and handbooks, machinery manuals, directions, instruction books;

h.   sales and promotional literature, brochures, press releases, advertisements, pamphlets;

i.   reports, studies, analyses, projections, strategic plans, presentations, books, booklets, texts;

j.   forms, written offers for purchase or sale, purchase agreements, sales agreements, written contracts, licenses, assignments, legal pleadings or filings, deposition transcripts;

k.   ledgers, accounting records, sales and financial information; and

l.   archived records and expired files.

In addition, any document bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof shall be considered a separate document. Attachments to a document are to be considered as part of that document.

2

2.    "Communication" shall mean any writing or any oral conversation of any kind or character, including, by way of example and without limitation, personal conversations, telephone conversations, letters, meetings, memoranda, telegraphic and telex communications or transmittals of documents, and all documents concerning such writing or such oral conversation, specifically including email communications.

3.    The "'687 Patent" shall mean U.S. Patent No. 4,962,687.

4.    "You," "Your," "Color Kinetics," or "Color Kinetics Incorporated" as used herein shall mean George Mueller, Stone Age Technologies, Inc., Color Kinetics Incorporated, a Delaware Corporation, including its predecessors, successors, assigns, parent corporations, affiliates, organizational operating units, and each and every other person directly or indirectly, wholly or in part, owned or controlled by it, and all present or former partners, principals, employees, officers, directors, agents, legal representatives, consultants or other persons acting for or on its behalf.

5.    The "Prospectus" as used herein shall mean Color Kinetics' Final Prospectus (as amended from time to time) filed by Color Kinetics, Incorporated with the U.S. Securities and Exchange Commission and dated June 22, 2004.

6.    "Refer to" and "relate to" mean directly or indirectly, in whole or in part, connected with, commenting on, impinging or impacting upon, affecting, responding to, showing, describing, evidencing, analyzing, reflecting, or constituting.

7.    "Concerning" or "concern" means evidencing, embodying, discussing, disclosing, supporting, refuting, mentioning, describing, constituting, containing, showing, or referring to in any way, either directly or indirectly.

3

8.     "Person(s)" shall be broadly construed to include natural persons or individuals, firms, corporations, joint ventures, partnerships, sole proprietorships, associations, funds, or other organization of individuals or entities.

9.     The words "and" and "or" shall be construed conjunctively or disjunctively to make the request inclusive rather than exclusive.

10.    The past tense shall be construed to include the present tense, and vice versa, to make the request inclusive rather than exclusive.

11.    The singular shall be construed to include the plural, and vice versa, to make the request inclusive rather than exclusive.

## INSTRUCTIONS

If you claim any privilege as to any document covered by subpoena duces tecum, please identify and provide information for each such document in accordance with the requirements of Federal Rule of Civil Procedure 26(b)(5), including, but not limited to, the following information for each document:

a.     the reason(s) for withholding;

b.     the date of the document;

c.     identification of each person who wrote, drafted, or assisted in the preparation of the document;

d.     identification of each person who has received or had access to the document or copies thereof or to whom any portion of the content has been communicated; and

e.     a brief description of the nature and subject matter of the document.

In the event that any document or thing or portion thereof called for by this set of

Requests is known to have been lost or destroyed (either as a result of a document destruction policy or otherwise), a written statement setting forth the following information for each such item shall be provided:

a.  the identity of the item;

b.  the nature of the item (e.g. letter, memorandum, charts, engineering drawings, etc.);

c.  the identity of each person(s) who received, reviewed or inspected the item including any addressor(s), author, or addressee(s) whether indicated as such or not;

d.  the date of the item;

e.  a description of the subject matter of the item;

f.  the number of pages of the item if it is a document;

g.  the present or past existence of any attachments or appendices to the item and a description of any such attachments or appendices;

h.  all persons to whom the item was distributed, shown, or explained; and

i.  the circumstances of the loss or destruction of the item including the date of destruction or loss, the identity of the person(s) authorizing destruction, and the identity of person(s) destroying the document.

This subpoena duces tecum shall apply to all documents in your possession, custody or control prior to and including the date of the production. If you know of the existence, past or present, of any documents or things requested below, but are unable to produce such items because they are not presently in your possession, custody, or control, you shall so state and shall

5

identify such items and the person(s) who has possession, custody or control of the item(s).

In the event that a request is objected to on the basis that it is overly broad, that portion of the request that is unobjectionable shall be responded to. In addition, the objection to the request shall specifically identify in what respect or to what extent the objected to request is overly broad.

