## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**SUPER VISION INTERNATIONAL, INC.**                    **C.A. No. 04-12631-MEL**

**vs.**

**COLOR KINETICS INC.**
_____//

### SUPER VISION INTERNATIONAL, INC.'S MOTION TO COMPEL DEPOSITIONS OF FOUR COLOR KINETICS' OFFICERS AND DIRECTORS AND DR. MALVIN C. TEICH
### AND
### SUPER VISION'S RESPONSE TO
### COLOR KINETICS' MOTION FOR PROTECTIVE ORDER

### Expedited Hearing and Oral Argument Requested

SUPER VISION INTERNATIONAL, INC., ("Super Vision") hereby moves the Court to issue an order compelling the depositions of George Mueller, Ihor Lys, William Sims and Kevin Dowling, each of whom is a Color Kinetics ("Color Kinetics") officer and/or director, and the deposition of Dr. Malvin C. Teich.  Because of Color Kinetics' flagrant and abusive failures to attend the depositions and to honor the validly served subpoenas, Super Vision also seeks limited sanctions, asking only for its attorneys' fees and costs in bringing this motion.  Because the facts are so interlocked with Color Kinetics' untimely motion for protective order (Dkt. 58), Super Vision also submits this as its response and opposition to Dkt. 58.

Because Color Kinetics' untimely motion for protective order has already dealt with all of the issues presented herein, Super Vision respectfully requests the Court to give this motion expedited consideration, and if required, expedited hearing and argument.  To do otherwise would be to grant Color Kinetics the relief to which it is not entitled.

### GROUNDS FOR THE MOTION

This motion is not grounded on a discovery dispute. The facts and the law underlying this motion are not in dispute. It is grounded on Color Kinetics' knowing, intentional, wilful and wrongful decisions to ignore subpoenas in two cases, to refuse service of deposition notices and subpoenas in one of those cases, to fail to appear at noticed and subpoenaed depositions in two cases, and to attempt to subvert Super Vision's right to discovery in two cases.

In this case, Super Vision properly served notices and amended notices of depositions and subpoenas for the depositions of four Color Kinetics officers and/or directors, pursuant to Fed.R.Civ.P. 30(b)(1). Although not necessary under Rule 30, Super Vision also served subpoenas on the four named deponents, with service being accepted for each of them by Color Kinetics' general counsel.

Each of the Color Kinetics' officers and/or directors refused to attend depositions and to honor the validly served subpoenas. In addition, Super Vision properly served notice and a subpoena (although the subpoena was not required under the rules) for the deposition of Dr. Malvin C. Teich. Dr. Teich also refused to attend and to honor the validly served subpoena.

Presumably on instruction of counsel, Color Kinetics simply stonewalled Super Vision's right to depose the named deponents. Color Kinetics did not seek or obtain a protective order prior to the dates for the respective depositions. Color Kinetics did not attempt to negotiate a mutually agreeable schedule. Color Kinetics arrogantly refused to comply with notices and subpoenas, and did not seek any relief that it may have asserted under the federal rules of civil procedure. Color Kinetics unilaterally decided to invent its own rules, contrary to law.

Color Kinetics has now chosen twice, in two different cases, to rely on its own authority rather than the authority of the court. Color Kinetics cannot "refuse" service, any more than it can

"refuse" to comply with a noticed and subpoenaed deposition.

Why would Color Kinetics do that? The answer is now obvious. Super Vision filed a motion for summary judgment in Case No. 02-cv-11137-MEL. (the "11137 Case," at Dkt. 122). Super Vision's motion included the declarations of a number of people who cited specific facts that clearly establish prior art that invalidates the patents-in-suit in that case, and the fraud perpetrated by Color Kinetics, George Mueller and Ihor Lys, its founders. _Astoundingly, Color Kinetics did not file a single declaration, affidavit or any citation to the record that disputes any of the facts set out in Super Vision's motion for summary judgment_. Super Vision's facts must therefore be taken as true. Because those facts are true, Color Kinetics will do almost anything to avoid having its own officers and/or directors testify as to any issues in this, or the "1137 Case." Super Vision's supporting declarations specifically named Messrs. Mueller and Lys as knowing actors who wrongfully used the prior art of others, and knowledge in the common domain, yet neither of them could provide countering declarations or affidavits. Color Kinetics' withheld evidence must be so injurious to its case (in both cases) that Color Kinetics will risk the sanctions inherent in its action. No other explanation is plausible.

Super Vision has no alternative other than to ask the court to issue an order compelling each of the depositions of the four individuals and Dr. Teich. Because of Color Kinetics' flagrant actions, Super Vision also asks only for its attorneys' fees and costs in bringing this motion.

## SUPER VISION VALIDLY SERVED NOTICES OF DEPOSITION AND SUBPOENAS

On March 16, 2005, Super Vision properly served notices for the depositions of four Color Kinetics' officers and/or directors, namely George Mueller, Ihor Lys, William Sims and Kevin Dowling, to begin on Tuesday, March 29, 2005, and continuing in that order on each succeeding day

for each named deponent.  (Copies of the four notices are attached as composite Exhibit A).  Color Kinetics' counsel apparently had conflicting schedules. (March 21 email, attached at Exhibit B). To accommodate counsel's schedule, on March 21, 2005, Super Vision then served Amended Notices of Deposition for the same officers and/or directors, to begin on Tuesday, April 4, 2005, and continuing in that order on each succeeding day for each named deponent.  Copies of the four amended notices are attached as composite Exhibit C.  Copies of the subpoenas duces tecum and accompanying notices are attached as composite Exhibit D.[1]  Burton M. Malkofsky's return of service is attached to each of the respective documents, indicating service on March 28, 2005, accepted by "Mr. Ed Nortrup, General Counsel and Agent."

On March 25, 2005, Color Kinetics' counsel again stated that Color Kinetics would not honor either the notices or the subpoenas.  (Moore Letter dated March 25, 2005, attached at Exhibit E).

Copies of Dr. Teich's notice of deposition, subpoena and return of service are attached at Exhibit F.  Dr. Teich was served on March 31, 2005.

On April 7, 2005, after the times for depositions of Messrs. Mueller, Lys, Sims and Dowling, and the day before the deposition of Dr. Teich, Color Kinetics finally filed a purported motion for protective order, which it had no right to do.  (Dkt. 58).  On the evening of April 7, 2005, Color Kinetics also faxed and untimely asserted certain objections to Dr. Teich's production of documents required the next day at his deposition.  (Moore letter dated April 7, 2005, attached at Exhibit G).

## WHY SANCTIONS ARE NECESSARY

---

[1]The subpoenas inadvertently cited the "11137 Case," which Color Kinetics has obviously acknowledged and accepted as a scrivener's error, untimely filing for relief in this case, and not the "11137 Case."

**This is the Second Case in Which Color Kinetics Refused
to Honor Service of Subpoenas and Rule 30 Notices of Deposition**

In the "11137 Case," Color Kinetics also unilaterally refused to appear at depositions and to honor subpoenas that were issued for appearance. On March 31, 2005, having no alternative, Super Vision filed a motion to compel the depositions noticed in that case, also. (*See* Dkt. 145, Case No. 02-CV-11137-MEL). In that case, pursuant to Fed.R.Civ.P. 30(b)(1) and 30(b)(6), Super Vision served notice of the depositions of Color Kinetics officer and/or director witnesses pursuant to notices of deposition issued January 13, 2005, and subpoenas that Super Vision attempted to serve on January 14, 2005.

Color Kinetics's counsel refused to accept service of the notices. "We will not produce the witnesses." (Matthew B. Lowrie, at Deposition of Brett Kingstone dated January 14, 2005, p. 3, ll. 14, excerpts attached at Dkt. 145, Exhibit F). "We are not accepting the notices of depositions of individuals, nor are we accepting subpoenas on their behalf." *Id.,* ll. 19 - 21.

Most egregiously, Color Kinetics interfered with service of subpoenas for deposition on those same persons, effectively and illegally obstructing justice. On January 14, 2005, at 1:50 p.m., Constable David G. Bedugnis, Sr. went to Color Kinetics's offices at 10 Milk Street in Boston to serve subpoenas for deposition on George Mueller, Ihor Lys, William Sims and Kevin Dowling. (*See* Affidavit of Constable David G. Bedugnis, Sr., dated January 14, 2005, attached at Dkt. 145, Exhibit G). Color Kinetics also refused to allow Super Vision to take the depositions of Color Kinetics's two expert witnesses. Disingenuously, Color Kinetics later claimed to be willing to co-operate with Super Vision to provide that discovery. (Aaron Moore, at Deposition of Albert J. Knipling dated January 18, 2005, p. 154, l. 1 - p. 155, l. 25, excerpts attached at Dkt. 145, Exhibit H).

Color Kinetics has shown its willingness to flaunt the law and procedure, establishing its own rules. This has happened not just in one case, but now two. Color Kinetics has violated the law, failed to seek remedial action that it may have had, and simply thumbs its nose at the court and its obligations to comport with the same rules that are applicable to all litigants.

In addition, Super Vision must also file a motion to compel Color Kinetics' production of documents, which it has failed to do since November, 2003, under two separate requests for production, and despite numerous efforts by Super Vision to amicably get Color Kinetics to comply. Super Vision will file that separate motion to compel production as soon as possible following this motion.

## ARGUMENT AND LEGAL MEMORANDUM

### The Notices and Subpoenas

Super Vision noticed the depositions of specific Color Kinetics officers, directors and/or managing agents. There is no question that each of the named individuals is a proper subject for a Rule 30(b)(1) notice of deposition, each being an officer and/or director of a party to this litigation. Fed.R.Civ.P. 30(b)(1). Color Kinetics's website announces that Mr. Mueller is the Chairman and CEO, Mr. Lys is the Chief Technology Officer, Mr. Sims is the President and COO, and Mr. Dowling is the VP of Strategic Technologies. (*See* Exhibit H, attached hereto.).

Super Vision's notice of the depositions of the named persons was sufficient to require the Color Kinetics officers, directors or managing agents to attend, even without a subpoena. *See Continental Federal Sav. and Loan Ass'n v. Delta Corp. of America,* 71 F.R.D. 697, 699 (W.D. Okl. 1976); *see also* Wright & Miller, Federal Practice and Procedure: Civil § 2107.

The District of Massachusetts settled this issue a long time ago, stating that "A party seeking

to take the deposition of a corporation has two choices.   The first choice is to notice the deposition

of the corporation by a particular officer, director, or managing agent pursuant to Rule 30(b)(1),

F.R.Civ.P.   At such a deposition, the testimony is of the corporation and if the corporation is a party,

the testimony may be used at trial by an adverse party for any purpose.  Rule 32(a)(2), F.R.Civ.P."

*GTE Products Corp. v. Gee* 115 F.R.D. 67, 68 (D.Mass., 1987).[2]  In *GTE,* the facts indicated that

none of the named persons were officers, directors or managing agents, which is clearly not the case

here.

## Color Kinetics Failed to Appear Under Valid Notices and Subpoenas

Now for the second time, in a second case, Color Kinetics's officers' failures to appear for

their depositions were more than intentional, they were wilful, and "a direct flaunting of the

authority of the court." *Pioche Mines Consolidated, Inc. v. Dolman,* 333 F.2d 257, 269 (9th

Cir.1964), *cert. denied,* 380 U.S. 956, 85 S.Ct. 1081, 1082, 13 L.Ed. 2d 972 (1965).  Even after

service of the *notices* on Color Kinetics' counsel of record, Color Kinetics' General Counsel

accepted service of the *subpoenas* for each of the named officers and/or directors.  Color Kinetics

falsely stated that subpoenas "were all left at the reception desk at Color Kinetics' place of

business."  (Dkt. 58, p. 5).  The returns of service clearly indicate that Color Kinetics' general

counsel, Ed Nortrup, accepted service for each of them as general counsel and agent.  (Composite

Ex. D).

 Color Kinetics refused to allow its officers to appear at the depositions, and failed to ask the court

for any remedial relief.

---

[2]A deposition of the corporation seeking stated information without naming a specific
person is provided for under Fed.R.Civ.P. 30(b)(6).

Color Kinetics did not even file for a protective order under Fed.R.Civ.P. 26(c), and it has now lost the opportunity to object to the depositions. Even filing a motion for protective order is insufficient to prevent the depositions.[3] "The notion that a party is not required to appear at a deposition if he has filed a motion for a protective order is erroneous. *See Federal Aviation Administration v. Landy,* 705 F.2d 624, 634-35 (2nd Cir. 1983), *cert. denied,* 464 U.S. 895, 104 S.Ct. 243, 78 L.Ed.2d 232 (1983); *Pioche Mines Consolidated, Inc. v. Dolman,* 333 F.2d 257, 269 (9th Cir.1964), *cert. denied,* 380 U.S. 956, 85 S.Ct. 1081, 1082, 13 L.Ed.2d 972 (1965). The deponent is relieved of appearance only if the order is allowed before the scheduled deposition. *King v. Fidelity Nat. Bank,* 712 F.2d 188, 191 (5th Cir.1983), *cert. denied,* 465 U.S. 1029, 104 S.Ct. 1290, 79 L.Ed.2d 692 (1984). Otherwise the proposed deponent could avoid giving his deposition for an indefinite period of time. *Pioche,* 333 F.2d at 269. 'Under the Rules, it is for the court, not the deponent or his counsel, to relieve him of the duty to appear.' *Id.*"  *In re Lincoln North Associates, Ltd. Partnership,* 163 B.R. 403, 409 (Bkrtcy. D.Mass., 1993).

## COLOR KINETICS ARGUMENTS ARE WITHOUT MERIT

Color Kinetics argues that it is entitled to a protective order, despite the fact that its motion is untimely and that Color Kinetics has established its own authority in place of the court's. Color Kinetics argues that no "new" case scheduling conference has been held between the parties, that the depositions are untimely, that Super Vision seeks testimony that can be used in the "11137 Case," that no protective order is in place between the parties, that each of the subpoenas should be quashed, and that Dr. Teich's "11137 Case" testimony is not relevant to this case. Each of those

_____

[3]Filing a motion for protective order, *after* the fact, is simply another example of Color Kinetics inventing its own rules.

arguments is completely without merit.

**The Record Shows That The Parties Conducted a Case Management Conference.** The parties held a case management conference in writing, as approved by the court in the "11137 Case," and submitted separate proposed case management schedules. Color Kinetics argues that "The depositions also should be delayed for the additional reason that they would be improper under Fed. R. Civ. P. 26(d), as the parties have not conferred under Rule 26(f)." (Dkt. 58, p. 4). The statement is absolutely false. The parties' Joint Statement for Case Scheduling Conference states that "Super Vision International, Inc. and Color Kinetics Incorporated have conferred in writing and respectfully suggest to the Court the following agenda for discussion . . ." (Dkt. 53, p. 1). For Color Kinetics to suggest that a "new" conference has been ordered ignores that fact that *the* case management conference was held. The position is without merit.[4]

**The Depositions are Timely.** Color Kinetics is obviously worried that deposition testimony will negatively impact its position in the "11137 Case." "Color Kinetics requests that the Color Kinetics depositions be stayed until after summary judgment has been fully briefed and argued in the 02-11137 case." (Dkt. 58, p. 5). Either these two cases have nothing to do with each other, or they have everything to do with each other. Color Kinetics previously argued that the two cases involved substantially the same issues, the same facts, the same parties, and that each was interwoven with the other. (See generally, Color Kinetics' Motion to Amend, Dkt. 55, the "11137 Case," attached hereto as Exhibit I). If the cases have nothing to do with each other, then the

---

[4]Significantly, Color Kinetics argued in the "11137 Case" that consolidating this case with the "11137 Case" was in the interests of judicial efficiency, would require only one set of depositions of the same persons, and the issues in this case would minimally impact the case schedule by about two months ("11137 Case," Dkt. 58), but proposed that this case should be extended until at least September, 2006 (Dkt. 53, p. 4).

depositions will have no bearing on summary judgment issues in the "11137 Case." If, however, the cases are inextricably wound together, as Color Kinetics previously argued, then it is very likely that damaging testimony will be forthcoming that will impact Color Kinetics severely in that case.

**The Deposition Testimony *Will* Be Relevant to Issues in the "11137 Case."** Color Kinetics argues for the exclusion of deposition testimony in this case from use in the "11137 Case." Color Kinetics' continuing strategy of attempting to exclude evidence should now be completely transparent. In its Motion for Leave to Amend, (Exhibit I), Color Kinetics argued strongly that substantially the same issues exist, the same parties exist, substantially the same facts exist, and that the cases should be combined in some way. Of course, the deposition testimony will impact the evidence in the "11137 Case," and it is wholly unconscionable for Color Kinetics to ask this court to exclude evidence that Color Kinetics has already admitted is not only relevant, but likely to be *the same*.[5]

**An Operative Confidentiality Agreement/Order Exists Between the Parties.** Color Kinetics argues that no confidentiality order is in place in this case. The parties have operated under a fully negotiated, stipulated and court-ordered confidentiality agreement since October, 2002. ("11137 Case," Dkt. 66). In response to Color Kinetics position on that issue, Super Vision offered and agreed to stipulate to the same confidentiality agreement/order in this case, but Color Kinetics

---

[5]Color Kinetics' improperly cited *United States v. Santiago-Lugo,* 904 F. Supp. 43, 46-48 (D.P.R. 1995). In that case, the District of Puerto Rico held that *ex parte* subpoenas that are wrongfully issued under Rule 45 "are unauthorized and improper mandates forcing third parties under the authority of this court to surrender confidential records ex-parte to the private office of a litigant." Ironically, the District of Puerto Rico's holding supported Super Vision's motion to quash non-party subpoenas at Dkt. 70, pp. 6-7, "11137 Case," when Color Kinetics improperly served *ex parte* non-party subpoenas.

refused.  (*See* Crosby letter dated March 31, 2005 to CK counsel, attached at Ex. J).

**Super Vision Conducted Discovery in the "11137 Case."**  Color Kinetics falsely stated that  these depositions are to "take discovery that Super Vision failed to take during the discovery period of the 02-11137 case . . ."  Super Vison's motion to compel depositions in the "11137 Case" clearly shows that Super Vision properly noticed and served subpoenas for deposition in that case, but Color Kinetics refused to produce witnesses.  In addition, Super Vision's coming motion to compel production of documents will show the court that Color Kinetics has continually played games with its discovery obligations, all to Super Vision's detriment.

**Super Vision Properly Asked For Document Production at the Depositions.**  "The notice to a party deponent may be accompanied by a request made in compliance with Rule 34 for the production of documents and tangible things at the taking of the deposition."  Fed.R.Civ.P. 30(b)(5).  The subpoenas were properly served and authorized by Fed.R.Civ.P. 30(a)(1).  Color Kinetics does not understand that the operation of Rule 45, as it suggests, does not extend to Color Kinetics' own officers and/or directors, or to Dr. Teich, who was properly noticed and subpoenaed for a deposition duces tecum.  Color Kinetics' misleading arguments are directed solely to the use of subpoena power for the production of documents (not depositions) from a non-party, as Color Kinetics previously did.

**Dr. Teich Reviewed And Issued an Opinion on the '687 Patent-in-Suit in this Case.**  Color Kinetics falsely represented that Dr. Teich "at least for now, has no information that bears on this case . . ."  (Dkt. 58, p.3).   In fact, Dr. Teich specifically referred to his review of the '687 Patent.  (Teich Rebuttal, "1137 Case," Dkt. 109, Ex. L, ¶ 25, 26, 31, 32, 34, 35).  To say that Dr. Teich's testimony does not bear on this case, which accuses Color Kinetics of infringing the '687

Patent, is simply and utterly false.

