IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SUPER VISION INTERNATIONAL, INC.,

               Plaintiff

v.                                             Civil Action No.:  04-CV-12631 (MEL)

COLOR KINETICS INCORPORATED,

               Defendant.

**COLOR KINETICS' OPPOSITION TO SUPER VISION'S MOTION TO COMPEL
DEPOSITIONS OF FOUR COLOR KINETICS OFFICERS
AND DIRECTORS AND DR. MALVIN C. TEICH**

Defendant Color Kinetics Incorporated ("Color Kinetics") hereby opposes the motion of

Super Vision International, Inc. ("Super Vision") to Compel Depositions of Four Color Kinetics

Officers and Directors and the deposition of Dr. Malvin C. Teich (Color Kinetics' independent

expert designated to testify in <u>Color Kinetics v. Super Vision</u>, D. Mass. No. 02-11137, where

discovery is closed) (Docket No. 59).

The motion should be denied for the reasons described in Color Kinetics' Motion for a

Protective Order to Stay Depositions (Docket No. 58).

The motion should also be denied because Super Vision does not have standing to assert

any claim against Color Kinetics based on U.S. Patent No. 4,962,687.  In its rush to sue Color

Kinetics, Super Vision failed to obtain sufficient rights in the '687 patent to maintain a claim for

alleged infringement.  Color Kinetics will file a motion to dismiss for lack of standing by the end

of this week.  Conducting these depositions before it is determined whether Super Vision even

has standing to maintain this action would not make sense.

What is more, discovery has not yet begun in this case. The present case was initially improperly filed in Florida by Super Vision; the Florida court granted Color Kinetics' motion to change venue, and the case was transferred to Massachusetts. On transfer, the case was assigned to Judge Lindsey. Color Kinetics moved to reassign the case to this Court, and the motion was granted. No discovery has taken place—no documents have been requested, no interrogatories served, and no case schedule proposed to this Court or entered.

The present motion to compel is surely not for depositions directed to the merits of this case, where discovery has not begun and documents have not been exchanged. Rather, it is an improper attempt to take discovery in a case where discovery closed months ago.

Indeed, Super Vision tried and failed to take these depositions after the close of the discovery period in Color Kinetics v. Super Vision, D. Mass. No. 02-11137 ("the 02-11137 case"). Super Vision even filed three motions attempting to extend the discovery period and/or compel the attendance of witnesses after the close of discovery. All three motions were denied.

Now, Super Vision is trying to take those depositions in this case, making no attempt to conceal the fact that it wants to use the depositions for purposes of the 02-11137 case. In fact, Super Vision admits as much on page 2 of its motion, explaining that it is seeking information in these depositions about the Color Kinetics patents that are being asserted in the other case.

Super Vision's motion (which is also its opposition to the Motion for a Protective Order) includes the sub-title "Expedited Hearing and Oral Argument Requested." Discovery has not even begun and there is no case schedule—what could be the rush other than that the depositions are intended to be used in the 02-11137 case in which discovery has closed?

To be clear, Color Kinetics does <u>not</u> object to Super Vision deposing Color Kinetics employees who have information relating to <u>this case</u>, about topics relating to <u>this case</u> to the extent Super Vision has standing to assert claims. But that is not what Super Vision is trying to do here. Nor would Color Kinetics object to a deposition of Dr. Teich in <u>this case</u> if he is designated as an expert and prepares a report. At this time, however, Dr. Teich has no information relevant to this case and the taking of depositions before the opening of discovery is premature.

## ARGUMENT

Color Kinetics has already briefed this issue in its motion for a Protective Order (Docket No. 58). The arguments can be summarized as follows.

The Color Kinetics depositions should be delayed because the case is not ready for them—Super Vision should not be taking depositions when it does not have standing, and even if it did, neither side has produced documents and there is no protective order in the case. If Super Vision is interested in taking these depositions for use in <u>this</u> case, a short delay causes no harm as there is not even a case schedule entered in this case.

In addition, Super Vision should not be permitted to use the discovery period in this case as a mechanism for taking discovery in the 02-11137 case. As the Court has already determined at least <u>twice</u>, Super Vision is not entitled to take those depositions in that case.

The subpoenas issued by Super Vision to the Color Kinetics employees should be quashed (or an order issued confirming that they are ineffective), because (a) they were improperly issued in this case to obtain discovery for use in the other case, (b) they were not properly served, as none of them were delivered to the witnesses, (c) they failed to include the required language from Rule 45, and (d) Super Vision violated its own "bright-line" rule by

failing to provide notice in advance of service.  Super Vision does not even address (b), (c), or

(d) in its brief.  To the extent the subpoenas seek Color Kinetics documents by way of subpoenas

to Color Kinetics employees, the subpoenas should be quashed as an improper attempt to avoid

the requirements of Rule 34.