In the event that a request is objected to as unduly burdensome, that portion of the request that is unobjectionable shall be responded to. In addition, the objection to the request shall specifically identify in what respect or to what extent the objected to request is unduly burdensome.

In the event that a request is objected to as employing a term or phrase that is unclear or ambiguous, a reasonable meaning of the tern or phrase should be assumed and the request responded to. In addition, the objection to the request shall specifically state the assumed meaning of the term or phrase objected to and in what respect or to what extent the term or phrase is "unclear or ambiguous."

## DOCUMENT REQUESTS

1.   For each Color Kinetics product and all of Color Kinetics technology, please bring with you any and all documents that evidence or otherwise support Color Kinetics' assertion that "our products and technology do not infringe any valid claim of the [High End] patent" as set for below in the following excerpt from the "Legal Proceedings" Section of the Prospectus, including but not limited to any reports, analyses, legal opinions, emails and relating to or concerning the investigation of the High End Patent:

"We had previously investigated the High End patent and concluded that our products and technology do not infringe any valid claim of the patent. Accordingly, we believe that Super Vision's High End Patent Lawsuit is without merit and intend to defend against it vigorously."

2.  Any and all documents that evidence the time or times at which Color Kinetics made, conducted, or caused to be conducted, an investigation of the High End patent as asserted in the "Legal Proceedings" Section of the Prospectus.

3.  Any and all documents that relate to, or otherwise evidence any Color Kinetics' investigation of the High End patent at any time, or any results or conclusions of any such investigation.

4.  All communications between Color Kinetics, its attorneys or agents and any person or entity (or their respective attorneys or agents) and High End Systems, Inc.

5.  A working specimen of the "Vertigo Light Bar" that you claimed to have invented, manufactured and sold by, through or in connection with Stone Age Technologies, Inc.

6.  All documents relating to your claim of invention, design, manufacture and sale of the "Vertigo Light Bar."

7.  All documents relating to any meeting or communication between you and William Bell.

8.  All documents relating to any communication between you and any other person concerning any meeting or communication between you and William Bell.

9.  All documents relating to any meeting or communication between you and John Lyons.

10. All documents relating to any communication between you and any other person concerning any meeting or communication between you and John Lyons, whether

meeting separately or together with any other person.

11.     All documents relating to any meeting or communication between you and Heather Ring, whether meeting separately or together with any other person.

12.     All documents relating to any communication between you and any other person concerning any meeting or communication between you and Heather Ring.

13.     All documents relating to any meeting or communication between you and Charles Rhodes, whether meeting separately or together with any other person.

14.     All documents relating to any communication between you and any other person concerning any meeting or communication between you and Charles Rhodes.

15.     All documents relating to any meeting or communication between you and Bill Parker, whether meeting separately or together with any other person.

16.     All documents relating to any communication between you and any other person concerning any meeting or communication between you and Bill Parker.

17.     All documents, including lab notes or notebooks, drawings, schematics and research relating to your claim of invention, design, manufacture and patent of the inventions you claim under U.S. Patent No. 6,016,038.

18.     All documents, including lab notes or notebooks, drawings, schematics and research relating to your claim of invention, design, manufacture and patent of the inventions you claim under U.S. Patent No. 6,150,774.

19.     All documents, including lab notes or notebooks, drawings, schematics and research relating to your claim of invention, design, manufacture and patent of the inventions you claim under U.S. Patent No. 6,211,626.

8

20.     All documents, including lab notes or notebooks, drawings, schematics and research relating to your claim of invention, design, manufacture and patent of the inventions you claim under U.S. Patent No. 6,340,868.

21.     All documents, including lab notes or notebooks, drawings, schematics and research relating to your claim of invention, design, manufacture and patent of the inventions you claim under U.S. Patent No. 6,528,954.

22.     All documents and communications between you and Dr. Malvin C. Teich concerning any opinion or review relating to analysis, review or consideration of the '687 Patent in any report or draft report that he has prepared, submitted or signed on behalf of Color Kinetics.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO. 02 CV 11137 MEL

COLOR KINETICS INCORPORATED,

    Plaintiff,

v.

SUPER VISION INTERNATIONAL, INC.,

    Defendant.