Super Vision may "take the testimony of any person, including a party, by deposition upon oral examination without leave of court, except as provided in paragraph (2). The attendance of witnesses may be compelled by subpoena as provided in Rule 45." Fed.R.Civ.P. 30(a)(1). Color Kinetics appears to take the position that Rule 30 does not apply to Dr. Teich. Color Kinetics' position is not founded.

## CONCLUSION

Super Vision respectfully asks the Court to issue an order compelling the depositions of Messrs. Mueller, Lys, Sims, Dowling and Dr. Teich, to deny Color Kinetics' motion for a protective order, and to cause Color Kinetics to pay Super Vision's attorneys' fees and costs incurred in bringing this motion.

## <u>LOCAL RULE 7.1(A)(2) CERTIFICATION</u>

I hereby certify that I have conferred with opposing counsel and have attempted in good faith to resolve or narrow the issues presented in the motion.

Dated: April 11, 2005                <u>s/ J. Wayne Crosby</u>

Respectfully submitted, this 11th day of April, 2005.

<u>s/ J. Wayne Crosby</u>
J. Wayne Crosby, Esq., Trial Counsel
Florida Bar No. 0133991
J. Wayne Crosby, P.A.
Suite 200
220 North Palmetto Avenue
Orlando, Florida 32801
Telephone:     407-423-9700
Facsimile:     407-423-9730
Counsel for Super Vision International, Inc.

COUNSEL:

Ieuan G. Mahony (BBO #552349)
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA  02116
(617) 523-2700

13

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**SUPER VISION INTERNATIONAL, INC.**                    **C.A. No. 04-12631-RCL**

**vs.**

**COLOR KINETICS INC.**
_____/

## NOTICE OF DEPOSITION GEORGE MUELLER

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 30, the Defendant Super Vision

International, Inc. will take the deposition of George Mueller at the offices of HOLLAND &

KNIGHT LLP, Eleventh Floor, 10 St. James Avenue, Boston, MA  02116, beginning at 9:30 a.m.

on March 29, 2005.  The deposition shall be conducted in accordance with the Federal Rules of Civil

Procedure and will continue from day-to-day until completed or until adjournment by the parties.

The deposition shall be for all allowable purposes.  The deposition may be recorded by videographic

and stenographic means.

You are invited to attend and cross-examine.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy hereof was served by deposit in the U.S. Mail an

acsimile this 16th day of March, 2005 to: Matthew B. Lowrie, Esq., Aaron w. Moore, Esq., Low

ando & Anastasi, LLP, Riverfront Office Park, One Main Street, 11th Floor, Cambridge,

2142.

J. Wayne Crosby, Esq., Trial Counsel
Florida Bar No. 0133991
J. Wayne Crosby, P.A.
Suite 200
220 North Palmetto Avenue
Orlando, Florida 32801
Telephone:    407-423-9700
Facsimile:    407-423-9730
Counsel for Super Vision International, Inc.

COUNSEL:

Ieuan G. Mahony (BBO #552349)
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA  02116
(617) 523-2700

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**SUPER VISION INTERNATIONAL, INC.**                    **C.A. No. 04-12631-RCL**

**vs.**

**COLOR KINETICS INC.**
_____/

## NOTICE OF DEPOSITION IHOR LYS

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ.P. 30, the Defendant Super Vision International, Inc. will take the deposition of Ihor Lys at the offices of HOLLAND & KNIGHT LLP, Eleventh Floor, 10 St. James Avenue, Boston, MA 02116, beginning at 9:30 a.m. on March 30, 2005. The deposition shall be conducted in accordance with the Federal Rules of Civil Procedure and will continue from day-to-day until completed or until adjournment by the parties. The deposition shall be for all allowable purposes. The deposition may be recorded by videographic and stenographic means.

You are invited to attend and cross-examine.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy hereof was served by deposit in the U.S. Mail and by facsimile this 16th day of March, 2005 to: Matthew B. Lowrie, Esq., Aaron w. Moore, Esq., Lowrie, Lando & Anastasi, LLP, Riverfront Office Park, One Main Street, 11th Floor, Cambridge, MA 02142.

J. Wayne Crosby, Esq., Trial Counsel
Florida Bar No. 0133991
J. Wayne Crosby, P.A.
Suite 200
220 North Palmetto Avenue
Orlando, Florida 32801
Telephone:    407-423-9700
Facsimile:    407-423-9730
Counsel for Super Vision International, Inc.

COUNSEL:

Ieuan G. Mahony (BBO #552349)
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA  02116
(617) 523-2700

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS


**SUPER VISION INTERNATIONAL, INC.**                    **C.A. No. 04-12631-RCL**

**vs.**

**COLOR KINETICS INC.**
_____/


## NOTICE OF DEPOSITION WILLIAM SIMS

    PLEASE TAKE NOTICE that pursuant to Fed. R. Civ.P. 30, the Defendant Super Vision

International, Inc. will take the deposition of William Sims at the offices of HOLLAND & KNIGHT

LLP, Eleventh Floor, 10 St. James Avenue, Boston, MA 02116, beginning at 9:30 a.m. on March

31, 2005. The deposition shall be conducted in accordance with the Federal Rules of Civil

Procedure and will continue from day-to-day until completed or until adjournment by the parties.

The deposition shall be for all allowable purposes. The deposition may be recorded by videographic

and stenographic means.

    You are invited to attend and cross-examine.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy hereof was served by deposit in the U.S. Mail and by facsimile this 16th day of March, 2005 to: Matthew B. Lowrie, Esq., Aaron w. Moore, Esq., Lowrie, Lando & Anastasi, LLP, Riverfront Office Park, One Main Street, 11th Floor, Cambridge, MA 02142.

J. Wayne Crosby, Esq., Trial Counsel
Florida Bar No. 0133991
J. Wayne Crosby, P.A.
Suite 200
220 North Palmetto Avenue
Orlando, Florida 32801
Telephone:    407-423-9700
Facsimile:    407-423-9730
Counsel for Super Vision International, Inc.

COUNSEL:

Ieuan G. Mahony (BBO #552349)
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA 02116

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**SUPER VISION INTERNATIONAL, INC.**                    C.A. No. 04-12631-RCL

vs.

**COLOR KINETICS INC.**
_____/

## NOTICE OF DEPOSITION KEVIN DOWLING

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 30, the Defendant Super Vision International, Inc. will take the deposition of Kevin Dowling at the offices of HOLLAND & KNIGHT LLP, Eleventh Floor, 10 St. James Avenue, Boston, MA 02116, beginning at 9:30 a.m. on April 1, 2005. The deposition shall be conducted in accordance with the Federal Rules of Civil Procedure and will continue from day-to-day until completed or until adjournment by the parties. The deposition shall be for all allowable purposes. The deposition may be recorded by videographic and stenographic means.

You are invited to attend and cross-examine.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy hereof was served by deposit in the U.S. Mail an

csimile this 16th day of March, 2005 to:  Matthew B. Lowrie, Esq., Aaron w. Moore, Esq., Lov

ando & Anastasi, LLP, Riverfront Office Park, One Main Street, 11th Floor, Cambridge,

2142.

J. Wayne Crosby, Esq., Trial Counsel
Florida Bar No. 0133991
J. Wayne Crosby, P.A.
Suite 200
220 North Palmetto Avenue
Orlando, Florida 32801
Telephone:     407-423-9700
Facsimile:     407-423-9730
Counsel for Super Vision International, Inc.

COUNSEL:

Ieuan G. Mahony (BBO #552349)
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA  02116
(617) 523-2700

# EXHIBIT B

## J. Wayne Crosby@brickstreetlaw.com

| | |
|---|---|
| **From:** | "Aaron Moore" <AMoore@ll-a.com> |
| **To:** | "J. Wayne Crosby" <jwc@brickstreetlaw.com> |
| **Cc:** | "CK6000" <CK6000@ll-a.com> |
| **Sent:** | Monday, March 21, 2005 10:50 AM |
| **Subject:** | CK Depositions |

Hi Wayne,

We have received your four deposition notices in the High End 04-12631 case.  This is a transparent effort to improperly obtain discovery for use in the 02-11137 case.

There are also a number of additional problems with this proposed discovery.

First, it is our view that discovery cannot be taken in the 04-12631 case at this point because it has been reassigned and there is not yet a scheduling conference even on the calendar. Once Judge Lasker notices a scheduling conference, we can have our meet-and-confer and then discovery may be taken.  Prior to the meet-and-confer, however, discovery would be improper under the Federal and Local Rules.

Second, there is no protective order in the 04-12631 case and we will not agree to make these witnesses available in the absence of one.  We also will not agree to a protective order that does not limit the use of confidential and highly confidential information to that case only.  That was the arrangement the parties agreed to in the 02-11137 case, as reflected in paragraphs 4 and 5 of that Order.

Finally, Matt and I are not available on the days noticed, as we currently have depositions scheduled in another case that week.

For all of these reasons, we will not be producing these witnesses pursuant to the March 16th notices and do not believe them to have been properly noticed (e.g., they were noticed before the discovery period has begun).  After the meet-and-confer, and after the entry of an appropriate protective order, we will certainly make these individuals available at an appropriate time for deposition on topics relevant to the 04-12631 case.

Thanks.

--Aaron

Aaron W. Moore
amoore@ll-a.com
Lowrie, Lando & Anastasi, LLP
Riverfront Office Park
One Main Street - 11th Floor
Cambridge, MA 02142
T +1 (617) 395-7000; F +1 (617) 395-7070; DD +1 (617) 395-7016

Confidentiality Note: This e-mail message and any attachments may contain confidential or privileged information. If you are not the intended recipient, please notify me immediately by replying to this message. Please destroy all copies of this message and any attachments. Thank you.

# EXHIBIT C

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

**SUPER VISION INTERNATIONAL, INC.**                    **C.A. No. 04-12631-RCL**

vs.

**COLOR KINETICS INC.**
_____/

## AMENDED NOTICE OF TAKING DEPOSITION
## OF GEORGE MUELLER

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 30, the Defendant Super Vision

International, Inc. will take the deposition of George Mueller at the offices of HOLLAND &

KNIGHT LLP, Eleventh Floor, 10 St. James Avenue, Boston, MA 02116, beginning at 9:30 a.m.

on April 4, 2005. The deposition shall be conducted in accordance with the Federal Rules of Civil

Procedure and will continue from day-to-day until completed or until adjournment by the parties.

The deposition shall be for all allowable purposes. The deposition may be recorded by videographic

and stenographic means.

You are invited to attend and cross-examine.

\*    \*    \*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy hereof was served by deposit in the U.S. Mail and by facsimile this 21st day of March, 2005 to: Matthew B. Lowrie, Esq., Aaron W. Moore, Esq., Lowrie, Lando & Anastasi, LLP, Riverfront Office Park, One Main Street, 11th Floor, Cambridge, MA 02142.

J. Wayne Crosby, Esq., Trial Counsel
Florida Bar No. 0133991
J. Wayne Crosby, P.A.
Suite 200
220 North Palmetto Avenue
Orlando, Florida 32801
Telephone:    407-423-9700
Facsimile:     407-423-9730
Counsel for Super Vision International, Inc.

COUNSEL:

Ieuan G. Mahony (BBO #552349)
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA  02116
(617) 523-2700

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**SUPER VISION INTERNATIONAL, INC.**                    **C.A. No. 04-12631-RCL**

**vs.**

**COLOR KINETICS INC.**
_____/

## AMENDED NOTICE OF TAKING DEPOSITION
## OF IHOR LYS

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ.P. 30, the Defendant Super Vision

International, Inc. will take the deposition of Ihor Lys at the offices of HOLLAND & KNIGHT April

5, 2005.  The deposition shall be conducted in accordance with the Federal Rules of Civil Procedure

and will continue from day-to-day until completed or until adjournment by the parties.  The

deposition shall be for all allowable purposes.  The deposition may be recorded by videographic and

stenographic means.

You are invited to attend and cross-examine.

\*       \*       \*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy hereof was served by deposit in the U.S. Mail and by facsimile this 21st day of March, 2005 to: Matthew B. Lowrie, Esq., Aaron W. Moore, Esq., Lowrie, Lando & Anastasi, LLP, Riverfront Office Park, One Main Street, 11th Floor, Cambridge, MA 02142.

J. Wayne Crosby, Esq., Trial Counsel
Florida Bar No. 0133991
J. Wayne Crosby, P.A.
Suite 200
220 North Palmetto Avenue
Orlando, Florida 32801
Telephone:    407-423-9700
Facsimile:    407-423-9730
Counsel for Super Vision International, Inc.

COUNSEL:

Ieuan G. Mahony (BBO #552349)
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA  02116
(617) 523-2700

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**SUPER VISION INTERNATIONAL, INC.**                    **C.A. No. 04-12631-RCL**

vs.

**COLOR KINETICS INC.**
_____/

## AMENDED NOTICE OF TAKING DEPOSITION
## OF DEPOSITION WILLIAM SIMS

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ.P. 30, the Defendant Super Vision

International, Inc. will take the deposition of William Sims at the offices of HOLLAND & KNIGHT

LLP, Eleventh Floor, 10 St. James Avenue, Boston, MA 02116, beginning at 9:30 a.m. on April 6,

2005. The deposition shall be conducted in accordance with the Federal Rules of Civil Procedure

and will continue from day-to-day until completed or until adjournment by the parties. The

deposition shall be for all allowable purposes. The deposition may be recorded by videographic and

stenographic means.

You are invited to attend and cross-examine.

*     *     *

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy hereof was served by deposit in the U.S. Mail and by facsimile this 21ˢᵗ day of March, 2005 to: Matthew B. Lowrie, Esq., Aaron w. Moore, Esq., Lowrie, Lando & Anastasi, LLP, Riverfront Office Park, One Main Street, 11ᵗʰ Floor, Cambridge, MA 02142.

J. Wayne Crosby, Esq., Trial Counsel
Florida Bar No. 0133991
J. Wayne Crosby, P.A.
Suite 200
220 North Palmetto Avenue
Orlando, Florida 32801
Telephone:    407-423-9700
Facsimile:    407-423-9730
Counsel for Super Vision International, Inc.

COUNSEL:

Ieuan G. Mahony (BBO #552349)
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA  02116
(617) 523-2700

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SUPER VISION INTERNATIONAL, INC.                    C.A. No. 04-12631-RCL

vs.

COLOR KINETICS INC.
_____/

## AMENDED NOTICE OF TAKING DEPOSITION
## OF KEVIN DOWLING

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 30, the Defendant Super Vision

International, Inc. will take the deposition of Kevin Dowling at the offices of HOLLAND &

KNIGHT LLP, Eleventh Floor, 10 St. James Avenue, Boston, MA 02116, beginning at 9:30 a.m.

on April 7, 2005. The deposition shall be conducted in accordance with the Federal Rules of Civil

Procedure and will continue from day-to-day until completed or until adjournment by the parties.

The deposition shall be for all allowable purposes. The deposition may be recorded by videographic

and stenographic means.

You are invited to attend and cross-examine.

*     *     *

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy hereof was served by deposit in the U.S. Mail and by facsimile this 21st day of March, 2005 to: Matthew B. Lowrie, Esq., Aaron W. Moore, Esq., Lowrie, Lando & Anastasi, LLP, Riverfront Office Park, One Main Street, 11th Floor, Cambridge, MA 02142.

*J. Wayne Crosby*
J. Wayne Crosby, Esq., Trial Counsel
Florida Bar No. 0133991
J. Wayne Crosby, P.A.
Suite 200
220 North Palmetto Avenue
Orlando, Florida 32801
Telephone:    407-423-9700
Facsimile:    407-423-9730
Counsel for Super Vision International, Inc.

COUNSEL:

Ieuan G. Mahony (BBO #552349)
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA 02116
(617) 523-2700

# EXHIBIT D

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO. 02 CV 11137 MEL

COLOR KINETICS INCORPORATED,

     Plaintiff,

v.

SUPER VISION INTERNATIONAL,
INC.,

     Defendant.

**DEPOSITION SUBPOENA
DUCES TECUM
F.R.C.P. RULE 30(a) & RULE 45**

**TO:   George Mueller
Color Kinetics Incorporated
10 Milk Street, Suite 1100
Boston, MA 02108**

**Greetings:**

YOU ARE HEREBY COMMANDED in the name of the Commonwealth of
Massachusetts in accordance with the provisions of Rule 45 of the Federal Rules of
Civil Procedure to appear and testify on behalf of defendant, Super Vision
International, Inc., before an officer authorized to administer oaths at the offices of
Holland & Knight, LLP, 10 St. James Avenue, Boston, Massachusetts 02116 on the
4th day of April, 2005 at 9:30 a.m. and to testify as to your knowledge at the taking
of the deposition in the above-entitled action.

You are further commanded to bring with you the documents described in the
attached Schedule A.

Hereof fail not, as failure by any person without adequate cause to obey a subpoena served on him may be deemed to be in contempt of the court in which the action is pending.

Attorney for Defendant,
Super Vision International, Inc.

Ieuan G. Mahony (BBO #552349)
Holland & Knight, LLP
10 St. James Avenue
Boston, MA 02116
(617) 523-2700

Notary Public
My Commission Expires

My Commission Expires October 7, 2005

J. Wayne Crosby, Admitted Pro Hac Vice
Florida Bar No. 0133991
J. Wayne Crosby, P.A.
Suite 200
220 North Palmetto Avenue
Orlando, FL 32801
Telephone: (407) 423-9700
Facsimile: (407) 423-9730

Dated: March 25, 2005

# 2722016_v1

## EXHIBIT A TO SUBPOENA DUCES TECUM ISSUED TO GEORGE MUELLER

Please bring with you (or provide to Super Vision's counsel prior to) to your deposition the following documents, all of which may be copied, reviewed and/or discussed during the course of your deposition.

The following definitions and instructions are applicable to this subpoena duces tecum:

## DEFINITIONS

1.  "Document" is used in its broadest sense and means every type of material that is producible under Federal Rule of Civil Procedure 34 including, but not limited to, all forms of recorded information in your actual or constructive possession, custody, care or control, however made or recorded. The term document specifically <u>excludes</u> any statute or regulation, state or federal, that may affect or relate to any matter that is the subject of this subpoena. The term document includes each and every draft or version of any such type material, and all copies on which any mark, alteration, writing, attachment or any other change from the original appears. It includes, by way of example and not by way of limitation:

    a.  letters, correspondence, memoranda, "e-mail" and other electronic communications, voice mail recordings, facsimile or telefax transmissions, telex, telegrams, and any other intra-company and inter-company communications;

    b.  minutes, transcripts, notes or records of meetings, conferences, telephone conversations, and interviews, including lists of persons attending the meetings or conferences;

    c.  calendars, date books, diaries;

1

d.      U.S. or foreign patents, patent applications, provisional applications, continuations, continuations-in-part, divisional, reissues, reexamined applications or patents, utility models, design patents, design applications;

e.      data, test results, laboratory notebooks, engineering or other notebooks, work papers, notes, compilations, tabulations, software, source code, object code;

f.      blueprints, drawings, sketches, schematics, specifications, diagrams, photographs, maps, charts, graphs;

g.      end-user manuals and handbooks, machinery manuals, directions, instruction books;

h.      sales and promotional literature, brochures, press releases, advertisements, pamphlets;

i.      reports, studies, analyses, projections, strategic plans, presentations, books, booklets, texts;

j.      forms, written offers for purchase or sale, purchase agreements, sales agreements, written contracts, licenses, assignments, legal pleadings or filings, deposition transcripts;

k.      ledgers, accounting records, sales and financial information; and

l.      archived records and expired files.