The Teich deposition should be quashed also to prevent Super Vision from taking

discovery in this case for use in the other case.  If Dr. Teich is retained by Color Kinetics in this

case and prepares a report, Color Kinetics will certainly make him available for a deposition at

the appropriate time.  The Teich deposition should also be stayed as premature under Rule 26(d)

and inappropriate in the absence of an appropriate confidentiality order.

The Teich subpoena should be quashed because (a) it was improperly issued in this case

to obtain discovery for use in the other case, (b) it failed to include the required language from

Rule 45, and (c) Super Vision violated its own "bright-line" rule by failure to provide notice in

advance of service.  Super Vision does not address (b) or (c) in its brief.

The arguments raised by Super Vision in its motion are inconsistent and unavailing.

**Case Management Conference:**  Super Vision is apparently having a difficult time

keeping its cases straight, as it appears to argue that the conference in the 02-11137 case, which

was conducted years ago, was sufficient to open discovery in this case.  It does not appear to

Color Kinetics that the Rules allow for a 26(f) conference in one case to be operable in another

case filed years later.  Color Kinetics also does not believe that the conference that was held

when the case was before Judge Lindsay is effective, because Judge Lindsay expressly declined

to address scheduling, instead suggesting that the parties take the matter up with this Court.  The

case has been reassigned and a new scheduling conference (and meet-and-confer in advance of

that) are required.

**Timeliness of Depositions/Relevance to 02-11137 Case:**  It is not clear what point Super Vision is trying to make in these portions of its brief, other than confirming that it is trying to use this case to take discovery for purposes of the other case.  It is true that Color Kinetics argued in connection with the motion to amend that this case and the 02-11137 case have facts and witnesses in common.  The parties subsequently agreed—at Super Vision's insistence—to conduct the cases separately.  Why those arguments would give Super Vision a right to use this case to take discovery for use in the other case is a mystery.

**Confidentiality:**  There is no confidentiality agreement in this case.  That cannot be disputed, as the 02-11137 agreement is limited by its terms to that case.  If Super Vision wishes to propose the use of an agreement in this case that is similar to that one, Color Kinetics would be willing to consider doing so.  To date, Super Vision has made no such proposal.

Super Vision's claim that it did so in the letter attached as Exhibit J to its motion is simply untrue, as a review of that letter can confirm.  This issue is important to Color Kinetics because it is Color Kinetics' belief that, despite Super Vision's vehement complaints about alleged improper disclosures Color Kinetics' counsel, Super Vision has failed to maintain the confidentiality certain materials that Color Kinetics has designated.

**Document Production:**  In quoting Rule 45, Super Vision seems to agree with Color Kinetics that document requests to a "party deponent" must be made in compliance with Rule 34, but then (after insulting counsel yet again) argues that "the operation of Rule 45 . . . does not extend to Color Kinetics' own officers and/or directors."  (Motion, at 11.)  This is peculiar because the document requests at issue were contained in a Rule 45 subpoenas issued by Super Vision to the company's Chairman & CEO and CTO.

In any event, document requests issued to employees for documents of the company indisputably must comply with Rule 34. See, e.g., Contardo v. Merrill Lynch, 119 F.R.D. 622 (D. Mass. 1988) (denying a motion to compel production of party documents sought from an employee in a subpoena duces tecum). Super Vision's did not comply with Rule 34 because the request is premature (discovery is not open in this case) and because it seeks production well shy of the 30 days required by the Rule.

With respect to Dr. Teich, he offered timely objections to the document requests seven days after service of the subpoena. Under the Rule 45 scheme, the ball is now in Super Vision's court. Although Super Vision repeatedly claims that those objections were "improper" and "untimely," it does not explain how that is the case, nor can it.

**Dr. Teich:** Dr. Teich does not have information relevant to this case. He is Color Kinetics' expert in the 02-1137 case. Again, Color Kinetics certainly will make him available for a deposition at the appropriate time, should he be retained and prepare a report in this case. Until that time, however, Super Vision insistence on this deposition only highlights Super Vision's ulterior motives—taking discovery in a separate case.

## CONCLUSION

For the reasons set forth above, and those in the moving brief, Color Kinetics respectfully requests that Super Vision's Motion to Compel Depositions of Four Color Kinetics Officers and Directors and Dr. Malvin C. Teich be DENIED and that Color Kinetics' Motion for a Protective Order be GRANTED.

Respectfully submitted,

COLOR KINETICS INCORPORATED

Dated:  April 26, 2005

_____/s/ Emily A. Berger_____
Matthew B. Lowrie, BBO No. 563,414
Aaron W. Moore, BBO No. 638,076
Emily A. Berger, BBO No. 650,841
Lowrie, Lando & Anastasi, LLP
One Main Street - 11th Floor
Cambridge, MA 02142
Tel: 617-395-7000
Fax: 617-395-7070