**DEPOSITION SUBPOENA
F.R.C.P. RULE 30(a) & RULE 45**

A SERIES OF TRUE COPIES, ATTEST

CONSTABLE

**TO:  William Sims
      Color Kinetics Incorporated
      10 Milk Street, Suite 1100
      Boston, MA  02108**

**Greetings:**

YOU ARE HEREBY COMMANDED in the name of the Commonwealth of Massachusetts in accordance with the provisions of Rule 45 of the Federal Rules of Civil Procedure to appear and testify on behalf of defendant, Super Vision International, Inc., before an officer authorized to administer oaths at the offices of Holland & Knight, LLP, 10 St. James Avenue, Boston, Massachusetts 02116 on the 6th day of April, 2005 at 9:30 a.m. and to testify as to your knowledge at the taking of the deposition in the above-entitled action.

Hereof fail not, as failure by any person without adequate cause to obey a subpoena served on him may be deemed to be in contempt of the court in which the action is pending.

Please contact Wayne Crosby, attorney for Super Vision International, Inc., if you have any questions

Attorney for Defendant,
Super Vision International, Inc.

Ieuan G. Mahony (BBO #552349)
Holland & Knight, LLP
10 St. James Avenue
Boston, MA 02116
(617) 523-2700

Notary Public
My Commission Expires

My Commission Expires October 7, 2005

J. Wayne Crosby, Admitted Pro Hac Vice
Florida Bar No. 0133991
J. Wayne Crosby, P.A.
Suite 200
220 North Palmetto Avenue
Orlando, FL  32801
Telephone:  (407) 423-9700
Facsimile:  (407) 423-9730

Dated:  March 25, 2005

# 2721807_v1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO. 02 CV 11137 MEL

COLOR KINETICS INCORPORATED,

     Plaintiff,

v.

SUPER VISION INTERNATIONAL,
INC.,

     Defendant.

**NOTICE OF TAKING
DEPOSITION**

TO:   Matthew B. Lowrie, Esquire
       Lowrie, Lando & Anastasi, LLP
       Riverfront Office Park
       One Main Street, 11th Floor
       Cambridge, MA  02142

Please take notice that at 9:30 a.m. on Wednesday, April 6, 2005, at the

offices of Ieuan G. Mahony, Holland & Knight LLP, 10 St. James Avenue, Boston,

Massachusetts 02116, the defendant in this action, by its attorney(s), will take the

deposition upon oral examination of **William Sims** pursuant to the applicable

provisions of the Federal Rules of Civil Procedure, before a Notary Public in and for

the Commonwealth of Massachusetts, or before some other officer authorized by law

to administer oaths.  The oral examination will continue from day-to-day until

completed.

You are invited to attend and cross-examine.

Attorney for Defendant,
Super Vision International, Inc.

Ieuan G. Mahony (BBO #552349)
Holland & Knight, LLP
10 St. James Avenue
Boston, MA 02116
(617) 523-2700


J. Wayne Crosby, Admitted Pro Hac Vice
Florida Bar No. 0133991
J. Wayne Crosby, P.A.
Suite 200
220 North Palmetto Avenue
Orlando, FL 32801
Telephone: (407) 423-9700
Facsimile: (407) 423-9730

Dated: March 25, 2005

# 2722029_v1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO. 02 CV 11137 MEL

COLOR KINETICS INCORPORATED,

    Plaintiff,

v.

SUPER VISION INTERNATIONAL,
INC.,

    Defendant.

**DEPOSITION SUBPOENA
F.R.C.P. RULE 30(a) & RULE 45**

**TO:** **Kevin Dowling
Color Kinetics Incorporated
10 Milk Street, Suite 1100
Boston, MA 02108**

**Greetings:**

YOU ARE HEREBY COMMANDED in the name of the Commonwealth of
Massachusetts in accordance with the provisions of Rule 45 of the Federal Rules of
Civil Procedure to appear and testify on behalf of defendant, Super Vision
International, Inc., before an officer authorized to administer oaths at the offices of
Holland & Knight, LLP, 10 St. James Avenue, Boston, Massachusetts 02116 on the
7th day of April, 2005 at 9:30 a.m. and to testify as to your knowledge at the taking
of the deposition in the above-entitled action.



A SERIES OF TRUE COPIES, ATTEST

CONSTABLE

Hereof fail not, as failure by any person without adequate cause to obey a subpoena served on him may be deemed to be in contempt of the court in which the action is pending.

Attorney for Defendant,
Super Vision International, Inc.