In addition, any document bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof shall be considered a separate document. Attachments to a document are to be considered as part of that document.

2

2.   "Communication" shall mean any writing or any oral conversation of any kind or character, including, by way of example and without limitation, personal conversations, telephone conversations, letters, meetings, memoranda, telegraphic and telex communications or transmittals of documents, and all documents concerning such writing or such oral conversation, specifically including email communications.

3.   The "'687 Patent" shall mean U.S. Patent No. 4,962,687.

4.   "You," "Your," "Color Kinetics," or "Color Kinetics Incorporated" as used herein shall mean George Mueller, Stone Age Technologies, Inc., Color Kinetics Incorporated, a Delaware Corporation, including its predecessors, successors, assigns, parent corporations, affiliates, organizational operating units, and each and every other person directly or indirectly, wholly or in part, owned or controlled by it, and all present or former partners, principals, employees, officers, directors, agents, legal representatives, consultants or other persons acting for or on its behalf.

5.   The "Prospectus"  as used herein shall mean Color Kinetics' Final Prospectus (as amended from time to time) filed by Color Kinetics, Incorporated with the U.S. Securities and Exchange Commission and dated June 22, 2004.

6.   "Refer to" and "relate to" mean directly or indirectly, in whole or in part, connected with, commenting on, impinging or impacting upon, affecting, responding to, showing, describing, evidencing, analyzing, reflecting, or constituting.

7.   "Concerning" or "concern" means evidencing, embodying, discussing, disclosing, supporting, refuting, mentioning, describing, constituting, containing, showing, or referring to in any way, either directly or indirectly.

3

8.      "Person(s)" shall be broadly construed to include natural persons or individuals, firms, corporations, joint ventures, partnerships, sole proprietorships, associations, funds, or other organization of individuals or entities.

9.      The words "and" and "or" shall be construed conjunctively or disjunctively to make the request inclusive rather than exclusive.

10.     The past tense shall be construed to include the present tense, and vice versa, to make the request inclusive rather than exclusive.

11.     The singular shall be construed to include the plural, and vice versa, to make the request inclusive rather than exclusive.

## INSTRUCTIONS

If you claim any privilege as to any document covered by subpoena duces tecum, please identify and provide information for each such document in accordance with the requirements of Federal Rule of Civil Procedure 26(b)(5), including, but not limited to, the following information for each document:

      a.      the reason(s) for withholding;

      b.      the date of the document;

      c.      identification of each person who wrote, drafted, or assisted in the preparation of the document;

      d.      identification of each person who has received or had access to the document or copies thereof or to whom any portion of the content has been communicated; and

      e.      a brief description of the nature and subject matter of the document.

In the event that any document or thing or portion thereof called for by this set of

Requests is known to have been lost or destroyed (either as a result of a document destruction policy or otherwise), a written statement setting forth the following information for each such item shall be provided:

    a.      the identity of the item;

    b.      the nature of the item (e.g. letter, memorandum, charts, engineering drawings, etc.);

    c.      the identity of each person(s) who received, reviewed or inspected the item including any addressor(s), author, or addressee(s) whether indicated as such or not;

    d.      the date of the item;

    e.      a description of the subject matter of the item;

    f.      the number of pages of the item if it is a document;

    g.      the present or past existence of any attachments or appendices to the item and a description of any such attachments or appendices;

    h.      all persons to whom the item was distributed, shown, or explained; and

    i.      the circumstances of the loss or destruction of the item including the date of destruction or loss, the identity of the person(s) authorizing destruction, and the identity of person(s) destroying the document.

This subpoena duces tecum shall apply to all documents in your possession, custody or control prior to and including the date of the production. If you know of the existence, past or present, of any documents or things requested below, but are unable to produce such items because they are not presently in your possession, custody, or control, you shall so state and shall

identify such items and the person(s) who has possession, custody or control of the item(s).

In the event that a request is objected to on the basis that it is overly broad, that portion of the request that is unobjectionable shall be responded to. In addition, the objection to the request shall specifically identify in what respect or to what extent the objected to request is overly broad.

In the event that a request is objected to as unduly burdensome, that portion of the request that is unobjectionable shall be responded to. In addition, the objection to the request shall specifically identify in what respect or to what extent the objected to request is unduly burdensome.

In the event that a request is objected to as employing a term or phrase that is unclear or ambiguous, a reasonable meaning of the tern or phrase should be assumed and the request responded to. In addition, the objection to the request shall specifically state the assumed meaning of the term or phrase objected to and in what respect or to what extent the term or phrase is "unclear or ambiguous."

## DOCUMENT REQUESTS

1.    For each Color Kinetics product and all of Color Kinetics technology, please bring with you any and all documents that evidence or otherwise support Color Kinetics' assertion that "our products and technology do not infringe any valid claim of the [High End] patent" as set for below in the following excerpt from the "Legal Proceedings" Section of the Prospectus, including but not limited to any reports, analyses, legal opinions, emails and relating to or concerning the investigation of the High End Patent:

6

"We had previously investigated the High End patent and concluded that our products and technology do not infringe any valid claim of the patent. Accordingly, we believe that Super Vision's High End Patent Lawsuit is without merit and intend to defend against it vigorously."

2.  Any and all documents that evidence the time or times at which Color Kinetics made, conducted, or caused to be conducted, an investigation of the High End patent as asserted in the "Legal Proceedings" Section of the Prospectus.

3.  Any and all documents that relate to, or otherwise evidence any Color Kinetics' investigation of the High End patent at any time, or any results or conclusions of any such investigation.

4.  All communications between Color Kinetics, its attorneys or agents and any person or entity (or their respective attorneys or agents) and High End Systems, Inc.

5.  A working specimen of the "Vertigo Light Bar" that you claimed to have invented, manufactured and sold by, through or in connection with Stone Age Technologies, Inc.

6.  All documents relating to your claim of invention, design, manufacture and sale of the "Vertigo Light Bar."

7.  All documents relating to any meeting or communication between you and William Bell.

8.  All documents relating to any communication between you and any other person concerning any meeting or communication between you and William Bell.

9.  All documents relating to any meeting or communication between you and John Lyons.

10. All documents relating to any communication between you and any other person concerning any meeting or communication between you and John Lyons, whether

7

meeting separately or together with any other person.

11.    All documents relating to any meeting or communication between you and Heather Ring, whether meeting separately or together with any other person.

12.    All documents relating to any communication between you and any other person concerning any meeting or communication between you and Heather Ring.

13.    All documents relating to any meeting or communication between you and Charles Rhodes, whether meeting separately or together with any other person.

14.    All documents relating to any communication between you and any other person concerning any meeting or communication between you and Charles Rhodes.

15.    All documents relating to any meeting or communication between you and Bill Parker, whether meeting separately or together with any other person.

16.    All documents relating to any communication between you and any other person concerning any meeting or communication between you and Bill Parker.

17.    All documents, including lab notes or notebooks, drawings, schematics and research relating to your claim of invention, design, manufacture and patent of the inventions you claim under U.S. Patent No. 6,016,038.

18.    All documents, including lab notes or notebooks, drawings, schematics and research relating to your claim of invention, design, manufacture and patent of the inventions you claim under U.S. Patent No. 6,150,774.

19.    All documents, including lab notes or notebooks, drawings, schematics and research relating to your claim of invention, design, manufacture and patent of the inventions you claim under U.S. Patent No. 6,211,626.

8

20. All documents, including lab notes or notebooks, drawings, schematics and research relating to your claim of invention, design, manufacture and patent of the inventions you claim under U.S. Patent No. 6,340,868.

21. All documents, including lab notes or notebooks, drawings, schematics and research relating to your claim of invention, design, manufacture and patent of the inventions you claim under U.S. Patent No. 6,528,954.

22. All documents and communications between you and Dr. Malvin C. Teich concerning any opinion or review relating to analysis, review or consideration of the '687 Patent in any report or draft report that he has prepared, submitted or signed on behalf of Color Kinetics.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO. 02 CV 11137 MEL

COLOR KINETICS INCORPORATED,

    Plaintiff,

v.

SUPER VISION INTERNATIONAL,
INC.,

    Defendant.

**NOTICE OF TAKING
DEPOSITION**

TO:   Matthew B. Lowrie, Esquire
       Lowrie, Lando & Anastasi, LLP
       Riverfront Office Park
       One Main Street, 11th Floor
       Cambridge, MA  02142

    Please take notice that at 9:30 a.m. on Monday, April 4, 2005, at the offices of

Ieuan G. Mahony, Holland & Knight LLP, 10 St. James Avenue, Boston,

Massachusetts 02116, the defendant in this action, by its attorney(s), will take the

deposition upon oral examination of **George Mueller** pursuant to the applicable

provisions of the Federal Rules of Civil Procedure, before a Notary Public in and for

the Commonwealth of Massachusetts, or before some other officer authorized by law

to administer oaths.  The oral examination will continue from day-to-day until

completed.

    You are further required to bring with you the documents described in the

attached Schedule A.

You are invited to attend and cross-examine.

Attorney for Defendant,
Super Vision International, Inc.

Ieuan G. Mahony (BBO #552349)
Holland & Knight, LLP
10 St. James Avenue
Boston, MA 02116
(617) 523-2700


J. Wayne Crosby, Admitted Pro Hac Vice
Florida Bar No. 0133991
J. Wayne Crosby, P.A.
Suite 200
220 North Palmetto Avenue
Orlando, FL 32801
Telephone:  (407) 423-9700
Facsimile:  (407) 423-9730

Dated:  March 25, 2005

# 2722172_v1

## EXHIBIT A TO SUBPOENA DUCES TECUM ISSUED TO GEORGE MUELLER

Please bring with you (or provide to Super Vision's counsel prior to) to your deposition the following documents, all of which may be copied, reviewed and/or discussed during the course of your deposition.

The following definitions and instructions are applicable to this subpoena duces tecum:

## DEFINITIONS

1.  "Document" is used in its broadest sense and means every type of material that is producible under Federal Rule of Civil Procedure 34 including, but not limited to, all forms of recorded information in your actual or constructive possession, custody, care or control, however made or recorded. The term document specifically <u>excludes</u> any statute or regulation, state or federal, that may affect or relate to any matter that is the subject of this subpoena. The term document includes each and every draft or version of any such type material, and all copies on which any mark, alteration, writing, attachment or any other change from the original appears. It includes, by way of example and not by way of limitation:

    a.  letters, correspondence, memoranda, "e-mail" and other electronic communications, voice mail recordings, facsimile or telefax transmissions, telex, telegrams, and any other intra-company and inter-company communications;

    b.  minutes, transcripts, notes or records of meetings, conferences, telephone conversations, and interviews, including lists of persons attending the meetings or conferences;

    c.  calendars, date books, diaries;

1

    d.     U.S. or foreign patents, patent applications, provisional applications, continuations, continuations-in-part, divisional, reissues, reexamined applications or patents, utility models, design patents, design applications;

    e.     data, test results, laboratory notebooks, engineering or other notebooks, work papers, notes, compilations, tabulations, software, source code, object code;

    f.     blueprints, drawings, sketches, schematics, specifications, diagrams, photographs, maps, charts, graphs;

    g.     end-user manuals and handbooks, machinery manuals, directions, instruction books;

    h.     sales and promotional literature, brochures, press releases, advertisements, pamphlets;

    i.     reports, studies, analyses, projections, strategic plans, presentations, books, booklets, texts;

    j.     forms, written offers for purchase or sale, purchase agreements, sales agreements, written contracts, licenses, assignments, legal pleadings or filings, deposition transcripts;

    k.     ledgers, accounting records, sales and financial information; and

    l.     archived records and expired files.

In addition, any document bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof shall be considered a separate document. Attachments to a document are to be considered as part of that document.

2

2.  "Communication" shall mean any writing or any oral conversation of any kind or character, including, by way of example and without limitation, personal conversations, telephone conversations, letters, meetings, memoranda, telegraphic and telex communications or transmittals of documents, and all documents concerning such writing or such oral conversation, specifically including email communications.

3.  The "'687 Patent" shall mean U.S. Patent No. 4,962,687.

4.  "You," "Your," "Color Kinetics," or "Color Kinetics Incorporated" as used herein shall mean George Mueller, Stone Age Technologies, Inc., Color Kinetics Incorporated, a Delaware Corporation, including its predecessors, successors, assigns, parent corporations, affiliates, organizational operating units, and each and every other person directly or indirectly, wholly or in part, owned or controlled by it, and all present or former partners, principals, employees, officers, directors, agents, legal representatives, consultants or other persons acting for or on its behalf.

5.  The "Prospectus" as used herein shall mean Color Kinetics' Final Prospectus (as amended from time to time) filed by Color Kinetics, Incorporated with the U.S. Securities and Exchange Commission and dated June 22, 2004.

6.  "Refer to" and "relate to" mean directly or indirectly, in whole or in part, connected with, commenting on, impinging or impacting upon, affecting, responding to, showing, describing, evidencing, analyzing, reflecting, or constituting.

7.  "Concerning" or "concern" means evidencing, embodying, discussing, disclosing, supporting, refuting, mentioning, describing, constituting, containing, showing, or referring to in any way, either directly or indirectly.

3

8.     "Person(s)" shall be broadly construed to include natural persons or individuals, firms, corporations, joint ventures, partnerships, sole proprietorships, associations, funds, or other organization of individuals or entities.

9.     The words "and" and "or" shall be construed conjunctively or disjunctively to make the request inclusive rather than exclusive.

10.    The past tense shall be construed to include the present tense, and vice versa, to make the request inclusive rather than exclusive.

11.    The singular shall be construed to include the plural, and vice versa, to make the request inclusive rather than exclusive.

## INSTRUCTIONS

If you claim any privilege as to any document covered by subpoena duces tecum, please identify and provide information for each such document in accordance with the requirements of Federal Rule of Civil Procedure 26(b)(5), including, but not limited to, the following information for each document:

a.     the reason(s) for withholding;

b.     the date of the document;

c.     identification of each person who wrote, drafted, or assisted in the preparation of the document;

d.     identification of each person who has received or had access to the document or copies thereof or to whom any portion of the content has been communicated; and

e.     a brief description of the nature and subject matter of the document.

In the event that any document or thing or portion thereof called for by this set of

4

Requests is known to have been lost or destroyed (either as a result of a document destruction policy or otherwise), a written statement setting forth the following information for each such item shall be provided:

    a.      the identity of the item;

    b.      the nature of the item (e.g. letter, memorandum, charts, engineering drawings, etc.);

    c.      the identity of each person(s) who received, reviewed or inspected the item including any addressor(s), author, or addressee(s) whether indicated as such or not;

    d.      the date of the item;

    e.      a description of the subject matter of the item;

    f.      the number of pages of the item if it is a document;

    g.      the present or past existence of any attachments or appendices to the item and a description of any such attachments or appendices;

    h.      all persons to whom the item was distributed, shown, or explained; and

    i.      the circumstances of the loss or destruction of the item including the date of destruction or loss, the identity of the person(s) authorizing destruction, and the identity of person(s) destroying the document.

This subpoena duces tecum shall apply to all documents in your possession, custody or control prior to and including the date of the production. If you know of the existence, past or present, of any documents or things requested below, but are unable to produce such items because they are not presently in your possession, custody, or control, you shall so state and shall

identify such items and the person(s) who has possession, custody or control of the item(s).

In the event that a request is objected to on the basis that it is overly broad, that portion. of the request that is unobjectionable shall be responded to. In addition, the objection to the request shall specifically identify in what respect or to what extent the objected to request is overly broad.

In the event that a request is objected to as unduly burdensome, that portion of the request that is unobjectionable shall be responded to. In addition, the objection to the request shall specifically identify in what respect or to what extent the objected to request is unduly burdensome.

In the event that a request is objected to as employing a term or phrase that is unclear or ambiguous, a reasonable meaning of the tern or phrase should be assumed and the request responded to.  In addition, the objection to the request shall specifically state the assumed meaning of the term or phrase objected to and in what respect or to what extent the term or phrase is "unclear or ambiguous."

## DOCUMENT REQUESTS

1.    For each Color Kinetics product and all of Color Kinetics technology, please bring with you any and all documents that evidence or otherwise support Color Kinetics' assertion that "our products and technology do not infringe any valid claim of the [High End] patent" as set for below in the following excerpt from the "Legal Proceedings" Section of the Prospectus, including but not limited to any reports, analyses, legal opinions, emails and relating to or concerning the investigation of the High End Patent:

6

"We had previously investigated the High End patent and concluded that our products and technology do not infringe any valid claim of the patent. Accordingly, we believe that Super Vision's High End Patent Lawsuit is without merit and intend to defend against it vigorously."

2.   Any and all documents that evidence the time or times at which Color Kinetics made, conducted, or caused to be conducted, an investigation of the High End patent as asserted in the "Legal Proceedings" Section of the Prospectus.

3.   Any and all documents that relate to, or otherwise evidence any Color Kinetics' investigation of the High End patent at any time, or any results or conclusions of any such investigation.

4.   All communications between Color Kinetics, its attorneys or agents and any person or entity (or their respective attorneys or agents) and High End Systems, Inc.

5.   A working specimen of the "Vertigo Light Bar" that you claimed to have invented, manufactured and sold by, through or in connection with Stone Age Technologies, Inc.

6.   All documents relating to your claim of invention, design, manufacture and sale of the "Vertigo Light Bar."

7.   All documents relating to any meeting or communication between you and William Bell.

8.   All documents relating to any communication between you and any other person concerning any meeting or communication between you and William Bell.

9.   All documents relating to any meeting or communication between you and John Lyons.

10.  All documents relating to any communication between you and any other person concerning any meeting or communication between you and John Lyons, whether

7

meeting separately or together with any other person.

11.    All documents relating to any meeting or communication between you and Heather Ring, whether meeting separately or together with any other person.

12.    All documents relating to any communication between you and any other person concerning any meeting or communication between you and Heather Ring.

13.    All documents relating to any meeting or communication between you and Charles Rhodes, whether meeting separately or together with any other person.

14.    All documents relating to any communication between you and any other person concerning any meeting or communication between you and Charles Rhodes.

15.    All documents relating to any meeting or communication between you and Bill Parker, whether meeting separately or together with any other person.

16.    All documents relating to any communication between you and any other person concerning any meeting or communication between you and Bill Parker.

17.    All documents, including lab notes or notebooks, drawings, schematics and research relating to your claim of invention, design, manufacture and patent of the inventions you claim under U.S. Patent No. 6,016,038.

18.    All documents, including lab notes or notebooks, drawings, schematics and research relating to your claim of invention, design, manufacture and patent of the inventions you claim under U.S. Patent No. 6,150,774.

19.    All documents, including lab notes or notebooks, drawings, schematics and research relating to your claim of invention, design, manufacture and patent of the inventions you claim under U.S. Patent No. 6,211,626.

8

20.    All documents, including lab notes or notebooks, drawings, schematics and research relating to your claim of invention, design, manufacture and patent of the inventions you claim under U.S. Patent No. 6,340,868.

21.    All documents, including lab notes or notebooks, drawings, schematics and research relating to your claim of invention, design, manufacture and patent of the inventions you claim under U.S. Patent No. 6,528,954.