Ieuan G. Mahony (BBO #552349)
Holland & Knight, LLP
10 St. James Avenue
Boston, MA 02116
(617) 523-2700

_____
Notary Public
My Commission Expires
My Commission Expires October 7, 2005

J. Wayne Crosby, Admitted Pro Hac Vice
Florida Bar No. 0133991
J. Wayne Crosby, P.A.
Suite 200
220 North Palmetto Avenue
Orlando, FL 32801
Telephone: (407) 423-9700
Facsimile: (407) 423-9730

Dated: March 25, 2005

# 2721842_v1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO. 02 CV 11137 MEL

COLOR KINETICS INCORPORATED,

     Plaintiff,

v.

SUPER VISION INTERNATIONAL,
INC.,

     Defendant.

**NOTICE OF TAKING
DEPOSITION**

TO:    Matthew B. Lowrie, Esquire
       Lowrie, Lando & Anastasi, LLP
       Riverfront Office Park
       One Main Street, 11th Floor
       Cambridge, MA  02142

Please take notice that at 9:30 a.m. on Thursday, April 7, 2005, at the offices

of Ieuan G. Mahony, Holland & Knight LLP, 10 St. James Avenue, Boston,

Massachusetts 02116, the defendant in this action, by its attorney(s), will take the

deposition upon oral examination of **Kevin Dowling** pursuant to the applicable

provisions of the Federal Rules of Civil Procedure, before a Notary Public in and for

the Commonwealth of Massachusetts, or before some other officer authorized by law

to administer oaths.  The oral examination will continue from day-to-day until

completed.

You are invited to attend and cross-examine.

Attorney for Defendant,
Super Vision International, Inc.

Ieuan G. Mahony (BBO #552349)
Holland & Knight, LLP
10 St. James Avenue
Boston, MA 02116
(617) 523-2700


J. Wayne Crosby, Admitted Pro Hac Vice
Florida Bar No. 0133991
J. Wayne Crosby, P.A.
Suite 200
220 North Palmetto Avenue
Orlando, FL  32801
Telephone:  (407) 423-9700
Facsimile:   (407) 423-9730

Dated:  March 25, 2005

# 2722093_v1

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

CASE NO. 02 CV 11137 MEL

COLOR KINETICS INCORPORATED,

Plaintiff,

v.

SUPER VISION INTERNATIONAL, INC.,

Defendant.

**DEPOSITION SUBPOENA DUCES TECUM F.R.C.P. RULE 30(a) & RULE 45**

**TO:  Dr. Malvin C. Teich**
**Department of Electrical and Computer Engineering**
**8 St. Mary's Street**
**Boston, MA  02215**

**Greetings:**

YOU ARE HEREBY COMMANDED in the name of the Commonwealth of Massachusetts in accordance with the provisions of Rule 45 of the Federal Rules of Civil Procedure to appear and testify on behalf of defendant, Super Vision International, Inc., before an officer authorized to administer oaths at the offices of Holland & Knight, LLP, 10 St. James Avenue, Boston, Massachusetts 02116 on the 8th day of April, 2005 at 9:30 a.m. and to testify as to your knowledge at the taking of the deposition in the above-entitled action.

You are further commanded to bring with you the documents described in the attached Schedule A.

Attest: A True Copy

*Gerard O'Donnell Godey*

Constable

Hereof fail not, as failure by any person without adequate cause to obey a subpoena served on him may be deemed to be in contempt of the court in which the action is pending.

Attorney for Defendant,
Super Vision International, Inc.

Ieuan G. Mahony (BBO #552349)
Holland & Knight, LLP
10 St. James Avenue
Boston, MA 02116
(617) 523-2700

Notary Public:
My Commission Expires:

*Maria A. Brice*
*Notary Public*
*My Commission Expires*
*December 10, 2010*

J. Wayne Crosby, Admitted Pro Hac Vice
Florida Bar No. 0133991
J. Wayne Crosby, P.A.
Suite 200
220 North Palmetto Avenue
Orlando, FL 32801
Telephone: (407) 423-9700
Facsimile: (407) 423-9730

Dated: March 30, 2005

# 2733841_v1

## EXHIBIT A TO SUBPOENA DUCES TECUM ISSUED TO DR. MALVIN C. TEICH

Please bring with you (or provide to Super Vision's counsel prior to) to your deposition the following documents, all of which may be copied, reviewed and/or discussed during the course of your deposition.