22.    All documents and communications between you and Dr. Malvin C. Teich concerning any opinion or review relating to analysis, review or consideration of the '687 Patent in any report or draft report that he has prepared, submitted or signed on behalf of Color Kinetics.

| **IN HAND** | **MR. ED NORTRUP, OUTSIDE GENERAL COUNSEL AND AGENT** | **RETURN OF SERVICE** (3) |
|---|---|---|

| **RECEIVED BY SERVER** | **DATE**  March 28, 2005 | **PLACE**  Boston, Massachusetts |
|---|---|---|
| **SERVED** | **DATE**  March 28, 2005 | **PLACE**  10 MILK STREET, SUITE 1100, BOSTON  , Massachusetts |

**SERVED ON (NAME)**

GEORGE MUELLER

**FEES TENDERED**
☒ YES ☐ NO AMOUNT $ 42.00
☐ Advanced By Attorney

**SERVED BY**

BURTON M. MALKOFSKY

**TITLE**

Process Server and a Disinterested Person

## STATEMENT OF SERVICE FEES

| | **SERVICE FEE**  $ 50.00 | _____ Trips 1B | **TOTAL**  $ 92.00 |
|---|---|---|---|

## DECLARATION OF SERVER (4)

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____ March 28, 2005 _____
               **Date**

*Burton M. Malkofsky*
**Signature of Server**

One Devonshire Place, Boston, Massachusetts
**Address of Server**

**ADDITIONAL INFORMATION**

PLEASE NOTE THAT IT WAS NECESSARY TO MAKE_____ ATTEMPTS BEFORE MAKING PROPER SERVICE.

| Date | Time | Remarks | FEE |
|---|---|---|---|
| | | | $ _____ |
| | | | $ _____ |
| | | | $ _____ |
| | | | $ _____ |
| | | | $ _____ |
| | | | $ _____ |
| | | **TOTAL** | $ _____ |

(3) As to who may serve a subpoena and the manner of its service see Rule 17(d), Federal Rules of Criminal Procedure, of Rule 45(c), Federal Rules of Civil Procedure.
(4) "fees and mileage need not be tendered to the deponent upon service of a subpoena issued on behalf of the United States or an officer or agency thereof (Rule 45(c), Federal Rules of Civil Procedure; Rule 17(d), Federal Rules of Criminal Procedure) or on behalf of certain indigent parties and criminal defendants who are unable to pay such costs (28 USC 1825, Rule 17(b) Federal Rules of Criminal Procedure)"

| **Suvalle, Jodrey & Associates**  **Massachusetts Constables since 1925** | **One Devonshire Place**  **Boston, MA 02109** | **Telephone # (617) 720-5733**  **Fax #      (617) 720-5737** |
|---|---|---|

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO. 02 CV 11137 MEL

COLOR KINETICS INCORPORATED,

     Plaintiff,

v.

SUPER VISION INTERNATIONAL,
INC.,

     Defendant.

**DEPOSITION SUBPOENA
DUCES TECUM
F.R.C.P. RULE 30(a) & RULE 45**

**TO:** **Ihor Lys
Color Kinetics Incorporated
10 Milk Street, Suite 1100
Boston, MA 02108**

**Greetings:**

YOU ARE HEREBY COMMANDED in the name of the Commonwealth of
Massachusetts in accordance with the provisions of Rule 45 of the Federal Rules of
Civil Procedure to appear and testify on behalf of defendant, Super Vision
International, Inc., before an officer authorized to administer oaths at the offices of
Holland & Knight, LLP, 10 St. James Avenue, Boston, Massachusetts 02116 on the
5th day of April, 2005 at 9:30 a.m. and to testify as to your knowledge at the taking
of the deposition in the above-entitled action.

You are further commanded to bring with you the documents described in the
attached Schedule A.

Hereof fail not, as failure by any person without adequate cause to obey a subpoena served on him may be deemed to be in contempt of the court in which the action is pending.

Attorney for Defendant,
Super Vision International, Inc.

_____
Ieuan G. Mahony (BBO #552349)
Holland & Knight, LLP
10 St. James Avenue
Boston, MA 02116
(617) 523-2700


_____
Notary Public
My Commission Expires

My Commission Expires October 7, 2005


J. Wayne Crosby, Admitted Pro Hac Vice
Florida Bar No. 0133991
J. Wayne Crosby, P.A.
Suite 200
220 North Palmetto Avenue
Orlando, FL  32801
Telephone:  (407) 423-9700
Facsimile:  (407) 423-9730

Dated:  March 25, 2005

# 2721762_v1

## EXHIBIT A TO SUBPOENA DUCES TECUM ISSUED TO IHOR LYS

Please bring with you (or provide to Super Vision's counsel prior to) to your deposition the following documents, all of which may be copied, reviewed and/or discussed during the course of your deposition.

The following definitions and instructions are applicable to this subpoena duces tecum:

## DEFINITIONS

1.    "Document" is used in its broadest sense and means every type of material that is producible under Federal Rule of Civil Procedure 34 including, but not limited to, all forms of recorded information in your actual or constructive possession, custody, care or control, however made or recorded.  The term document specifically excludes any statute or regulation, state or federal, that may affect or relate to any matter that is the subject of this subpoena.  The term document includes each and every draft or version of any such type material, and all copies on which any mark, alteration, writing, attachment or any other change from the original appears.  It includes, by way of example and not by way of limitation:

   a.    letters, correspondence, memoranda, "e-mail" and other electronic communications, voice mail recordings, facsimile or telefax transmissions, telex, telegrams, and any other intra-company and inter-company communications;

   b.    minutes, transcripts, notes or records of meetings, conferences, telephone conversations, and interviews, including lists of persons attending the meetings or conferences;

   c.    calendars, date books, diaries;

1

     d.     U.S. or foreign patents, patent applications, provisional applications, continuations, continuations-in-part, divisional, reissues, reexamined applications or patents, utility models, design patents, design applications;

     e.     data, test results, laboratory notebooks, engineering or other notebooks, work papers, notes, compilations, tabulations, software, source code, object code;

     f.     blueprints, drawings, sketches, schematics, specifications, diagrams, photographs, maps, charts, graphs;

     g.     end-user manuals and handbooks, machinery manuals, directions, instruction books;

     h.     sales and promotional literature, brochures, press releases, advertisements, pamphlets;

     i.     reports, studies, analyses, projections, strategic plans, presentations, books, booklets, texts;

     j.     forms, written offers for purchase or sale, purchase agreements, sales agreements, written contracts, licenses, assignments, legal pleadings or filings, deposition transcripts;

     k.     ledgers, accounting records, sales and financial information; and

     l.     archived records and expired files.

In addition, any document bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof shall be considered a separate document. Attachments to a document are to be considered as part of that document.

2

2.  "Communication" shall mean any writing or any oral conversation of any kind or character, including, by way of example and without limitation, personal conversations, telephone conversations, letters, meetings, memoranda, telegraphic and telex communications or transmittals of documents, and all documents concerning such writing or such oral conversation, specifically including email communications.

3.  The "'687 Patent" shall mean U.S. Patent No. 4,962,687.

4.  "You," "Your," "Color Kinetics," or "Color Kinetics Incorporated" as used herein shall mean George Mueller, Stone Age Technologies, Inc., Color Kinetics Incorporated, a Delaware Corporation, including its predecessors, successors, assigns, parent corporations, affiliates, organizational operating units, and each and every other person directly or indirectly, wholly or in part, owned or controlled by it, and all present or former partners, principals, employees, officers, directors, agents, legal representatives, consultants or other persons acting for or on its behalf.

5.  The "Prospectus" as used herein shall mean Color Kinetics' Final Prospectus (as amended from time to time) filed by Color Kinetics, Incorporated with the U.S. Securities and Exchange Commission and dated June 22, 2004.

6.  "Refer to" and "relate to" mean directly or indirectly, in whole or in part, connected with, commenting on, impinging or impacting upon, affecting, responding to, showing, describing, evidencing, analyzing, reflecting, or constituting.

7.  "Concerning" or "concern" means evidencing, embodying, discussing, disclosing, supporting, refuting, mentioning, describing, constituting, containing, showing, or referring to in any way, either directly or indirectly.

3

8.    "Person(s)" shall be broadly construed to include natural persons or individuals, firms, corporations, joint ventures, partnerships, sole proprietorships, associations, funds, or other organization of individuals or entities.

9.    The words "and" and "or" shall be construed conjunctively or disjunctively to make the request inclusive rather than exclusive.

10.   The past tense shall be construed to include the present tense, and vice versa, to make the request inclusive rather than exclusive.

11.   The singular shall be construed to include the plural, and vice versa, to make the request inclusive rather than exclusive.

## **INSTRUCTIONS**

If you claim any privilege as to any document covered by subpoena duces tecum, please identify and provide information for each such document in accordance with the requirements of Federal Rule of Civil Procedure 26(b)(5), including, but not limited to, the following information for each document:

a.    the reason(s) for withholding;

b.    the date of the document;

c.    identification of each person who wrote, drafted, or assisted in the preparation of the document;

d.    identification of each person who has received or had access to the document or copies thereof or to whom any portion of the content has been communicated; and

e.    a brief description of the nature and subject matter of the document.

In the event that any document or thing or portion thereof called for by this set of

4

Requests is known to have been lost or destroyed (either as a result of a document destruction policy or otherwise), a written statement setting forth the following information for each such item shall be provided:

a.  the identity of the item;

b.  the nature of the item (e.g. letter, memorandum, charts, engineering drawings, etc.);

c.  the identity of each person(s) who received, reviewed or inspected the item including any addressor(s), author, or addressee(s) whether indicated as such or not;

d.  the date of the item;

e.  a description of the subject matter of the item;

f.  the number of pages of the item if it is a document;

g.  the present or past existence of any attachments or appendices to the item and a description of any such attachments or appendices;

h.  all persons to whom the item was distributed, shown, or explained; and

i.  the circumstances of the loss or destruction of the item including the date of destruction or loss, the identity of the person(s) authorizing destruction, and the identity of person(s) destroying the document.

This subpoena duces tecum shall apply to all documents in your possession, custody or control prior to and including the date of the production. If you know of the existence, past or present, of any documents or things requested below, but are unable to produce such items because they are not presently in your possession, custody, or control, you shall so state and shall

5

identify such items and the person(s) who has possession, custody or control of the item(s).

In the event that a request is objected to on the basis that it is overly broad, that portion of the request that is unobjectionable shall be responded to. In addition, the objection to the request shall specifically identify in what respect or to what extent the objected to request is overly broad.

In the event that a request is objected to as unduly burdensome, that portion of the request that is unobjectionable shall be responded to. In addition, the objection to the request shall specifically identify in what respect or to what extent the objected to request is unduly burdensome.

In the event that a request is objected to as employing a term or phrase that is unclear or ambiguous, a reasonable meaning of the tern or phrase should be assumed and the request responded to. In addition, the objection to the request shall specifically state the assumed meaning of the term or phrase objected to and in what respect or to what extent the term or phrase is "unclear or ambiguous."

## DOCUMENT REQUESTS

1.    For each Color Kinetics product and all of Color Kinetics technology, please bring with you any and all documents that evidence or otherwise support Color Kinetics' assertion that "our products and technology do not infringe any valid claim of the [High End] patent" as set for below in the following excerpt from the "Legal Proceedings" Section of the Prospectus, including but not limited to any reports, analyses, legal opinions, emails and relating to or concerning the investigation of the High End Patent:

"We had previously investigated the High End patent and concluded that our products and technology do not infringe any valid claim of the patent. Accordingly, we believe that Super Vision's High End Patent Lawsuit is without merit and intend to defend against it vigorously."

2.    Any and all documents that evidence the time or times at which Color Kinetics made, conducted, or caused to be conducted, an investigation of the High End patent as asserted in the "Legal Proceedings" Section of the Prospectus.

3.    Any and all documents that relate to, or otherwise evidence any Color Kinetics' investigation of the High End patent at any time, or any results or conclusions of any such investigation.

4.    All communications between Color Kinetics, its attorneys or agents and any person or entity (or their respective attorneys or agents) and High End Systems, Inc.

5.    A working specimen of the "Vertigo Light Bar" that you claimed to have invented, manufactured and sold by, through or in connection with Stone Age Technologies, Inc.

6.    All documents relating to your claim of invention, design, manufacture and sale of the "Vertigo Light Bar."

7.    All documents relating to any meeting or communication between you and William Bell.

8.    All documents relating to any communication between you and any other person concerning any meeting or communication between you and William Bell.

9.    All documents relating to any meeting or communication between you and John Lyons.

10.    All documents relating to any communication between you and any other person concerning any meeting or communication between you and John Lyons, whether

7

meeting separately or together with any other person.

11.  All documents relating to any meeting or communication between you and Heather Ring, whether meeting separately or together with any other person.

12.  All documents relating to any communication between you and any other person concerning any meeting or communication between you and Heather Ring.

13.  All documents relating to any meeting or communication between you and Charles Rhodes, whether meeting separately or together with any other person.

14.  All documents relating to any communication between you and any other person concerning any meeting or communication between you and Charles Rhodes.

15.  All documents relating to any meeting or communication between you and Bill Parker, whether meeting separately or together with any other person.

16.  All documents relating to any communication between you and any other person concerning any meeting or communication between you and Bill Parker.

17.  All documents, including lab notes or notebooks, drawings, schematics and research relating to your claim of invention, design, manufacture and patent of the inventions you claim under U.S. Patent No. 6,016,038.

18.  All documents, including lab notes or notebooks, drawings, schematics and research relating to your claim of invention, design, manufacture and patent of the inventions you claim under U.S. Patent No. 6,150,774.

19.  All documents, including lab notes or notebooks, drawings, schematics and research relating to your claim of invention, design, manufacture and patent of the inventions you claim under U.S. Patent No. 6,211,626.

20.     All documents, including lab notes or notebooks, drawings, schematics and research relating to your claim of invention, design, manufacture and patent of the inventions you claim under U.S. Patent No. 6,340,868.

21.     All documents, including lab notes or notebooks, drawings, schematics and research relating to your claim of invention, design, manufacture and patent of the inventions you claim under U.S. Patent No. 6,528,954.

22.     All documents and communications between you and Dr. Malvin C. Teich concerning any opinion or review relating to analysis, review or consideration of the '687 Patent in any report or draft report that he has prepared, submitted or signed on behalf of Color Kinetics.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO. 02 CV 11137 MEL

COLOR KINETICS INCORPORATED,

     Plaintiff,

v.

SUPER VISION INTERNATIONAL,
INC.,

     Defendant.

**NOTICE OF TAKING
DEPOSITION**

TO:    Matthew B. Lowrie, Esquire
       Lowrie, Lando & Anastasi, LLP
       Riverfront Office Park
       One Main Street, 11th Floor
       Cambridge, MA 02142

Please take notice that at 9:30 a.m. on Tuesday, April 5, 2005, at the offices of

Ieuan G. Mahony, Holland & Knight LLP, 10 St. James Avenue, Boston,

Massachusetts 02116, the defendant in this action, by its attorney(s), will take the

deposition upon oral examination of **Ihor Lys** pursuant to the applicable provisions

of the Federal Rules of Civil Procedure, before a Notary Public in and for the

Commonwealth of Massachusetts, or before some other officer authorized by law to

administer oaths.  The oral examination will continue from day-to-day until

completed.

You are further required to bring with you the documents described in the

attached Schedule A.

You are invited to attend and cross-examine.

Attorney for Defendant,
Super Vision International, Inc.


Ieuan G. Mahony (BBO #552349)
Holland & Knight, LLP
10 St. James Avenue
Boston, MA 02116
(617) 523-2700


J. Wayne Crosby, Admitted Pro Hac Vice
Florida Bar No. 0133991
J. Wayne Crosby, P.A.
Suite 200
220 North Palmetto Avenue
Orlando, FL 32801
Telephone: (407) 423-9700
Facsimile: (407) 423-9730

Dated: March 25, 2005

# 2722207_v1

- 2 -

## EXHIBIT A TO SUBPOENA DUCES TECUM ISSUED TO IHOR LYS

Please bring with you (or provide to Super Vision's counsel prior to) to your deposition the following documents, all of which may be copied, reviewed and/or discussed during the course of your deposition.

The following definitions and instructions are applicable to this subpoena duces tecum:

## DEFINITIONS

1.  "Document" is used in its broadest sense and means every type of material that is producible under Federal Rule of Civil Procedure 34 including, but not limited to, all forms of recorded information in your actual or constructive possession, custody, care or control, however made or recorded. The term document specifically <u>excludes</u> any statute or regulation, state or federal, that may affect or relate to any matter that is the subject of this subpoena. The term document includes each and every draft or version of any such type material, and all copies on which any mark, alteration, writing, attachment or any other change from the original appears. It includes, by way of example and not by way of limitation:

    a.   letters, correspondence, memoranda, "e-mail" and other electronic communications, voice mail recordings, facsimile or telefax transmissions, telex, telegrams, and any other intra-company and inter-company communications;

    b.   minutes, transcripts, notes or records of meetings, conferences, telephone conversations, and interviews, including lists of persons attending the meetings or conferences;

    c.   calendars, date books, diaries;

1

d.      U.S. or foreign patents, patent applications, provisional applications, continuations, continuations-in-part, divisional, reissues, reexamined applications or patents, utility models, design patents, design applications;

e.      data, test results, laboratory notebooks, engineering or other notebooks, work papers, notes, compilations, tabulations, software, source code, object code;

f.      blueprints, drawings, sketches, schematics, specifications, diagrams, photographs, maps, charts, graphs;

g.      end-user manuals and handbooks, machinery manuals, directions, instruction books;

h.      sales and promotional literature, brochures, press releases, advertisements, pamphlets;

i.      reports, studies, analyses, projections, strategic plans, presentations, books, booklets, texts;

j.      forms, written offers for purchase or sale, purchase agreements, sales agreements, written contracts, licenses, assignments, legal pleadings or filings, deposition transcripts;

k.      ledgers, accounting records, sales and financial information; and

l.      archived records and expired files.

In addition, any document bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof shall be considered a separate document.   Attachments to a document are to be considered as part of that document.

2

2.    "Communication" shall mean any writing or any oral conversation of any kind or character, including, by way of example and without limitation, personal conversations, telephone conversations, letters, meetings, memoranda, telegraphic and telex communications or transmittals of documents, and all documents concerning such writing or such oral conversation, specifically including email communications.

3.    The "'687 Patent" shall mean U.S. Patent No. 4,962,687.

4.    "You," "Your," "Color Kinetics," or "Color Kinetics Incorporated" as used herein shall mean George Mueller, Stone Age Technologies, Inc., Color Kinetics Incorporated, a Delaware Corporation, including its predecessors, successors, assigns, parent corporations, affiliates, organizational operating units, and each and every other person directly or indirectly, wholly or in part, owned or controlled by it, and all present or former partners, principals, employees, officers, directors, agents, legal representatives, consultants or other persons acting for or on its behalf.

5.    The "Prospectus"  as used herein shall mean Color Kinetics' Final Prospectus (as amended from time to time) filed by Color Kinetics, Incorporated with the U.S. Securities and Exchange Commission and dated June 22, 2004.

6.    "Refer to" and "relate to" mean directly or indirectly, in whole or in part, connected with, commenting on, impinging or impacting upon, affecting, responding to, showing, describing, evidencing, analyzing, reflecting, or constituting.