The following definitions and instructions are applicable to this subpoena duces tecum:

### DEFINITIONS

1.  "Document" is used in its broadest sense and means every type of material that is producible under Federal Rule of Civil Procedure 34 including, but not limited to, all forms of recorded information in your actual or constructive possession, custody, care or control, however made or recorded. The term document specifically excludes any statute or regulation, state or federal, that may affect or relate to any matter that is the subject of this subpoena. The term document includes each and every draft or version of any such type material, and all copies on which any mark, alteration, writing, attachment or any other change from the original appears. It includes, by way of example and not by way of limitation:

    a.  letters, correspondence, memoranda, "e-mail" and other electronic communications, voice mail recordings, facsimile or telefax transmissions, telex, telegrams, and any other intra-company and inter-company communications;

    b.  minutes, transcripts, notes or records of meetings, conferences, telephone conversations, and interviews, including lists of persons attending the meetings or conferences;

    c.  calendars, date books, diaries;

1

d. U.S. or foreign patents, patent applications, provisional applications, continuations, continuations-in-part, divisional, reissues, reexamined applications or patents, utility models, design patents, design applications;

e. data, test results, laboratory notebooks, engineering or other notebooks, work papers, notes, compilations, tabulations, software, source code, object code;

f. blueprints, drawings, sketches, schematics, specifications, diagrams, photographs, maps, charts, graphs;

g. end-user manuals and handbooks, machinery manuals, directions, instruction books;

h. sales and promotional literature, brochures, press releases, advertisements, pamphlets;

i. reports, studies, analyses, projections, strategic plans, presentations, books, booklets, texts;

j. forms, written offers for purchase or sale, purchase agreements, sales agreements, written contracts, licenses, assignments, legal pleadings or filings, deposition transcripts;

k. ledgers, accounting records, sales and financial information; and

l. archived records and expired files.

In addition, any document bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof shall be considered a separate document. Attachments to a document are to be considered as part of that document.

2

2.  "Communication" shall mean any writing or any oral conversation of any kind or character, including, by way of example and without limitation, personal conversations, telephone conversations, letters, meetings, memoranda, telegraphic and telex communications or transmittals of documents, and all documents concerning such writing or such oral conversation, specifically including email communications.

3.  The "'687 Patent" shall mean U.S. Patent No. 4,962,687.

4.  "You," or "Your," as used herein shall mean Dr. Malvin C. Teich and his employees, agents, legal representatives, consultants or other persons acting for or on his behalf.

5.  "Refer to" and "relate to" mean directly or indirectly, in whole or in part, connected with, commenting on, impinging or impacting upon, affecting, responding to, showing, describing, evidencing, analyzing, reflecting, or constituting.

6.  "Concerning" or "concern" means evidencing, embodying, discussing, disclosing, supporting, refuting, mentioning, describing, constituting, containing, showing, or referring to in any way, either directly or indirectly.

7.  "Person(s)" shall be broadly construed to include natural persons or individuals, firms, corporations, joint ventures, partnerships, sole proprietorships, associations, funds, or other organization of individuals or entities.

8.  The words "and" and "or" shall be construed conjunctively or disjunctively to make the request inclusive rather than exclusive.

9.  The past tense shall be construed to include the present tense, and vice versa, to make the request inclusive rather than exclusive.

10. The singular shall be construed to include the plural, and vice versa, to make the request

inclusive rather than exclusive.

## INSTRUCTIONS

If you claim any privilege as to any document covered by subpoena duces tecum, please identify and provide information for each such document in accordance with the requirements of Federal Rule of Civil Procedure 26(b)(5), including, but not limited to, the following information for each document:

    a.    the reason(s) for withholding;

    b.    the date of the document;

    c.    identification of each person who wrote, drafted, or assisted in the preparation of the document;

    d.    identification of each person who has received or had access to the document or copies thereof or to whom any portion of the content has been communicated; and

    e.    a brief description of the nature and subject matter of the document.

In the event that any document or thing or portion thereof called for by this set of Requests is known to have been lost or destroyed (either as a result of a document destruction policy or otherwise), a written statement setting forth the following information for each such item shall be provided:

    a.    the identity of the item;

    b.    the nature of the item (e.g. letter, memorandum, charts, engineering drawings, etc.);

    c.    the identity of each person(s) who received, reviewed or inspected the item including any addressor(s), author, or addressee(s) whether indicated as such or

not;

d.     the date of the item;

e.     a description of the subject matter of the item;

f.     the number of pages of the item if it is a document;

g.     the present or past existence of any attachments or appendices to the item and a
       description of any such attachments or appendices;

h.     all persons to whom the item was distributed, shown, or explained; and

i.     the circumstances of the loss or destruction of the item including the date of
       destruction or loss, the identity of the person(s) authorizing destruction, and the
       identity of person(s) destroying the document.