7.    "Concerning" or "concern" means evidencing, embodying, discussing, disclosing, supporting, refuting, mentioning, describing, constituting, containing, showing, or referring to in any way, either directly or indirectly.

3

8.      "Person(s)" shall be broadly construed to include natural persons or individuals, firms,

corporations, joint ventures, partnerships, sole proprietorships, associations, funds, or

other organization of individuals or entities.

9.      The words "and" and "or" shall be construed conjunctively or disjunctively to make the

request inclusive rather than exclusive.

10.     The past tense shall be construed to include the present tense, and vice versa, to make the

request inclusive rather than exclusive.

11.     The singular shall be construed to include the plural, and vice versa, to make the request

inclusive rather than exclusive.

## INSTRUCTIONS

If you claim any privilege as to any document covered by subpoena duces tecum, please

identify and provide information for each such document in accordance with the requirements of

Federal Rule of Civil Procedure 26(b)(5), including, but not limited to, the following information

for each document:

a.      the reason(s) for withholding;

b.      the date of the document;

c.      identification of each person who wrote, drafted, or assisted in the preparation of

the document;

d.      identification of each person who has received or had access to the document or

copies thereof or to whom any portion of the content has been communicated; and

e.      a brief description of the nature and subject matter of the document.

In the event that any document or thing or portion thereof called for by this set of

4

Requests is known to have been lost or destroyed (either as a result of a document destruction policy or otherwise), a written statement setting forth the following information for each such item shall be provided:

    a.      the identity of the item;

    b.      the nature of the item (e.g. letter, memorandum, charts, engineering drawings, etc.);

    c.      the identity of each person(s) who received, reviewed or inspected the item including any addressor(s), author, or addressee(s) whether indicated as such or not;

    d.      the date of the item;

    e.      a description of the subject matter of the item;

    f.      the number of pages of the item if it is a document;

    g.      the present or past existence of any attachments or appendices to the item and a description of any such attachments or appendices;

    h.      all persons to whom the item was distributed, shown, or explained; and

    i.      the circumstances of the loss or destruction of the item including the date of destruction or loss, the identity of the person(s) authorizing destruction, and the identity of person(s) destroying the document.

This subpoena duces tecum shall apply to all documents in your possession, custody or control prior to and including the date of the production. If you know of the existence, past or present, of any documents or things requested below, but are unable to produce such items because they are not presently in your possession, custody, or control, you shall so state and shall

5

identify such items and the person(s) who has possession, custody or control of the item(s).

In the event that a request is objected to on the basis that it is overly broad, that portion of the request that is unobjectionable shall be responded to. In addition, the objection to the request shall specifically identify in what respect or to what extent the objected to request is overly broad.

In the event that a request is objected to as unduly burdensome, that portion of the request that is unobjectionable shall be responded to. In addition, the objection to the request shall specifically identify in what respect or to what extent the objected to request is unduly burdensome.

In the event that a request is objected to as employing a term or phrase that is unclear or ambiguous, a reasonable meaning of the tern or phrase should be assumed and the request responded to. In addition, the objection to the request shall specifically state the assumed meaning of the term or phrase objected to and in what respect or to what extent the term or phrase is "unclear or ambiguous."

## DOCUMENT REQUESTS

1.  For each Color Kinetics product and all of Color Kinetics technology, please bring with you any and all documents that evidence or otherwise support Color Kinetics' assertion that "our products and technology do not infringe any valid claim of the [High End] patent" as set for below in the following excerpt from the "Legal Proceedings" Section of the Prospectus, including but not limited to any reports, analyses, legal opinions, emails and relating to or concerning the investigation of the High End Patent:

"We had previously investigated the High End patent and concluded that our products and technology do not infringe any valid claim of the patent. Accordingly, we believe that Super Vision's High End Patent Lawsuit is without merit and intend to defend against it vigorously."

2.  Any and all documents that evidence the time or times at which Color Kinetics made, conducted, or caused to be conducted, an investigation of the High End patent as asserted in the "Legal Proceedings" Section of the Prospectus.

3.  Any and all documents that relate to, or otherwise evidence any Color Kinetics' investigation of the High End patent at any time, or any results or conclusions of any such investigation.

4.  All communications between Color Kinetics, its attorneys or agents and any person or entity (or their respective attorneys or agents) and High End Systems, Inc.

5.  A working specimen of the "Vertigo Light Bar" that you claimed to have invented, manufactured and sold by, through or in connection with Stone Age Technologies, Inc.

6.  All documents relating to your claim of invention, design, manufacture and sale of the "Vertigo Light Bar."

7.  All documents relating to any meeting or communication between you and William Bell.

8.  All documents relating to any communication between you and any other person concerning any meeting or communication between you and William Bell.

9.  All documents relating to any meeting or communication between you and John Lyons.

10. All documents relating to any communication between you and any other person concerning any meeting or communication between you and John Lyons, whether

7

meeting separately or together with any other person.

11.   All documents relating to any meeting or communication between you and Heather Ring, whether meeting separately or together with any other person.

12.   All documents relating to any communication between you and any other person concerning any meeting or communication between you and Heather Ring.

13.   All documents relating to any meeting or communication between you and Charles Rhodes, whether meeting separately or together with any other person.

14.   All documents relating to any communication between you and any other person concerning any meeting or communication between you and Charles Rhodes.

15.   All documents relating to any meeting or communication between you and Bill Parker, whether meeting separately or together with any other person.

16.   All documents relating to any communication between you and any other person concerning any meeting or communication between you and Bill Parker.

17.   All documents, including lab notes or notebooks, drawings, schematics and research relating to your claim of invention, design, manufacture and patent of the inventions you claim under U.S. Patent No. 6,016,038.

18.   All documents, including lab notes or notebooks, drawings, schematics and research relating to your claim of invention, design, manufacture and patent of the inventions you claim under U.S. Patent No. 6,150,774.

19.   All documents, including lab notes or notebooks, drawings, schematics and research relating to your claim of invention, design, manufacture and patent of the inventions you claim under U.S. Patent No. 6,211,626.

8

20.    All documents, including lab notes or notebooks, drawings, schematics and research relating to your claim of invention, design, manufacture and patent of the inventions you claim under U.S. Patent No. 6,340,868.

21.    All documents, including lab notes or notebooks, drawings, schematics and research relating to your claim of invention, design, manufacture and patent of the inventions you claim under U.S. Patent No. 6,528,954.

22.    All documents and communications between you and Dr. Malvin C. Teich concerning any opinion or review relating to analysis, review or consideration of the '687 Patent in any report or draft report that he has prepared, submitted or signed on behalf of Color Kinetics.

9

| IN HAND | MR. ED NORTRUP, OUTSIDE GENERAL COUNSEL AND AGENT | RETURN OF SERVICE (3) |
|---|---|---|

| RECEIVED BY SERVER | DATE<br><br>March 28, 2005 | PLACE<br><br>Boston, Massachusetts |
|---|---|---|
| SERVED | DATE<br><br>March 28, 2005 | PLACE<br><br>10 MILK STREET, SUITE 1100, BOSTON      , Massachusetts |

| SERVED ON (NAME)<br><br>IHOR LYS | FEES TENDERED<br>☒  YES  ☐  NO AMOUNT $ ____ 42.00<br>☐  Advanced By Attorney |
|---|---|
| SERVED BY<br><br>BURTON M. MALKOFSKY | TITLE<br><br>Process Server and a Disinterested Person |

## STATEMENT OF SERVICE FEES

| | SERVICE FEE<br><br>$ ____ 20.00 _____ Trips | TOTAL<br><br>$ ____ 62.00 |
|---|---|---|

## DECLARATION OF SERVER (4)

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____ March 28, 2005 _____
Date

Signature of Server    *Burton M Malkofsky*

One Devonshire Place, Boston, Massachusetts
Address of Server

ADDITIONAL INFORMATION
PLEASE NOTE THAT IT WAS NECESSARY TO MAKE_____ ATTEMPTS BEFORE MAKING PROPER SERVICE.

| Date | Time | Remarks | FEE |
|---|---|---|---|
| | | | $ _____ |
| | | | $ _____ |
| | | | $ _____ |
| | | | $ _____ |
| | | | $ _____ |
| | | | $ _____ |
| | | TOTAL | $ _____ |

(3) As to who may serve a subpoena and the manner of its service see Rule 17(d), Federal Rules of Criminal Procedure, of Rule 45(c), Federal Rules of Civil Procedure.
(4) *fees and mileage need not be tendered to the deponent upon service of a subpoena issued on behalf of the United States or an officer or agency thereof (Rule 45(c), Federal Rules of Civil Procedure; Rule 17(d), Federal Rules of Criminal Procedure) or on behalf of certain indigent parties and criminal defendants who are unable to pay such costs (28 USC 1825, Rule 17(b) Federal Rules of Criminal Procedure)*

**Suvalle, Jodrey & Associates**          **One Devonshire Place**          Telephone # (617) 720-5733
**Massachusetts Constables since 1925**   **Boston, MA 02109**              Fax #        (617) 720-5737



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO. 02 CV 11137 MEL

COLOR KINETICS INCORPORATED,

     Plaintiff,

v.

SUPER VISION INTERNATIONAL,
INC.,

     Defendant.

**DEPOSITION SUBPOENA
F.R.C.P. RULE 30(a) & RULE 45**

**TO:** **William Sims
Color Kinetics Incorporated
10 Milk Street, Suite 1100
Boston, MA  02108**

**Greetings:**

YOU ARE HEREBY COMMANDED in the name of the Commonwealth of
Massachusetts in accordance with the provisions of Rule 45 of the Federal Rules of
Civil Procedure to appear and testify on behalf of defendant, Super Vision
International, Inc., before an officer authorized to administer oaths at the offices of
Holland & Knight, LLP, 10 St. James Avenue, Boston, Massachusetts 02116 on the
6th day of April, 2005 at 9:30 a.m. and to testify as to your knowledge at the taking
of the deposition in the above-entitled action.

Hereof fail not, as failure by any person without adequate cause to obey a subpoena
served on him may be deemed to be in contempt of the court in which the action is
pending.

Please contact Wayne Crosby, attorney for Super Vision International, Inc., if you have any questions

Attorney for Defendant,
Super Vision International, Inc.

Ieuan G. Mahony (BBO #552349)
Holland & Knight, LLP
10 St. James Avenue
Boston, MA 02116
(617) 523-2700

Notary Public
My Commission Expires

**My Commission Expires October 7, 2005**

J. Wayne Crosby, Admitted Pro Hac Vice
Florida Bar No. 0133991
J. Wayne Crosby, P.A.
Suite 200
220 North Palmetto Avenue
Orlando, FL 32801
Telephone: (407) 423-9700
Facsimile: (407) 423-9730


Dated: March 25, 2005
# 2721807_v1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO. 02 CV 11137 MEL

COLOR KINETICS INCORPORATED,

     Plaintiff,

v.

SUPER VISION INTERNATIONAL,
INC.,

     Defendant.

**NOTICE OF TAKING
DEPOSITION**

TO:   Matthew B. Lowrie, Esquire
      Lowrie, Lando & Anastasi, LLP
      Riverfront Office Park
      One Main Street, 11th Floor
      Cambridge, MA  02142

Please take notice that at 9:30 a.m. on Wednesday, April 6, 2005, at the

offices of Ieuan G. Mahony, Holland & Knight LLP, 10 St. James Avenue, Boston,

Massachusetts 02116, the defendant in this action, by its attorney(s), will take the

deposition upon oral examination of **William Sims** pursuant to the applicable

provisions of the Federal Rules of Civil Procedure, before a Notary Public in and for

the Commonwealth of Massachusetts, or before some other officer authorized by law

to administer oaths.  The oral examination will continue from day-to-day until

completed.

You are invited to attend and cross-examine.

Attorney for Defendant,
Super Vision International, Inc.

Ieuan G. Mahony (BBO #552349)
Holland & Knight, LLP
10 St. James Avenue
Boston, MA 02116
(617) 523-2700


J. Wayne Crosby, Admitted Pro Hac Vice
Florida Bar No. 0133991
J. Wayne Crosby, P.A.
Suite 200
220 North Palmetto Avenue
Orlando, FL 32801
Telephone: (407) 423-9700
Facsimile: (407) 423-9730

Dated: March 25, 2005

# 2722029_v1

- 2 -

**IN HAND**

MR. ED NORTRUP, OUTSIDE
GENERAL COUNSEL AND AGENT

**RETURN OF SERVICE** (3)

| RECEIVED BY SERVER | DATE March 28, 2005 | PLACE Boston, Massachusetts |
|---|---|---|
| SERVED | DATE March 28, 2005 | PLACE 10 MILK STREET, SUITE 1100, BOSTON , Massachusetts |

| SERVED ON (NAME) WILLIAM SIMS | FEES TENDERED ☒ YES ☐ NO AMOUNT $ 42.00 ☐ Advanced By Attorney |
|---|---|
| SERVED BY BURTON M. MALKOFSKY | TITLE Process Server and a Disinterested Person |

## STATEMENT OF SERVICE FEES

| | SERVICE FEE $ 20.00 _____ Trips | TOTAL $ 62.00 |
|---|---|---|

## DECLARATION OF SERVER (4)

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____March 28, 2005_____
                          Date

_____
Signature of Server

One Devonshire Place, Boston, Massachusetts
Address of Server

**ADDITIONAL INFORMATION**
    PLEASE NOTE THAT IT WAS NECESSARY TO MAKE_____ ATTEMPTS BEFORE MAKING PROPER SERVICE.

| Date | Time | Remarks | | FEE |
|---|---|---|---|---|
| | | | | $ _____ |
| | | | | $ _____ |
| | | | | $ _____ |
| | | | | $ _____ |
| | | | | $ _____ |
| | | | | $ _____ |
| | | | TOTAL | $ _____ |

(3) As to who may serve a subpoena and the manner of its service see Rule 17(d), Federal Rules of Criminal Procedure, of Rule 45(c), Federal Rules of Civil Procedure.
(4) "fees and mileage need not be tendered to the deponent upon service of a subpoena issued on behalf of the United States or an officer or agency thereof (Rule 45(c), Federal Rules of Civil Procedure; Rule 17(d), Federal Rules of Criminal Procedure) or on behalf of certain indigent parties and criminal defendants who are unable to pay such costs (28 USC 1825, Rule 17(b) Federal Rules of Criminal Procedure)"

| **Suvalle, Jodrey & Associates** | **One Devonshire Place** | Telephone # (617) 720-5733 |
|---|---|---|
| **Massachusetts Constables since 1925** | **Boston, MA 02109** | Fax #      (617) 720-5737 |



UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO. 02 CV 11137 MEL

COLOR KINETICS INCORPORATED,

     Plaintiff,

v.

SUPER VISION INTERNATIONAL,
INC.,

     Defendant.

**DEPOSITION SUBPOENA
F.R.C.P. RULE 30(a) & RULE 45**

**TO:  Kevin Dowling
Color Kinetics Incorporated
10 Milk Street, Suite 1100
Boston, MA 02108**

**Greetings:**

YOU ARE HEREBY COMMANDED in the name of the Commonwealth of
Massachusetts in accordance with the provisions of Rule 45 of the Federal Rules of
Civil Procedure to appear and testify on behalf of defendant, Super Vision
International, Inc., before an officer authorized to administer oaths at the offices of
Holland & Knight, LLP, 10 St. James Avenue, Boston, Massachusetts 02116 on the
7th day of April, 2005 at 9:30 a.m. and to testify as to your knowledge at the taking
of the deposition in the above-entitled action.

Hereof fail not, as failure by any person without adequate cause to obey a subpoena served on him may be deemed to be in contempt of the court in which the action is pending.

Attorney for Defendant,
Super Vision International, Inc.

Ieuan G. Mahony (BBO #552349)
Holland & Knight, LLP
10 St. James Avenue
Boston, MA 02116
(617) 523-2700

Notary Public
My Commission Expires

My Commission Expires October 7, 2005

J. Wayne Crosby, Admitted Pro Hac Vice
Florida Bar No. 0133991
J. Wayne Crosby, P.A.
Suite 200
220 North Palmetto Avenue
Orlando, FL  32801
Telephone:  (407) 423-9700
Facsimile:  (407) 423-9730

Dated:  March 25, 2005

# 2721842_v1

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO. 02 CV 11137 MEL

COLOR KINETICS INCORPORATED,

    Plaintiff,

v.

SUPER VISION INTERNATIONAL,
INC.,

    Defendant.

**NOTICE OF TAKING
DEPOSITION**

TO:   Matthew B. Lowrie, Esquire
       Lowrie, Lando & Anastasi, LLP
       Riverfront Office Park
       One Main Street, 11th Floor
       Cambridge, MA  02142

Please take notice that at 9:30 a.m. on Thursday, April 7, 2005, at the offices

of Ieuan G. Mahony, Holland & Knight LLP, 10 St. James Avenue, Boston,

Massachusetts 02116, the defendant in this action, by its attorney(s), will take the

deposition upon oral examination of **Kevin Dowling** pursuant to the applicable

provisions of the Federal Rules of Civil Procedure, before a Notary Public in and for

the Commonwealth of Massachusetts, or before some other officer authorized by law

to administer oaths.  The oral examination will continue from day-to-day until

completed.

You are invited to attend and cross-examine.

Attorney for Defendant,
Super Vision International, Inc.

Ieuan G. Mahony (BBO #552349)
Holland & Knight, LLP
10 St. James Avenue
Boston, MA 02116
(617) 523-2700


J. Wayne Crosby, Admitted Pro Hac Vice
Florida Bar No. 0133991
J. Wayne Crosby, P.A.
Suite 200
220 North Palmetto Avenue
Orlando, FL  32801
Telephone:  (407) 423-9700
Facsimile:   (407) 423-9730

Dated:  March 25, 2005

# 2722093_v1

**IN HAND**
MR. ED NORTRUP, OUTSIDE
GENERAL COUNSEL AND AGENT
**RETURN OF SERVICE** (3)

| RECEIVED BY SERVER | DATE March 28, 2005 | PLACE Boston, Massachusetts |
|---|---|---|
| SERVED | DATE March 28, 2005 | PLACE 10 MILK STREET, SUITE 1100, BOSTON , Massachusetts |

| SERVED ON (NAME) KEVIN DOWLING | FEES TENDERED ☒ YES ☐ NO AMOUNT $ 42.00 ☐ Advanced By Attorney |
|---|---|
| SERVED BY BURTON M. MALKOFSKY | TITLE Process Server and a Disinterested Person |

## STATEMENT OF SERVICE FEES

| | SERVICE FEE $ 20.00 _____ Trips | TOTAL $ 62.00 |
|---|---|---|

## DECLARATION OF SERVER (4)

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____March 28, 2005_____
            **Date**

*Burton M. Malkofsky*
**Signature of Server**

One Devonshire Place, Boston, Massachusetts
**Address of Server**

### ADDITIONAL INFORMATION

PLEASE NOTE THAT IT WAS NECESSARY TO MAKE_____ ATTEMPTS BEFORE MAKING PROPER SERVICE.

| Date | Time | Remarks | | FEE |
|---|---|---|---|---|
| | | | | $ _____ |
| | | | | $ _____ |
| | | | | $ _____ |
| | | | | $ _____ |
| | | | | $ _____ |
| | | | | $ _____ |
| | | | TOTAL | $ _____ |

(3) As to who may serve a subpoena and the manner of its service see Rule 17(d), Federal Rules of Criminal Procedure, of Rule 45(c), Federal Rules of Civil Procedure.
(4) *fees and mileage need not be tendered to the deponent upon service of a subpoena issued on behalf of the United States or an officer or agency thereof (Rule 45(c), Federal Rules of Criminal Procedure; Rule 17(d), Federal Rules of Criminal Procedure) or on behalf of certain indigent parties and criminal defendants who are unable to pay such costs (28 USC 1825, Rule 17(b) Federal Rules of Criminal Procedure)*

| Suvalle, Jodrey & Associates | One Devonshire Place | Telephone # (617) 720-5733 |
|---|---|---|
| Massachusetts Constables since 1925 | Boston, MA 02109 | Fax # (617) 720-5737 |

# EXHIBIT E



LOWRIE, LANDO
&ANASTASI, LLP
*Devoted to Intellectual Property Law*

**Aaron W. Moore**
amoore@ll-a.com
direct dial (617) 395-7016

March 25, 2005

By Facsmile and First Class Mail

J. Wayne Crosby, Esq.
J. Wayne Crosby, P.A.
220 North Palmetto Avenue, Suite 200
Orlando, Florida 32801

CONFIRMATION
OF DOCUMENT
BY FACSIMILE

        Re:    Color Kinetics, Inc. v. Super Vision International, Inc.
               U.S.D.C. Mass. No. 02-CV-11137-MEL
               Our File No.:  C1104-6000

Dear Wayne:

        We have your four revised notices of deposition issued in the 04-12631 case. Our view
of these depositions has not changed. We will not be voluntarily producing any of these
witnesses at this time. We also will not accept any subpoenas, and we will move to quash any
subpoenas that are served.