This subpoena duces tecum shall apply to all documents in your possession, custody or
control prior to and including the date of the production. If you know of the existence, past or
present, of any documents or things requested below, but are unable to produce such items
because they are not presently in your possession, custody, or control, you shall so state and shall
identify such items and the person(s) who has possession, custody or control of the item(s).

In the event that a request is objected to on the basis that it is overly broad, that portion
of the request that is unobjectionable shall be responded to. In addition, the objection to the
request shall specifically identify in what respect or to what extent the objected to request is
overly broad.

In the event that a request is objected to as unduly burdensome, that portion of the request
that is unobjectionable shall be responded to. In addition, the objection to the request shall
specifically identify in what respect or to what extent the objected to request is unduly

burdensome.

In the event that a request is objected to as employing a term or phrase that is unclear or ambiguous, a reasonable meaning of the term or phrase should be assumed and the request responded to. In addition, the objection to the request shall specifically state the assumed meaning of the term or phrase objected to and in what respect or to what extent the term or phrase is "unclear or ambiguous."

## DOCUMENT REQUESTS

1.  All notes, documents, and other materials relating to any analysis you conducted that discussed or concerned the '687 patent.

2.  All notes, documents, and other materials that concern the '687 patent, whether or not such notes, documents, or other materials were created by you.

3.  All documents relating to any communications between you and anyone else that concern the '687 patent.

4.  All documents that concern any comparison between the '687 patent and any patents held by Color Kinetics, Inc.

5.  All documents that constitute, evidence, discuss, or relate to any and all reports, draft reports, preliminary reports, rebuttal reports, or other reports that reference the '687 patent.

# 2733757_v1

# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

**CASE NO.: 02 CV 11137 MEL**

**COLOR KINETICS INCORPORATED,**

    **Plaintiff**

**v.**

**SUPER VISION INTERNATIONAL, INC.**

    **Defendant.**

_____/

## NOTICE OF TAKING DEPOSITION
## OF DR. MALVIN C. TEICH

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 30, the Defendant Super Vision International, Inc. will take the deposition of Dr. Malvin C. Teich at the offices of HOLLAND & KNIGHT LLP, Eleventh Floor, 10 St. James Avenue, Boston, MA 02116, beginning at 9:30 a.m. on April 8, 2005. The deposition shall be conducted in accordance with the Federal Rules of Civil Procedure and will continue from day-to-day until completed or until adjournment by the parties. The deposition shall be for all allowable purposes. The deposition may be recorded by videographic and stenographic means.

You are invited to attend and cross-examine.

\* \* \*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy hereof was served by facsimile and by deposit in th U.S. Mail this 28th day of March, 2005 to: Matthew B. Lowrie, Esq., Aaron W. Moore, Esq Lowrie, Lando & Anastasi, LLP, Riverfront Office Park, One Main Street, 11th Floor, Cambridge MA 02142.

J. Wayne Crosby, Esq., Trial Counsel
Florida Bar No. 0133991
J. Wayne Crosby, P.A.
Suite 200
220 North Palmetto Avenue
Orlando, Florida 32801
Telephone:     407-423-9700
Facsimile:     407-423-9730
Counsel for Super Vision International, Inc.

COUNSEL:

Ieuan G. Mahony (BBO #552349)
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA 02116
(617) 523-2700

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SUPER VISION INTERNATIONAL, INC.,

Plaintiff

v.                                                      Civil Action No.:  04-CV-12631 (MEL)

COLOR KINETICS INCORPORATED,

Defendant.

## [PROPOSED] PROTECTIVE ORDER

In light of Color Kinetics' Motion for a Protective Order to Stay Depositions of Color

Kinetics Employees and Dr. Malvin C. Teich, the Court makes the following Order:

1.      The depositions of George Mueller, Ihor Lys, William Sims, and Kevin Dowling

are stayed until after summary judgment is fully briefed and argued in Docket No. 02-11137 and

after this Court has held its Scheduling Conference in this case and a confidentiality order has

been entered.

2.      The deposition of Malvin C Teich is quashed unless and until he is designated an

expert by Color Kinetics and prepares a report in this matter, in which case he may be deposed

by Super Vision during the expert discovery period.

3.      Super Vision may not use this case to seek discovery for the 02-11137 case.


So Ordered


_____

Morris E. Lasker, U.S.D.J.