        You do not even claim in your latest e-mail that you are not trying to take these
depositions to improperly obtain discovery that Super Vision failed to take in the 02-11137 case.
This improper purpose is made abundantly clear by your reference to Dr. Teich, who, at this
time, has absolutely nothing to do with the 04-12631 case. Color Kinetics has not designated
him as an expert in that case, he has not prepared any report in that case, and he obviously is not
a fact witness. The strategy could not be more transparent.

        We will not allow Super Vision to use the 04-12631 case as a device to obtain discovery
in this case months after the close of the discovery period. We do not believe the Judge Lasker
will countenance such tactics either.

        We also still believe that the depositions would be premature under the Rules and
we will not consent to the depositions in the absence of an entered Protective Order in the
04-12631 case. This last point is particularly important because it has become apparent
that, despite Super Vision's vehement complaints about alleged improper disclosures by
us, Super Vision has failed to maintain confidentiality of material that we have

LOWRIE, LANDO
& ANASTASI, LLP
*Devoted to Intellectual Property Law*

J. Wayne Crosby
March 25, 2005
Page 2

designated.  Examples of this include Mr. Kingstone's testimony that he had seen Dr.
Teich's Attorney's Eyes Only Expert Report and Super Vision's inclusion of material
from that report in the Kennedy report that it subsequently disseminated.

Sincerely,

LOWRIE, LANDO & ANASTASI, LLP

Aaron W. Moore

AWM/sg
cc:     Ieuan G. Mahony, Esq.

**EXHIBIT F**

4r

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CASE NO. 02 CV 11137 MEL

COLOR KINETICS INCORPORATED,

      Plaintiff,

v.

SUPER VISION INTERNATIONAL,
INC.,

      Defendant.

**DEPOSITION SUBPOENA
DUCES TECUM
F.R.C.P. RULE 30(a) & RULE 45**

**TO:  Dr. Malvin C. Teich
Department of Electrical and Computer Engineering
8 St. Mary's Street
Boston, MA  02215**

**Greetings:**

YOU ARE HEREBY COMMANDED in the name of the Commonwealth of
Massachusetts in accordance with the provisions of Rule 45 of the Federal Rules of
Civil Procedure to appear and testify on behalf of defendant, Super Vision
International, Inc., before an officer authorized to administer oaths at the offices of
Holland & Knight, LLP, 10 St. James Avenue, Boston, Massachusetts 02116 on the
8th day of April, 2005 at 9:30 a.m. and to testify as to your knowledge at the taking
of the deposition in the above-entitled action.

You are further commanded to bring with you the documents described in the
attached Schedule A.

Hereof fail not, as failure by any person without adequate cause to obey a subpoena served on him may be deemed to be in contempt of the court in which the action is pending.

Attorney for Defendant,
Super Vision International, Inc.

_Ieuan G. Mahony_ (BBO #552349)
Ieuan G. Mahony (BBO #552349)
Holland & Knight, LLP
10 St. James Avenue
Boston, MA 02116
(617) 523-2700

_Maria A. Brice_
          Notary Public:
My Commission Expires:

*Maria A. Brice*
*Notary Public*
*My Commission Expires*
*December 10, 2010*

J. Wayne Crosby, Admitted Pro Hac Vice
Florida Bar No. 0133991
J. Wayne Crosby, P.A.
Suite 200
220 North Palmetto Avenue
Orlando, FL 32801
Telephone: (407) 423-9700
Facsimile: (407) 423-9730

Dated: March 30, 2005

# 2733841_v1

## EXHIBIT A TO SUBPOENA DUCES TECUM ISSUED TO DR. MALVIN C. TEICH

Please bring with you (or provide to Super Vision's counsel prior to) to your deposition the following documents, all of which may be copied, reviewed and/or discussed during the course of your deposition.

The following definitions and instructions are applicable to this subpoena duces tecum:

## DEFINITIONS

1.    "Document" is used in its broadest sense and means every type of material that is producible under Federal Rule of Civil Procedure 34 including, but not limited to, all forms of recorded information in your actual or constructive possession, custody, care or control, however made or recorded.  The term document specifically <u>excludes</u> any statute or regulation, state or federal, that may affect or relate to any matter that is the subject of this subpoena.  The term document includes each and every draft or version of any such type material, and all copies on which any mark, alteration, writing, attachment or any other change from the original appears.  It includes, by way of example and not by way of limitation:

    a.    letters, correspondence, memoranda, "e-mail" and other electronic communications, voice mail recordings, facsimile or telefax transmissions, telex, telegrams, and any other intra-company and inter-company communications;

    b.    minutes, transcripts, notes or records of meetings, conferences, telephone conversations, and interviews, including lists of persons attending the meetings or conferences;

    c.    calendars, date books, diaries;

1

d.  U.S. or foreign patents, patent applications, provisional applications, continuations, continuations-in-part, divisional, reissues, reexamined applications or patents, utility models, design patents, design applications;

e.  data, test results, laboratory notebooks, engineering or other notebooks, work papers, notes, compilations, tabulations, software, source code, object code;

f.  blueprints, drawings, sketches, schematics, specifications, diagrams, photographs, maps, charts, graphs;

g.  end-user manuals and handbooks, machinery manuals, directions, instruction books;

h.  sales and promotional literature, brochures, press releases, advertisements, pamphlets;

i.  reports, studies, analyses, projections, strategic plans, presentations, books, booklets, texts;

j.  forms, written offers for purchase or sale, purchase agreements, sales agreements, written contracts, licenses, assignments, legal pleadings or filings, deposition transcripts;

k.  ledgers, accounting records, sales and financial information; and

l.  archived records and expired files.

In addition, any document bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof shall be considered a separate document. Attachments to a document are to be considered as part of that document.

2

2. "Communication" shall mean any writing or any oral conversation of any kind or character, including, by way of example and without limitation, personal conversations, telephone conversations, letters, meetings, memoranda, telegraphic and telex communications or transmittals of documents, and all documents concerning such writing or such oral conversation, specifically including email communications.

3. The "'687 Patent" shall mean U.S. Patent No. 4,962,687.

4. "You," or "Your," as used herein shall mean Dr. Malvin C. Teich and his employees, agents, legal representatives, consultants or other persons acting for or on his behalf.

5. "Refer to" and "relate to" mean directly or indirectly, in whole or in part, connected with, commenting on, impinging or impacting upon, affecting, responding to, showing, describing, evidencing, analyzing, reflecting, or constituting.

6. "Concerning" or "concern" means evidencing, embodying, discussing, disclosing, supporting, refuting, mentioning, describing, constituting, containing, showing, or referring to in any way, either directly or indirectly.

7. "Person(s)" shall be broadly construed to include natural persons or individuals, firms, corporations, joint ventures, partnerships, sole proprietorships, associations, funds, or other organization of individuals or entities.

8. The words "and" and "or" shall be construed conjunctively or disjunctively to make the request inclusive rather than exclusive.

9. The past tense shall be construed to include the present tense, and vice versa, to make the request inclusive rather than exclusive.

10. The singular shall be construed to include the plural, and vice versa, to make the request

3

inclusive rather than exclusive.

## INSTRUCTIONS

If you claim any privilege as to any document covered by subpoena duces tecum, please identify and provide information for each such document in accordance with the requirements of Federal Rule of Civil Procedure 26(b)(5), including, but not limited to, the following information for each document:

a.    the reason(s) for withholding;

b.    the date of the document;

c.    identification of each person who wrote, drafted, or assisted in the preparation of the document;

d.    identification of each person who has received or had access to the document or copies thereof or to whom any portion of the content has been communicated; and

e.    a brief description of the nature and subject matter of the document.

In the event that any document or thing or portion thereof called for by this set of Requests is known to have been lost or destroyed (either as a result of a document destruction policy or otherwise), a written statement setting forth the following information for each such item shall be provided:

a.    the identity of the item;

b.    the nature of the item (e.g. letter, memorandum, charts, engineering drawings, etc.);

c.    the identity of each person(s) who received, reviewed or inspected the item including any addressor(s), author, or addressee(s) whether indicated as such or

4

not;

d.  the date of the item;

e.  a description of the subject matter of the item;

f.  the number of pages of the item if it is a document;

g.  the present or past existence of any attachments or appendices to the item and a description of any such attachments or appendices;

h.  all persons to whom the item was distributed, shown, or explained; and

i.  the circumstances of the loss or destruction of the item including the date of destruction or loss, the identity of the person(s) authorizing destruction, and the identity of person(s) destroying the document.

This subpoena duces tecum shall apply to all documents in your possession, custody or control prior to and including the date of the production. If you know of the existence, past or present, of any documents or things requested below, but are unable to produce such items because they are not presently in your possession, custody, or control, you shall so state and shall identify such items and the person(s) who has possession, custody or control of the item(s).

In the event that a request is objected to on the basis that it is overly broad, that portion. of the request that is unobjectionable shall be responded to. In addition, the objection to the request shall specifically identify in what respect or to what extent the objected to request is overly broad.

In the event that a request is objected to as unduly burdensome, that portion of the request that is unobjectionable shall be responded to. In addition, the objection to the request shall specifically identify in what respect or to what extent the objected to request is unduly

5

burdensome.

      In the event that a request is objected to as employing a term or phrase that is unclear or ambiguous, a reasonable meaning of the term or phrase should be assumed and the request responded to.  In addition, the objection to the request shall specifically state the assumed meaning of the term or phrase objected to and in what respect or to what extent the term or phrase is "unclear or ambiguous."

## DOCUMENT REQUESTS

1.      All notes, documents, and other materials relating to any analysis you conducted that discussed or concerned the '687 patent.

2.      All notes, documents, and other materials that concern the '687 patent, whether or not such notes, documents, or other materials were created by you.

3.      All documents relating to any communications between you and anyone else that concern the '687 patent.

4.      All documents that concern any comparison between the '687 patent and any patents held by Color Kinetics, Inc.

5.      All documents that constitute, evidence, discuss, or relate to any and all reports, draft reports, preliminary reports, rebuttal reports, or other reports that reference the '687 patent.

# 2733757_v1

6

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

**CASE NO.:  02 CV 11137 MEL**

**COLOR KINETICS INCORPORATED,**

      **Plaintiff**

v.

**SUPER VISION INTERNATIONAL,**
**INC.**

      **Defendant.**

_____/

**NOTICE OF TAKING DEPOSITION**
**OF DR. MALVIN C. TEICH**

      PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 30, the Defendant Super Vision International, Inc. will take the deposition of Dr. Malvin C. Teich at the offices of HOLLAND & KNIGHT LLP, Eleventh Floor, 10 St. James Avenue, Boston, MA  02116, beginning at 9:30 a.m. on April 8, 2005.  The deposition shall be conducted in accordance with the Federal Rules of Civil Procedure and will continue from day-to-day until completed or until adjournment by the parties. The deposition shall be for all allowable purposes.  The deposition may be recorded by videographic and stenographic means.

      You are invited to attend and cross-examine.

*    *    *

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy hereof was served by facsimile and by deposit in th

U.S. Mail this 28th day of March, 2005 to:   Matthew B. Lowrie, Esq., Aaron W. Moore, Esq

Lowrie, Lando & Anastasi, LLP, Riverfront Office Park, One Main Street, 11th Floor, Cambridge

MA 02142.


J. Wayne Crosby, Esq., Trial Counsel
Florida Bar No. 0133991
J. Wayne Crosby, P.A.
Suite 200
220 North Palmetto Avenue
Orlando, Florida 32801
Telephone:    407-423-9700
Facsimile:    407-423-9730
Counsel for Super Vision International, Inc.

COUNSEL:

Ieuan G. Mahony (BBO #552349)
HOLLAND & KNIGHT LLP
10 St. James Avenue
Boston, MA  02116
(617) 523-2700

## EXHIBIT A TO SUBPOENA DUCES TECUM ISSUED TO DR. MALVIN C. TEICH

Please bring with you (or provide to Super Vision's counsel prior to) to your deposition the following documents, all of which may be copied, reviewed and/or discussed during the course of your deposition.

The following definitions and instructions are applicable to this subpoena duces tecum:

### DEFINITIONS

1.  "Document" is used in its broadest sense and means every type of material that is producible under Federal Rule of Civil Procedure 34 including, but not limited to, all forms of recorded information in your actual or constructive possession, custody, care or control, however made or recorded. The term document specifically <u>excludes</u> any statute or regulation, state or federal, that may affect or relate to any matter that is the subject of this subpoena. The term document includes each and every draft or version of any such type material, and all copies on which any mark, alteration, writing, attachment or any other change from the original appears. It includes, by way of example and not by way of limitation:

    a.  letters, correspondence, memoranda, "e-mail" and other electronic communications, voice mail recordings, facsimile or telefax transmissions, telex, telegrams, and any other intra-company and inter-company communications;

    b.  minutes, transcripts, notes or records of meetings, conferences, telephone conversations, and interviews, including lists of persons attending the meetings or conferences;

    c.  calendars, date books, diaries;

1

d.    U.S. or foreign patents, patent applications, provisional applications, continuations, continuations-in-part, divisional, reissues, reexamined applications or patents, utility models, design patents, design applications;

e.    data, test results, laboratory notebooks, engineering or other notebooks, work papers, notes, compilations, tabulations, software, source code, object code;

f.    blueprints, drawings, sketches, schematics, specifications, diagrams, photographs, maps, charts, graphs;

g.    end-user manuals and handbooks, machinery manuals, directions, instruction books;

h.    sales and promotional literature, brochures, press releases, advertisements, pamphlets;

i.    reports, studies, analyses, projections, strategic plans, presentations, books, booklets, texts;

j.    forms, written offers for purchase or sale, purchase agreements, sales agreements, written contracts, licenses, assignments, legal pleadings or filings, deposition transcripts;

k.    ledgers, accounting records, sales and financial information; and

l.    archived records and expired files.

In addition, any document bearing marks, including without limitation, initials, stamped initials, comments, or notations not a part of the original text or photographic reproduction thereof shall be considered a separate document.  Attachments to a document are to be considered as part of that document.

2

2.    "Communication" shall mean any writing or any oral conversation of any kind or character, including, by way of example and without limitation, personal conversations, telephone conversations, letters, meetings, memoranda, telegraphic and telex communications or transmittals of documents, and all documents concerning such writing or such oral conversation, specifically including email communications.

3.    The "'687 Patent" shall mean U.S. Patent No. 4,962,687.

4.    "You," or "Your," as used herein shall mean Dr. Malvin C. Teich and his employees, agents, legal representatives, consultants or other persons acting for or on his behalf.

5.    "Refer to" and "relate to" mean directly or indirectly, in whole or in part, connected with, commenting on, impinging or impacting upon, affecting, responding to, showing, describing, evidencing, analyzing, reflecting, or constituting.

6.    "Concerning" or "concern" means evidencing, embodying, discussing, disclosing, supporting, refuting, mentioning, describing, constituting, containing, showing, or referring to in any way, either directly or indirectly.

7.    "Person(s)" shall be broadly construed to include natural persons or individuals, firms, corporations, joint ventures, partnerships, sole proprietorships, associations, funds, or other organization of individuals or entities.

8.    The words "and" and "or" shall be construed conjunctively or disjunctively to make the request inclusive rather than exclusive.

9.    The past tense shall be construed to include the present tense, and vice versa, to make the request inclusive rather than exclusive.

10.   The singular shall be construed to include the plural, and vice versa, to make the request

3

inclusive rather than exclusive.

## INSTRUCTIONS

If you claim any privilege as to any document covered by subpoena duces tecum, please identify and provide information for each such document in accordance with the requirements of Federal Rule of Civil Procedure 26(b)(5), including, but not limited to, the following information for each document:

    a.     the reason(s) for withholding;

    b.     the date of the document;

    c.     identification of each person who wrote, drafted, or assisted in the preparation of the document;

    d.     identification of each person who has received or had access to the document or copies thereof or to whom any portion of the content has been communicated; and

    e.     a brief description of the nature and subject matter of the document.

In the event that any document or thing or portion thereof called for by this set of Requests is known to have been lost or destroyed (either as a result of a document destruction policy or otherwise), a written statement setting forth the following information for each such item shall be provided:

    a.     the identity of the item;

    b.     the nature of the item (e.g. letter, memorandum, charts, engineering drawings, etc.);

    c.     the identity of each person(s) who received, reviewed or inspected the item including any addressor(s), author, or addressee(s) whether indicated as such or

4

not;

d.    the date of the item;

e.    a description of the subject matter of the item;

f.    the number of pages of the item if it is a document;

g.    the present or past existence of any attachments or appendices to the item and a description of any such attachments or appendices;

h.    all persons to whom the item was distributed, shown, or explained; and

i.    the circumstances of the loss or destruction of the item including the date of destruction or loss, the identity of the person(s) authorizing destruction, and the identity of person(s) destroying the document.

This subpoena duces tecum shall apply to all documents in your possession, custody or control prior to and including the date of the production. If you know of the existence, past or present, of any documents or things requested below, but are unable to produce such items because they are not presently in your possession, custody, or control, you shall so state and shall identify such items and the person(s) who has possession, custody or control of the item(s).

In the event that a request is objected to on the basis that it is overly broad, that portion of the request that is unobjectionable shall be responded to. In addition, the objection to the request shall specifically identify in what respect or to what extent the objected to request is overly broad.

In the event that a request is objected to as unduly burdensome, that portion of the request that is unobjectionable shall be responded to. In addition, the objection to the request shall specifically identify in what respect or to what extent the objected to request is unduly

5

burdensome.

In the event that a request is objected to as employing a term or phrase that is unclear or ambiguous, a reasonable meaning of the term or phrase should be assumed and the request responded to. In addition, the objection to the request shall specifically state the assumed meaning of the term or phrase objected to and in what respect or to what extent the term or phrase is "unclear or ambiguous."

## DOCUMENT REQUESTS

1.    All notes, documents, and other materials relating to any analysis you conducted that discussed or concerned the '687 patent.

2.    All notes, documents, and other materials that concern the '687 patent, whether or not such notes, documents, or other materials were created by you.

3.    All documents relating to any communications between you and anyone else that concern the '687 patent.

4.    All documents that concern any comparison between the '687 patent and any patents held by Color Kinetics, Inc.

5.    All documents that constitute, evidence, discuss, or relate to any and all reports, draft reports, preliminary reports, rebuttal reports, or other reports that reference the '687 patent.

# 2733757_v1

**IN HAND**      DR. MALVIN C. TEICH      **RETURN OF SERVICE** (3)

| RECEIVED BY SERVER | **DATE**  March 31, 2005 | **PLACE**  Boston, Massachusetts |
|---|---|---|
| **SERVED** | **DATE**  March 31, 2005 | **PLACE**  8 ST. MARY'S STREET, BOSTON        , Massachusetts |

| SERVED ON (NAME)  DR. MALVIN C. TEICH | **FEES TENDERED**  ☒  YES  ☐  NO AMOUNT $ ___42.00___  ☐  **Advanced By Attorney** |
|---|---|
| SERVED BY  THOMAS G. JACKSON | **TITLE**  Process Server and a Disinterested Person |

## STATEMENT OF SERVICE FEES

| | **SERVICE FEE**  $ ___50.00___  _____ Trips | **TOTAL**  $ ___92.00___ |
|---|---|---|

## DECLARATION OF SERVER (4)

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____March 31, 2005_____
                    **Date**

*Thomas G. Jackson*
**Signature of Server**

One Devonshire Place, Boston, Massachusetts
**Address of Server**

**ADDITIONAL INFORMATION**
    PLEASE NOTE THAT IT WAS NECESSARY TO MAKE_____ ATTEMPTS BEFORE MAKING PROPER SERVICE.

| Date | Time | Remarks | FEE |
|---|---|---|---|
| | | | $ _____ |
| | | | $ _____ |
| | | | $ _____ |
| | | | $ _____ |
| | | | $ _____ |
| | | | $ _____ |
| | | **TOTAL** | $ _____ |

(3) As to who may serve a subpoena and the manner of its service see Rule 17(d), Federal Rules of Criminal Procedure, of Rule 45(c), Federal Rules of Civil Procecure.
(4) *fees and mileage need not be tendered to the deponent upon service of a subpoena issued on behalf of the United States or an officer or agency thereof (Rule 45(c), Federal Rules of Civil Procedure; Rule 17(d), Federal Rules of Criminal Procedure) or on behalf of certain indigent parties and criminal defendants who are unable to pay such costs (28 USC 1825, Rule 17(b) Federal Rules of Criminal Procedure)*

**Suvalle, Jodrey & Associates**          **One Devonshire Place**        Telephone # (617) 720-5733
**Massachusetts Constables since 1925**    **Boston, MA 02109**           Fax #        (617) 720-5737

**EXHIBIT G**



LOWRIE, LANDO
& ANASTASI. LLP
*Devoted to Intellectual Property Law*

Aaron W. Moore
amoore@ll-a.com
direct dial (617) 395-7016

April 7, 2005

By Facsimile and First Class Mail

J. Wayne Crosby, Esq.
J. Wayne Crosby, P.A.
220 North Palmetto Avenue, Suite 200
Orlando, Florida 32801

       Re:    Super Vision International, Inc. v. Color Kinetics, Inc.
            U.S.D.C. Mass. No. 04-CV-12631-MEL
            <u>Our File No.:</u> C1104-6003

Dear Wayne:

       This letter constitutes the responses and objections of Dr. Malvin C. Teich to the document requests contained in the subpoena issued to him by Super Vision in this case.

       In general, Dr. Teich objects to producing any documents before the Court has decided the pending Motion for a Protective Order.

       Dr. Teich further generally objects to the requests for the reasons identified in the Motion for a Protective Order, namely that the subpoena is defective on its face, as it does not comply with Rule 45, and because it improperly seeks discovery for use in <u>Color Kinetics, Inc. v. Super Vision International, Inc.</u>, D. Mass. No. 02-11137, a case in which discovery has closed.

       Dr. Teich further generally objects to the subpoena on the grounds that it seeks information that is confidential in the absence of confidentiality order, and on the grounds that it seeks information protected by the attorney client privilege, the work product doctrine, or other applicable privilege or protection.

       Dr. Teich further generally objects to the subpoena on the grounds that the Definitions and Instructions are overly broad and burdensome and impose on him requirements greater than those allowed under the Federal Rules, and on the grounds that the definitions are broader than those of the Uniform Definitions provided in Local Rule 25.6.



LOWRIE, LANDO
& ANASTASI, LLP
*Devoted to Intellectual Property Law*

J. Wayne Crosby, Esq.
April 7, 2005
Page 2

The specific responses and objections to the numbered requests are as follows:

1.      Dr. Teich objects to this request on the grounds that the phrase "relating to any analysis you conducted that discussed or concerned the '687 patent" is vague, undefined, overly broad, and unduly burdensome, especially in light of the Definition of "concern." Dr. Teich further objects to this request on the grounds that it improperly seeks discovery for use in Color Kinetics, Inc. v. Super Vision International, Inc., on the grounds that it seeks information that is confidential in the absence of confidentiality order, and on the grounds that it seeks information protected by the attorney client privilege, the work product doctrine, or other applicable privilege or protection. In view of the general objections and these specific objections, Dr. Teich will not produce any documents in response to this request at this time.

2.      Dr. Teich objects to this request on the grounds that it is vague, undefined, overly broad, and unduly burdensome, especially in light of the Definition of "concern." Dr. Teich further objects to this request on the grounds that it improperly seeks discovery for use in Color Kinetics, Inc. v. Super Vision International, Inc., on the grounds that it seeks information that is confidential in the absence of confidentiality order, and on the grounds that it seeks information protected by the attorney client privilege, the work product doctrine, or other applicable privilege or protection. In view of the general objections and these specific objections, Dr. Teich will not produce any documents in response to this request at this time.

3.      Dr. Teich objects to this request on the grounds that it is vague, undefined, overly broad, and unduly burdensome, especially in light of the Definition of "concern." Dr. Teich further objects to this request on the grounds that it improperly seeks discovery for use in Color Kinetics, Inc. v. Super Vision International, Inc., on the grounds that it seeks information that is confidential in the absence of confidentiality order, and on the grounds that it seeks information protected by the attorney client privilege, the work product doctrine, or other applicable privilege or protection. In view of the general objections and these specific objections, Dr. Teich will not produce any documents in response to this request at this time.

4.      Dr. Teich objects to this request on the grounds that it is vague, undefined, overly broad, and unduly burdensome, especially in light of the Definition of "concern." Dr. Teich further objects to this request on the grounds that it improperly seeks discovery for use in Color Kinetics, Inc. v. Super Vision International, Inc., on the grounds that it seeks information that is confidential in the absence of confidentiality order, and on the grounds that it seeks information protected by the attorney client privilege, the work product doctrine, or other applicable privilege or protection. In view of the general objections and these specific objections, Dr. Teich will not produce any documents in response to this request at this time.

5.      Dr. Teich objects to this request on the grounds that it is vague, undefined, overly broad, and unduly burdensome. Dr. Teich further objects to this request on the grounds that it improperly seeks discovery for use in Color Kinetics, Inc. v. Super Vision International, Inc., on



**LOWRIE, LANDO & ANASTASI, LLP**
Devoted to Intellectual Property Law

J. Wayne Crosby, Esq.
April 7, 2005
Page 3

the grounds that it seeks information that is confidential in the absence of confidentiality order, and on the grounds that it seeks information protected by the attorney client privilege, the work product doctrine, or other applicable privilege or protection. In view of the general objections and these specific objections, Dr. Teich will not produce any documents in response to this request at this time.

Sincerely,

LOWRIE, LANDO & ANASTASI, LLP

Aaron W. Moore

AWM/sg
cc:    Ieuan G. Mahony, Esq.

**EXHIBIT H**



THE PIONEER OF
INTELLIGENT LED ILLUMINATION TECHNOLOGIES

PRODUCTS & SERVICES | TECHNOLOGIES | SHOWCASE | SUPPORT | HOW TO BUY

Corporate Overview

**Corporate Governance**
  **Management**
  Board of Directors
  Board of Advisors
  Committee
  Composition
  Code of Ethics

Stock Information

News

Events

Webcast Archives

Analysts

SEC Filings

Frequently Asked
Questions

E-mail Alerts

Information
Request

CORPORATE INFO

INVESTOR INFO

CONTACT US

GLOBAL SITES

SITE MAP

# Management

Management | Board of Directors | Board of Advisors | Committee Composition |
Code of Ethics

Color Kinetics was co-founded by George Mueller, Chairman and CEO, and Ihor
Lys, CTO. Senior executive team members include William Sims, President and
COO; David Johnson, CFO; Mark Coggeshall, VP Product Management; Kevin
Dowling, VP Strategic Technology; David Emma, VP OEM and Licensing; William
Groener, VP North America Sales; Ray Letasi, VP International Sales; Fritz Morgan,
VP Engineering; Kathryn Pattison, VP Marketing; and Gordon Trawick, VP Supply
Chain.



**George  Mueller
Chairman & CEO**

Mr. Mueller is a seasoned inventor and entrepreneur whose expertise lies in
recognizing emerging technologies and creating successful ventures to realize
their potential. Among his many achievements, Mr. Mueller raised ten rounds of
private equity and venture capital totaling $78 million, much of it completed in a
challenging economy. In 1997 Mr. Mueller co-founded Color Kinetics, and is the
author of 19 US and international patents and dozens of patent filings pertaining to
Color Kinetics' core technology. Mr. Mueller is a frequent speaker among the
academic community and presents regularly at the nation's top business schools,
including Harvard, MIT, Boston University, Babson College, Carnegie Mellon
University, and the Kauffman Center for Entrepreneurial Leadership. He is a two-
time finalist for Ernst & Young's New England Entrepreneur of the Year (2002,
2003). Mr. Mueller graduated from Carnegie Mellon University with a dual major in
Electrical and Computer Engineering and minor in Fine Art. He worked in
Carnegie Mellon's Field Robotics Center and studied at the Graduate School of
Industrial Administration before launching his first company, Internet Securities
Incorporated (ISI), in 1994. ISI today employs 240 people in 19 countries and is a
leading provider of emerging market financial and business information.



**Ihor Lys, Phd**
**Chief Technology Officer**

A prolific inventor and holder of 22 issued patents and numerous patent filings, Mr. Lys co-founded Color Kinetics in 1997 with fellow Carnegie Mellon University graduate George Mueller. As Chief Technology Officer, Mr. Lys was instrumental in the development of the company's Chromacore® and ChromasicT technologies, which underlie the company's lighting products. In 2002 he was named to Technology Review's TR100 list of top young innovators under the age of 35, which recognizes individuals whose innovative work in business and technology is transforming traditional industries. Prior to co-founding Color Kinetics, Mr. Lys founded and served as CEO of ILYS Software (1991-1996), where he developed and marketed TOFWARE, a mass spectrometry data acquisition package for Windows. Mr. Lys also worked as Electronics Design Technician for the Field Robotics Center, Department of Computer Science, Carnegie Mellon University (1987-1991). A frequent speaker at industry conferences and events, Mr. Lys received his BS, MS and PhD degrees in Electrical and Computer Engineering from Carnegie Mellon University (1987-1998). His PhD Thesis focused on low power CMOS circuit techniques based on reduced voltage swing signaling.



**William Sims**
**President & COO**

Mr. Sims joined Color Kinetics in 2001 and is responsible for driving the company's sales, marketing, operations and product development efforts. Mr. Sims brings to Color Kinetics over 22 years of experience growing both established and emerging companies in the consumer products and technology industries, gained through senior positions at Zenith, JVC and e-SIM. As President and CEO of e-SIM's Live Manuals division, he oversaw all aspects of a successful start-up, leading product development and dramatically increasing the company's customer base. During his tenure as President of the Zenith Sales Company, the organization achieved significantly improved profitability and expanded worldwide market position for key segments of its consumer product lines. Prior to Zenith, Mr. Sims was Vice President, Consumer Video Division of JVC Company of America, where he expanded the business of JVC's largest US division. He has also served on the Board of Directors for the Consumer Electronics Association (CEA). Mr. Sims holds a BA in Biological Sciences from California State University, Fullerton.

**David Johnson**
**Chief Financial Officer**

Mr. Johnson joined Color Kinetics in January 1998 with more than 20 years of financial management experience and specific strengths in overseeing the needs of technology start-ups and manufacturing organizations. Prior to joining Color Kinetics, Mr. Johnson was Chief Financial Officer of Aimtech Corporation, a developer of software tools used to create interactive learning applications. He held the senior financial position at Aimtech for more than four years until the sale of the company to Asymetrix Corporation in September 1997. Prior to Aimtech, Mr. Johnson held senior financial positions with electronics start-ups and operating divisions of larger manufacturing organizations. Mr. Johnson began his career as a CPA with Arthur Andersen & Co., serving the needs of emerging growth companies. He received a BA in Economics from Holy Cross College and an MS in Accounting from Northeastern University.

**Mark Coggeshall**
**VP Product & Program Management**

Mr. Coggeshall joined Color Kinetics in 2002 and is responsible for driving the company's product strategy, including product development plans and processes. Mr. Coggeshall brings to Color Kinetics 20 years of key experience developing market-driven product strategies, implementing proven product development processes, and operational management. Mr. Coggeshall has implemented successful strategies within emerging and established companies in the technology and consumer electronics industries. Prior to joining Color Kinetics, he served as COO and VP Professional Services for Blackstone Computing, where he was responsible for operational management and service revenue growth of an emerging start-up in the distributed computing market. Previously, as Director of Product Development for a digital video editing software company, Avid Sports, Mr. Coggeshall led the successful formation of a new product development organization, where he managed all product marketing, engineering, program management, and quality. He spent nearly eleven years at Bose Corporation, where he rose from a new product program manager to a leadership management position with responsibility for all new product programs in the home audio division. Prior to Bose, Mr. Coggeshall served as a manufacturing engineer and project manager for Digital Equipment Corp. and Data General Corp. He holds a BS in Material Science and Engineering from Worcester Polytechnic Institute.

**Kevin Dowling, Phd**
**VP Strategic Technologies**

As Vice President of Strategic Technologies, Mr. Dowling is responsible for identifying and developing emerging applications and markets for Color Kinetics technologies. Mr. Dowling joined Color Kinetics in April of 1999 as Director of Engineering, leading a team through the design and development of many of Color Kinetics' most innovative and successful lighting and control products. Prior to Color Kinetics, Mr. Dowling was Chief Robotics Engineer for PRI Automation, the leader in advanced factory automation systems and software for the semiconductor industry. Mr. Dowling has more than 20 years of experience in advanced robotics engineering as a student, Research Engineer and Project Scientist at the Field Robotics Center of Carnegie Mellon University, where his projects included a Lunar Rover demo, robots for Space Shuttle Inspection and Shuttle ground operations at NASA's Kennedy Space Center, and the Mars Rover Project. Mr. Dowling has also consulted for a number of companies, including Shell Oil and Apple Computer, and was a founding principal of a medical robotics company. Mr. Dowling received his BS in Mathematics, and MS and PhD degrees in Robotics from Carnegie Mellon University.

**David Emma**
**VP OEM and Licensing**

Mr. Emma joined Color Kinetics in 2004, overseeing the development of new OEM and licensing opportunities and the growth of existing partnerships worldwide. He brings more than 16 years of experience to the position, with specific expertise in the identification, establishment and growth of strategic OEM and licensing relationships within the semiconductor industry, among other technology markets. Prior to joining Color Kinetics, Mr. Emma served as Vice President of the Communications Modules Division for Integrated Circuits Systems (ICS), a $250 million company and worldwide leader in the design, development and marketing of silicon timing devices for the communications equipment, consumer, and business electronics industries. In that role he oversaw all activities for customer service, marketing, product marketing, engineering, manufacturing and finance. Prior to ICS he served as Vice President of Sales and Marketing for Micro Networks; a leading provider of RF and Microwave components and subsystems for the communication, networking and wireless industries, and Vice President of Marketing for CP Clare Corporation; now a division of IXYS Corporation. He previously held sales and application engineering positions at Theta-J Corporation and Raytheon Company. Mr. Emma earned a BS in Electrical Engineering from Southeastern Massachusetts University.

**William Groener**
**VP North America Sales**

Mr. Groener joined Color Kinetics in 2004 with responsibility for the company's Lighting Systems business, overseeing the domestic sales force and affiliates operating across many distribution channels. Mr. Groener has extensive lighting industry sales and management experience, including background in both manufacturing and distribution, as well as lighting design and production. Prior to joining Color Kinetics he served as Group Vice President for Production Resource Group (PRG), with responsibility for sales, operations, finance and administration across three of the company's subsidiaries. His 30+ year career includes senior management and business development positions at a number of established entertainment lighting and technology companies, including successful posts as Executive Vice President/General Manager of Strand Lighting, National Sales and Marketing Manager at Elliptipar, Manager of Barbizon's New York-based System Sales Group, and Manager of the Systems Installation Group at Production Arts New York/New Jersey. Mr. Groener is an active member of the Illuminating Engineering Society of North America (IESNA), the United States Institute for Theatre Technology (USITT) and the Entertainment Services and Technology Association (ESTA). In 2004 he was named President of ESTA, and previously served as Chairman of its Technical Standards Committee for five years. Mr. Groener received a BA and MA in Design and Theatre Technology from the University of California at Santa Barbara.

**Ray Letasi**
**VP International Sales**

Mr. Letasi joined Color Kinetics in 1999 and is responsible for driving the company's international sales efforts, both through its internationally dispersed sales force and network of distribution partners. He previously served as Color Kinetics' Regional Vice President of International Sales with focus on the Asia Pacific market, and later expanding the role to Europe. In that time he significantly increased Color Kinetics' sales initiatives, distribution partnerships and marketshare in the respective regions. He was also instrumental in building Color Kinetics' presence in the Japanese market, including the establishment of Color Kinetics Japan, the company's joint venture. Prior to joining Color Kinetics, Mr. Letasi held a number of management positions spanning sales, marketing and business development in the semiconductor, CD and DVD, and auto interior industries, with specialized expertise in international sales. He most recently served as North American Sales Manager for Mitsui USA, previously the sole distributor for Toyoda Gosei's Optoelectronics Department in North America. In that role he implemented sales and marketing strategies for branch offices throughout the US and Canada. Mr. Letasi holds a BA in Economics from the University of Michigan. He also studied at the Japanese Center for Michigan Universities in Shiga, Japan.

**Fritz  Morgan**
**VP Engineering**

Mr. Morgan joined Color Kinetics in August of 1998. Prior to his current post as Vice President of Engineering, Mr. Morgan served as Director of Engineering and Engineering Project Manager, in which capacity he played a key role in the development of Color Kinetics' product line and led teams in the design of several custom lighting projects. Prior to joining Color Kinetics, Mr. Morgan was a research scientist at Mitsubishi Electric Research Lab, where he developed surgical simulators. While studying at Carnegie Mellon University, he co-developed a novel augmented reality system used to guide a surgeon during a medical procedure, as well as the HipNav image guided system that is being commercialized by CASurgica (a company he helped to create). He is a co-author on a number of referred journal articles and co-editor of the NSF workshop report "Robotics and Computer Assisted Medical Interventions." Mr. Morgan holds a BS from Clark University and an MS in Electrical and Computer engineering from Carnegie Mellon with a focus in robotics under the advisement of Takeo Kanade.

**Kathryn Pattison**
**VP Marketing**

Ms. Pattison joined Color Kinetics in March 1998, more than 20 years of proven high tech experience in the areas of strategic marketing planning, branding, development, and program execution with companies such as Apple Computer and Quark. At these companies she was responsible for marketing the adoption of high technology products by creative professionals. Ms. Pattison has extensive experience in designing and implementing effective marketing programs that support multi-channel product distribution. Most recently, she was Director of Marketing for Psion, a $200M international developer of mobile handheld systems, where she led a team responsible for all North American product marketing, marketing communications, and public relations efforts. Ms. Pattison received a dual BS degree in Marketing and Advertising from Syracuse University.

**Gordon Trawick**
**VP Supply Chain Management**

Mr. Trawick joined Color Kinetics in 2004 and is responsible for overseeing all aspects of logistics, purchasing, supply chain and information technology. Mr. Trawick is a logistics expert with more than 33 years of experience leading world-class supply chain organizations. Prior to joining Color Kinetics, he served as Vice President of Logistics at Zenith Electronics for six years. He was recruited to Zenith and played an integral part of the re-engineering and process improvement team responsible for order management and supply chain processes. These efforts resulted in dramatic cost savings and improved customer service and delivery performance. He has also held leadership positions at various companies such as Fisher Scientific, Grocer Supply Incorporated, Fleming Foods and Transcom Lines. He holds a BA in Marketing from University of Oklahoma.

contact us | terms & conditions | site resources

©2005 Color Kinetics Incorporated. All rights reserved. Chromacore, Color Kinetics, the Color Kinetics logo, ColorBlast, ColorBlaze, ColorBurst, ColorPlay, ColorScape, Direct Light, iColor, iColor Cove, iPlayer, Optibin, QuickPlay, Sauce, the Sauce logo, and Smartjuice are registered trademarks and Chromasic, ColorCast, DIMand, IntelliWhite, Powercore, and Video With Light are trademarks of Color Kinetics Incorporated.

**EXHIBIT I**

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| COLOR KINETICS INCORPORATED,<br><br>Plaintiff<br><br>v.<br><br>SUPER VISION INTERNATIONAL, INC.,<br><br>Defendant. | Civil Action No.: 02-CV-11137-MEL |

[REDACTED]
## MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT

Pursuant to Fed. R. Civ. P. 15(a), plaintiff Color Kinetics Incorporated ("Color Kinetics") hereby moves for leave to file the attached Second Amended Complaint.

The Second Amended Complaint adds a claim for a declaration that U.S. Patent No. 4,962,687 (the "'687 patent" or the "Belliveau patent") is invalid and/or not infringed.

On March 4, 2004, Super Vision announced that it had acquired the '687 patent from High End Systems, Inc. of Austin, Texas. That very same day, Super Vision sued Color Kinetics for infringement in Florida.

It is apparent that Super Vision purchased the '687 patent—which is alleged by Super Vision to be anticipatory prior art to the asserted Color Kinetics patents—for the purpose of asserting it against Color Kinetics as part of its strategy in this case. It is also apparent that Super Vision filed a separate suit in Florida, rather than seeking to add the '687 patent to this case, in an effort to avoid the venue that both this Court and the Florida court held to be the best, at a heavy price of wasteful duplication of judicial effort and party expense.

Because the Court has already addressed and resolved the venue issue, to avoid piecemeal litigation, and because convenience, efficiency, and the interests of justice all heavily favor resolving the dispute over the '687 patent in this District and in this case, Color Kinetics seeks leave to file its Second Amended Complaint. Color Kinetics will also be asking the Florida court to transfer that case to this District for consolidation with this one.

## BACKGROUND

**Litigation Before this Court.** The dispute between Color Kinetics and Super Vision began in 2002 after Color Kinetics contacted Super Vision for product samples, in an effort to assess whether Super Vision infringed certain Color Kinetics patents. Rather than sending the samples, Super Vision filed a declaratory judgment action against Color Kinetics in Florida on March 4, 2002. As this Court found, doing so was "an abuse of the Declaratory Judgment Act." (September 4, 2002 Opinion, at 2.)

Color Kinetics filed its original Complaint in this case on June 6, 2002, alleging infringement by Super Vision of four United States patents owned by Color Kinetics. (The Complaint was later amended to add a fifth Color Kinetics patent that issued after the Complaint was filed.)

A venue battle followed Color Kinetics' filing of the June 6, 2002 Complaint. In denying Super Vision's motion to transfer this case to Florida, this Court weighed the 28 U.S.C. § 1404(a) factors relating to convenience of the parties and witnesses, and found that they favored trial in Massachusetts. (September 4, 2002 Opinion, at 2-3.) Presumably, the Florida court agreed, as it then transferred Super Vision's Florida case to this District.

Following the venue skirmish, progress in this case bogged down. A first delay was due to settlement discussions, including a face-to-face meeting where Color Kinetics' representatives traveled to Super Vision's location in Florida. Those discussions ultimately proved unproductive. The case was then further delayed by Super Vision's extended refusal to answer discovery. Actually, this delay is ongoing, as months after this Court's December 16, 2003 Order that Super Vision produce its responsive documents by January 9, 2004, Super Vision is still in the process of producing documents responsive to Color Kinetics discovery requests that were served almost two years earlier.

**Belliveau patent.** During a (court-ordered) deposition under Rule 30(b)(6) in this case, Super Vision identified the '687 patent, which names Richard Belliveau as the first inventor, as prior art that Super Vision intended to rely upon to support its claims that the Color Kinetics patents are invalid. (A copy of the Belliveau patent is attached as Exhibit A.) In fact, one of Super Vision's 30(b)(6) witnesses—the President of the company to be precise —testified at length about the patent.

The Belliveau patent is an old one (issued on October 16, 1990) which, until very recently, was owned by High End Systems, Inc., a Texas company. High End Systems contacted Color Kinetics about two years ago regarding this patent, and Color Kinetics told High End Systems that the patent did not cover Color Kinetics' Light Emitting Diode ("LED") technology. High End Systems responded that it had no desire to sue Color Kinetics, but threatened to market its patent to a third-party who would. Because the patent was not (and is not) relevant to Color Kinetics' LED technology, Color Kinetics was still uninterested.

**New Florida Suit.** On March 4, 2004, Super Vision announced that it had acquired the '687 patent from High End Systems. That very same day, Super Vision filed suit against Color

Kinetics in the Middle District of Florida for alleged infringement of the '687 patent. Super Vision served the Complaint on Monday, March 8th.

The issues presented in the Florida case are very closely related to those in this case. Super Vision is attempting to use the Belliveau patent as prior art against the Color Kinetics' patents in this case. At the same time, Super Vision contends in the Florida case that Color Kinetics' products (which are covered by the Color Kinetics patents) infringe the Belliveau patent. In the end, deciding both cases will require an understanding of Color Kinetics' products, Color Kinetics' patents, and the Belliveau patent.

The Massachusetts connection is even stronger than just overlapping issues, because Super Vision's contentions in the Florida case that the Color Kinetics products infringe the Belliveau patent will involve substantial additional Massachusetts discovery, including documents and things relating to Color Kinetics' products and sales, and likely including the testimony of a number of witnesses that reside in Massachusetts.

On the other hand, the Belliveau patent will not raise additional issues that bear any relation to Florida. High End Systems, the owner of the patent up until about March 4, 2004, is located in Texas. Because one cannot recover damages for a patent without owning it, any claim for past damages can only be a claim for damages suffered by High End Systems in Texas—not damages of Super Vision in Florida. Moreover, the patent was prosecuted by a law firm in northern Virginia, and it appears that the named inventors of the Belliveau patent are presently located in Texas. Accordingly, the parties' infringement and invalidity claims concerning the Belliveau patent will focus on discovery in Massachusetts, in Texas, and in Virginia, but not in Florida.

- 4 -

**ARGUMENT**

Leave to amend under Rule 15(a) "shall be freely given when justice so requires." For the reasons detailed below, the balance of convenience, judicial efficiency, and the interests of justice all support resolving any dispute over the Belliveau patent at the same time, and before the same court in Massachusetts, as Color Kinetics's claims for infringement of its patents. Justice requires that Super Vision's efforts to drag Color Kinetics back into Florida, after two courts—including this one—have already determined that the dispute between these parties should be litigated in Massachusetts, be rejected.

**I.      Including the Belliveau Patent in the Present Case Would Be Far More Efficient**

The disputes concerning the Color Kinetics patents and the Belliveau patent will involve substantially overlapping written discovery, document discovery, deposition testimony, expert reports and discovery, and evidence at trial. It makes no sense to handle them separately.

At a 30(b)(6) deposition, Super Vision's 30(b)(6) witness on validity issues

**[REDACTED]**

(See Excerpt from Super Vision 30(b)(6) Deposition (Brett Kingstone), January 22, 2004, at 297-302; Excerpt from Super Vision 30(b)(6) Deposition (Brett Kingstone), January 23, 2004, at 550-565; both attached as Exhibit B.) There is simply no question that the Court and jury in this case will need to understand the Belliveau patent, as will, of course, the Court and jury deciding the Belliveau claims.

In addition, the five patents that Color Kinetics is asserting against Super Vision describe LED lighting systems, including those sold by Color Kinetics. In the end, therefore, the Court and jury assessing infringement by Super Vision in this case and the Court and jury assessing the

- 5 -

alleged infringement by Color Kinetics of the Belliveau patent will both need to be educated about the Color Kinetics technology.

Thus, the dispute over whether Color Kinetics infringes the Belliveau patent will require a Court and jury to understand the very same technology that is at issue in this case. It would be grotesquely inefficient to resolve disputes over them at two different times and before two different tribunals.

The efficiency of including a dispute over the Belliveau patent in this case extends to the witnesses as well. Color Kinetics would offer the same fact and 30(b)(6) witnesses in both cases. To have Super Vision conduct discovery twice of these witnesses would be unfair to Color Kinetics and, again, highly inefficient (particularly if discovery disputes arise). What is more, the experts may very well be the same—to have two sets of expert reports and depositions would be wasteful to say the least.

On the other hand, adding these claims to the present case would not likely require any duplication of discovery. Because Super Vision has taken <u>no</u> depositions to date, the total number of depositions taken by Super Vision is likely to be <u>halved</u> if the Belliveau patent is added to this case. While Color Kinetics has taken depositions in this case, the Rule 30(b)(6) deposition of Super Vision has been continued (and thus can easily revisit the Belliveau patent, if necessary) and the only other deponent (the author of an opinion letter) would not be deposed about the Belliveau patent in any event.

In short, one suit instead of two means one Court overseeing discovery, one court (and, possibly, jury) being educated on the technology, one Markman hearing, one set of expert reports, one set of summary judgment motions, one set of pretrial motions, one trial, and one set of post-trial briefs. Simply put, the Belliveau patent, acquired by Super Vision one month ago,

does not merit an entirely separate litigation, and all that that entails, when the same parties are already litigating many of the same issues, with many of the same witnesses and documents, in this District.

## II.    Balance of Convenience Weighs Heavily in Favor of Massachusetts

This Court has already found that the Section 1404(a) venue factors, including balance of convenience, weighs in favor of litigation in Massachusetts. The Belliveau patent only tips the balance further in favor of Massachusetts.

On the plaintiff side of the case, the owner of the Belliveau patent for the last thirteen years was High End Systems—a company located in Texas and having no connection with Florida whatsoever. The first named inventor, Richard Belliveau, has recently returned to work for High End Systems, and appears, therefore, to be in Texas. (See March 4, 2004 High End Systems Press Release, attached as Exhibit C.) All of the inventors on the patent lived in Texas when they did the work resulting in the patent—the front page of the patent lists Austin, Texas as the residence for each.

Super Vision fact witnesses have no role in this discovery. Super Vision cannot claim damages for a period that it did not own the Belliveau patent. See, e.g., Arachnid, Inc. v. Merit Industries, Inc., 939 F.2d 1574, 1579 (Fed. Cir. 1991) ("The general rule is that one seeking to recover money damages for infringement of a United States patent (an action 'at law') must have held legal title to the patent during the time of infringement."). At most (and assuming this is not champerty), Super Vision could recover the past damages, if any, of the Texas company High End Systems. As a result, on the plaintiff side, the case has virtually no connection to Florida.

- 7 -

On the defense side of the case, Color Kinetics can be expected to provide a substantial amount of additional Massachusetts fact discovery—both documents and witnesses—about its own product designs and sales.

The connection to Massachusetts is strong; the connection to Florida almost nonexistent. In fact, by transferring a patent and (presumably) its claim for past damages to Super Vision, High End Systems acted essentially as a Texas company asserting claims against a Massachusetts company, but doing so in Florida.

This Court has already found that the balance of convenience weighs in favor of Massachusetts. The dispute over the Belliveau patent only amplifies the reasons for that conclusion.

## III.    **Interests of Justice**

The interests of justice support amendment of this case to include claims over the Belliveau patent both to prevent forum shopping in its worst form and to prevent parties from taking inconsistent positions when convenient.

For the first, the Florida suit is not a typical case of a plaintiff choosing their home forum. The patent was applied for by a Texas company, prosecuted on behalf of a Texas company by a law firm in Virginia, names Texan inventors, and was owned for over a decade by a Texas company. Then, it was sold to Super Vision on or about March 4th of this year and used in a law suit filed in Florida within days. This is a transparent attempt to inconvenience Color Kinetics and obtain a strategic advantage in this case. Florida has no substantial interest or connection to this case. Massachusetts, the home of Color Kinetics for the company's entire history, plainly does.

- 8 -

For the second, Color Kinetics expects that Super Vision will take wildly inconsistent positions in the two litigations, depending on whether it is asserting the Belliveau patent or defending against the Color Kinetics patents. For example, in this case, one of Super Vision's 30(b)(6) witnesses—the company's president in fact—testified        **[REDACTED]**

        **[REDACTED]**                    (See Excerpt from Super Vision 30(b)(6) Deposition (Brett Kingstone), January 22, 2004, at 61-64, attached as Exhibit D.) Super Vision is not likely to take that position with respect to the Belliveau patent. For its part, Color Kinetics intends to be consistent in both cases. The interest of justice weighs heavily toward requiring both parties to do so.

## REQUEST FOR ORAL ARGUMENT

Color Kinetics requests a hearing on this motion as early as is convenient for the Court.

## CONCLUSION

WHEREFORE, plaintiff Color Kinetics hereby requests that this Motion to For Leave to

File A Second Amended Complaint be ALLOWED.

Respectfully submitted,

COLOR KINETICS INCORPORATED

Dated:  April 16, 2004

Matthew B. Lowrie, BBO No. 563,414
Aaron W. Moore, BBO No. 638,076
Lowrie, Lando & Anastasi, LLP
Riverfront Office Park
One Main Street - 11th Floor
Cambridge, MA 02142
Tel: 617-395-7000
Fax: 617-395-7070

- 10 -

**CERTIFICATE OF SERVICE**

I hereby certify that today I caused a true and correct copy of this motion and the attached Second Amended Complaint to be served on the following counsel of record:

Ieuan G. Mahony, Esq.
Holland & Knight LLP
10 St. James Avenue
Boston, MA 02116

(by hand)

J. Wayne Crosby, Esq.
J. Wayne Crosby, P.A.
220 N. Palmetto Avenue, Suite 200
Orlando, Florida 32801

(by First Class Mail)

Dated:  April 16, 2004

Aaron W. Moore

**LOCAL RULE 7.1(A)(2) CERTIFICATION**

I hereby certify that I have conferred with opposing counsel and have attempted in good faith to resolve or narrow the issues presented in the motion.

Dated:  April 16, 2004

Aaron W. Moore

# EXHIBIT J

# J. WAYNE CROSBY, P.A.
## ATTORNEY AT LAW

SUITE 200
220 NORTH PALMETTO AVENUE
ORLANDO, FLORIDA 32801
TELEPHONE:    (407) 423-9700
TELECOPY:    (407) 423-9730

March 31, 2005

## By Facsimile Only to 1.617.395.7070

Matthew B. Lowrie, Esq.
Aaron W. Moore, Esq.
Emily Berger, Esq.
Lowrie, Lando & Anastasi, LLP
Riverfront Office Park
One Main Street - 11th Floor

Cambridge, MA 02142

RE:    Super Vision/Color Kinetics

Dear Matt, Aaron and Emily:

I write to ask you to confirm whether or not Color Kinetics will produce Messrs. Mueller, Lys, Sims and Dowling for their respective depositions set for next week. If it is your position that they will not be produced, then I see no point in Mr. Kingstone and I traveling to Boston for the sake of appearances. Please advise as soon as possible, hopefully today, whether Color Kinetics will produce those individuals as noticed.

As a matter of courtesy, I have reviewed Aaron's letter dated March 25, 2005 concerning the Amended Notices of Deposition setting the depositions of Messrs. Mueller, Lys, Sims and Dowling, beginning next Monday, April 4, 2005. Since that time, I have also served you with the notice for Dr. Teich, whose deposition is now set for Friday, April 8. The original notices and schedules were amended following your concern that both Matt and Aaron had conflicting schedules in another case for the dates originally noticed.

I have been advised the Edward Nortrup accepted service of the subpoenas for each of Color Kinetics' officers. In addition, Dr. Teich should have been served with a subpoena by this time.

I wish to respond to several issues in Aaron's letter. First, Dr. Teich has everything to do with the 04-12631 case. He has already opined on the '687 Patent. Presumably, he did so at Color Kinetics'

Matthew B. Lowrie, Esq.
Aaron W. Moore, Esq.
Emily Berger, Esq.
Lowrie, Lando & Anastasi, LLP
March 31, 2005
Page 2

request, otherwise he would have had no reason to include his opinion in that regard. There is no transparent strategy here. Super Vision is entitled to depose any person, including Dr. Teich.

Second, the parties have been working under a fully negotiated protective order in two other cases for more than two years. If you have concerns about its adequacy, they should have been addressed the last time the Color Kinetics proposed modifications and we agreed upon the substance of the operative agreement. If you have additional concerns at this time, please let me know what they are and we will address them. I disagree completely with your unfounded statement that Super Vision has failed to abide by the terms of the existing confidentiality agreement. You have also misstated Mr. Kingstone's testimony concerning that issue. Super Vision is unaware of any rightfully designated information that Super Vision has not honored.

The parties long ago made all of the requisite disclosures under the federal rules that are conditions precedent to either party pursuing discovery. In addition, the parties have already conducted the "meet and confer" concerning compliance with the District of Massachusetts' local rules related to preparation for the case scheduling conference. Judge Lindsay did not impose any limits on either party's power to conduct discovery, even though he anticipated transfer of the case to Judge Lasker, as has now been accomplished.

It appears that certain subpoenas may have inadvertently been designated with the wrong case style and number. With respect to the Color Kinetics officers, that is completely irrelevant, since Super Vision had previously served notice of their depositions pursuant to Rule 30. That is the only notice required by the rules to compel their attendance at their respective depositions. If you wish, we could always re-designate and re-serve those subpoenas, but it is unnecessary.

Because preparation and travel are imminent, I ask that you respond to this letter right away.

Sincerely,

J. Wayne Crosby

jwc/bc


cc:    Mr. Brett Kingstone
       Ieuan G. Mahony, Esq.