IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SUPER VISION INTERNATIONAL, INC.,

Plaintiff

v.                                                    Civil Action No.:  04-CV-12631 (MEL)

COLOR KINETICS INCORPORATED,

Defendant.

**EMERGENCY MOTION FOR A PROTECTIVE ORDER
TO ENJOIN SUPER VISION FROM DEPOSING TIMOTHY HOLMES**

Defendant Color Kinetics Incorporated ("Color Kinetics") hereby moves, on an

emergency basis, for an Order (a) enjoining Super Vision from taking the Deposition of Timothy

Holmes, noticed on June 20, 2005 by Super Vision for June 30, 2005 in Jacksonville, Florida,

and (b) barring Super Vision from using this case to take discovery for use in Color Kinetics v.

Super Vision, D. Mass. Docket No. 02-cv-11137 (MEL).  Discovery has not opened in this case,

Super Vision has not produced its documents, and a motion to dismiss is pending.

Amazingly, even though last week the Court granted Color Kinetics' motion for a

Protective Order precluding Super Vision from taking the depositions of a number of Color

Kinetics employees in this case for use in the 02-11137 case, Super Vision has now issued a

deposition notice and Florida subpoena in this case to Mr. Holmes, a former Color Kinetics

employee, and the attached document schedules make perfectly clear that Super Vision is still

trying to use this case to take discovery in the other one.  Color Kinetics requests that Super

Vision be enjoined from taking this deposition until after seeking leave from this Court after the

scheduling conference and be enjoined from any further attempts to use this case to take

discovery for use in the other case.

Copies of the Deposition Notice and Subpoena issued by Super Vision to Mr. Holmes are attached hereto as Exhibits A and B, respectively.

## BACKGROUND

Like the earlier depositions noticed in this case and recently quashed, Super Vision has noticed Mr. Holmes' deposition for use in connection with Color Kinetics v. Super Vision, D. Mass. Docket No. 02-11137, a case in which summary judgment motions are currently pending and two summary judgment hearings have already been held.

After failing to take any depositions relating to the merits in the 02-11137 case, Super Vision filed an "Emergency Motion for a Protective Order" and a "Motion to Enforce Discovery Obligations" in that case, seeking to extend the discovery period (a second time) for the purpose of taking depositions, and claiming, falsely, that Color Kinetics "refused to confer" about deposition scheduling. (See Case No. 02-11137, Docket Nos. 96 & 97.)

On February 3, 2005, the Court denied both of Super Vision's motions in the 02-11137 case, determining, among other things, that Color Kinetics had not refused to confer with Super Vision on discovery issues and that there was no justification for a second extension of the discovery period.[1] (See Case No. 02-11137, Docket No. 104.)

Weeks later, Super Vision filed a "First Motion to Compel" (Case No. 02-11137, Docket No. 145), which was actually misnamed, as it was really a motion to reconsider this Court's denial of the two earlier motions. After that motion was denied, Super Vision filed a "Motion to

---

[1] Should the Court be interested, a detailed discussion of the deposition scheduling issue can be found in a recent Color Kinetics' Opposition to Super Vision's unsuccessful motions to extend discovery. (See Case No. 02-11137, Docket No. 101.)

Reconsider" under Rule 59(e) (Case No. 02-11137, Docket No. 178), which was denied as well.

Having failed on <u>four</u> motions to reopen discovery in the 02-11137 case, Super Vision then issued a set of deposition notices in <u>this</u> case for the exact same group of individuals that it had been seeking to depose in the 02-11137 case. This was true even though no Scheduling Conference had been set following reassignment of this case from Judge Lindsay (who declined to address scheduling issues in view of Color Kinetics' motion to reassign), the parties had not conferred on a new schedule, no confidentiality order was in place in this case, and not one document or interrogatory answer had been requested or provided.

Super Vision then moved to compel the depositions. That motion was denied. (<u>See</u> Docket No. 67.)

Color Kinetics moved for a Protective Order to stay the four depositions on the grounds that they were being sought for purposes related to the 02-11137 case. That motion was granted. (<u>See</u> Docket No. 67.)

The present case concerns Super Vision's assertion that Color Kinetics has infringed U.S. Patent No. 4,962,687 (the "'687" patent). On March 3, 2004, Super Vision executed an Agreement with a third-party company located in Texas (named "High End Systems"), under which Super Vision purported to acquire the '687 patent. The next day, March 4th, Super Vision filed this suit in Florida, accusing Color Kinetics of infringing the '687 patent. The suit was subsequently transferred to this District upon motion by Color Kinetics, and a motion to dismiss the case, for lack of standing, is now pending (Docket No. 65).

The present subpoena requests documents and a deposition on matters that have nothing to do with the '687 patent, such as requesting information about inventorship of Color Kinetics patents. Because the subpoena to Mr. Holmes is plainly calculated to obtain discovery for use in

the other case and is premature (document discovery not even having begun), Color Kinetics

requests that the Court stay execution of this subpoena as well.

## ARGUMENT

## I.     THE HOLMES DEPOSITION SHOULD BE DELAYED

It is perfectly clear that Super Vision has noticed the Timothy Holmes deposition for the

improper purpose of obtaining discovery to use in the 02-11137 case.

Two of the three categories of documents sought in the subpoena are directed to

documents concerning the inventorship of Color Kinetics patents, which are not at issue in this

case.  In particular, Category 1 seeks "documents . . . relating to any possible claims of your

inventorship, or co-inventorship, of any invention under any Color Kinetics Incorporated patent

issued [sic] or patent application."  Category 2 seeks "documents . . . relating to any possible

claims of your inventorship, or co-inventorship, development or co-development, of any product

now or previously developed, marketed, distributed, delivered, and /or sold by Color Kinetics

Incorporated."

Each category is plainly directed to issues that would pertain at best to the 02-11137 case;

they certainly have nothing to do with the assertion of the '687 patent against Color Kinetics in

this case.  There is nothing for Super Vision to be discussing about the inventorship of Color

Kinetics patents with Mr. Holmes that could relate in any way to the issues raised in this case.

Again, Super Vision should not be permitted to use this case to seek discovery for the 02-11137

case, where it neglected to take the discovery in that case during the discovery period that it

already extended.

The deposition also should be delayed because there is a pending motion to dismiss in

this case.  Should that motion be granted, the parties will not have to incur the time and expense

associated with a deposition in Florida.

The deposition should be delayed for the additional reason that it would be improper under Fed. R. Civ. P. 26(d), as the parties have not conferred under Rule 26(f). It is true that the parties had a Rule 26(f) conference in advance of the conference that was scheduled before Judge Lindsay, but scheduling matters were not addressed at that conference due to the motion to reassign the case and, as a result of the reassignment, the case schedule will now need to be reevaluated. The parties have not conferred in this case since the case was reassigned.

This deposition also cannot go forward at this point because there is no confidentiality order in place. The Court has entered such an Order in the 02-11137 case, but not in this one. Color Kinetics is not willing to agree to an identical order in this case because it appears that Super Vision has abused, and perhaps outright violated, the Order in the other case.

Mr. Homes' testimony about inventorship of the Color Kinetics patents (if permitted) would be expected to include information highly confidential to Color Kinetics, and Color Kinetics requires an enforceable Order to protect that information, in particular because Color Kinetics now has reason to believe that Super Vision has not lived up to its confidentiality obligations in the 02-11137 case. Super Vision is aware of the confidentiality order issue, as it was briefed in the last motion that resulted in a protective order staying discovery, but Super Vision has not made any effort to remedy the deficiency.

Because Super Vision's improper purpose is apparent, Color Kinetics requests that the Holmes deposition be stayed until after summary judgment has been decided in the 02-11137 case. Color Kinetics also requests that the deposition be delayed until after a Scheduling Conference has taken place in this case, a confidentiality order has been entered, and the parties have exchanged documents.

5

The relief requested will not prejudice Super Vision in any way.  As noted, there has not even been a Scheduling Conference in this case, and plaintiff Super Vision has done <u>nothing</u> to move this case forward, other than noticing the Color Kinetics depositions (including of its testifying expert for the 02-11137 case) and the Holmes deposition, all of which is obviously calculated to obtain discovery only for use in the <u>other</u> case.  If Super Vision were <u>genuinely</u> interested in taking discovery in this case, it would be directing its efforts to issues that actually relate to this case.

Delaying the Holmes deposition will make no difference to either party, except that, if it did go forward, Color Kinetics would be able to have received documents from Super Vision (including communications with Mr. Holmes) and would be in a position to cross-examine if appropriate.  As a practical matter, however, Super Vision will likely lose interest in deposing Mr. Holmes once his testimony becomes unavailable for use in the 02-11137 case.

## **REQUEST FOR HEARING**

Color Kinetics requests an emergency hearing on this issue because the Holmes deposition is noticed and subpoenaed for June 30, 2005.

## CONCLUSION

For the reasons set forth above, Color Kinetics respectfully requests that the Court grant its motion for a Protective Order and enjoin Super Vision from deposing Timothy Holmes in this case at this time.

Respectfully submitted,

COLOR KINETICS INCORPORATED

Dated:  June 22, 2005                                    /s/ Aaron W. Moore
                                            Matthew B. Lowrie, BBO No. 563,414
                                            Aaron W. Moore, BBO No. 638,076
                                            Emily A. Berger, BBO No. 650,841
                                            Lowrie, Lando & Anastasi, LLP
                                            One Main Street - 11th Floor
                                            Cambridge, MA 02142
                                            Tel: 617-395-7000
                                            Fax: 617-395-7070

## LOCAL RULE 7.1(A)(2) CERTIFICATION

Counsel for Color Kinetics hereby certify that we have conferred with opposing counsel and have attempted in good faith, but without success, to resolve or narrow the issues presented in this motion.

Dated:  June 22, 2005                                    /s/ Aaron W. Moore
                                            Aaron W. Moore

7

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**CASE NO.: 04 CV 12631 MEL**

SUPER VISION INTERNATIONAL,
INC.,

      **Plaintiff**

      **v.**

COLOR KINETICS INCORPORATED,

      **Defendant.**

_____/

## NOTICE OF DEPOSITION DUCES TECUM OF NON-PARTY
## TIMOTHY HOLMES

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 30(a)(1), the Plaintiff Super Vision

International, Inc. will take the deposition of Non-Party Timothy A. Holmes at the offices of:

      Esquire Deposition Services
      200 West Forsyth Street
      Suite 1720
      Jacksonville, Florida 32202,

beginning at 9:30 a.m. on June 30, 2005. Mr. Holmes is directed to produce those documents

described on Exhibit "A" attached hereto. The deposition shall be conducted in accordance with

the Federal Rules of Civil Procedure and will continue from day-to-day until completed or until

adjournment by the parties. The deposition shall be for all allowable purposes. The deposition will

be recorded by videographic and stenographic means.

      You are invited to attend and cross-examine.

             *    *    *

      I HEREBY CERTIFY that a true copy hereof was sent by facsimile and by deposit in the

Mail, this 20th day of June, 2005 to:   Matthew B. Lowrie, Esq., Aaron w. Moore, Esq., Lowrie,

Lando & Anastasi, LLP, Riverfront Office Park, One Main Street, 11th Floor, Cambridge, MA

02142.

J. Wayne Crosby, Esq., Trial Counsel
Florida Bar No. 0133991
J. Wayne Crosby, P.A.
Suite 200
220 North Palmetto Avenue
Orlando, Florida 32801
Telephone:    407-423-9700
Facsimile:     407-423-9730
Counsel for Super Vision International, Inc.

COUNSEL:

Ernest V. Linek, Esq.
Banner & Witcoff, Ltd.
28 State Street
28th Floor
Boston, MA 02109-1775
Telephone:    617-720-9600
Facsimile:     617-720-9601

**EXHIBIT "A"**
**Documents to be Produced by Timothy Holmes**

1. Any and all documents in your possession or under your control relating to any possible claims of your inventorship, or co-inventorship, of any invention under any Color Kinetics Incorporated patent issued or patent application, at any time.

2. Any and all documents in your possession or under your control relating to any possible claims of your inventorship, or co-inventorship, development or co-development, of any product now or previously developed, marketed, distributed, delivered and/or sold by Color Kinetics Incorporated, whether or not such product is an invention that is subject to any Color Kinetics patent issued or Color Kinetics patent application, at any time.

3. Any and all documents in your possession or under your control relating to any Color Kinetics Incorporated sale, marketing, distribution and/or delivery to any person of any product now or previously developed, marketed, distributed, delivered and/or sold by Color Kinetics Incorporated, whether or not such product is an invention that is subject to any Color Kinetics patent issued or Color Kinetics patent application, at any time, including but not limited to any written correspondence, memos, emails, marketing materials, notes of telephone conversations, notes from meetings, purchase orders, invoices, bills of lading, documents of title, or any documents related thereto, by or between Color Kinetics and any person. Such documents shall specifically include all documents between you and any Color Kinetics employee, officer, director, shareholder, contractor or sub-contractor, such as sales, distribution and/or marketing directives, policies, or customer relationships, memoranda related to any such matters, and notes or records thereof.

# EXHIBIT B

SAO88 (Rev. 1/94) Subpoena in a Civil Case

### Issued by the
# UNITED STATES DISTRICT COURT

**MIDDLE**     DISTRICT OF     **FLORIDA**

**SUPER VISION INTERNATIONAL, INC.**          **SUBPOENA IN A CIVIL CASE**

V.

**COLOR KINETICS INCORPORATED**          Case Number:[1]

Original Action Pending in the District
of Massachusetts, Case No. 04-CV-12631-MEL)

TO:  **Timothy A. Holmes**
**2825 Sylvan Lane**
**Jacksonville Fl 32257-6229**

G   YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

G   YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION Esquire Deposition Services, 200 West Forsyth Street Suite 1720, Jacksonville, Florida 32202 | DATE AND TIME June 30, 2005 9:30 a.m. |
|---|---|

X   YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):

### SEE DOCUMENTS DESCRIBED ON ATTACHED EXHIBIT "A"

| PLACE Esquire Deposition Services, 200 West Forsyth Street Suite 1720, Jacksonville, Florida 32202 | DATE AND TIME June 30, 2005 9:30 a.m. |
|---|---|

G   YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated,
the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR Attorney for Super Vision International, Inc. | DATE June 20, 2005 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER     J. Wayne Crosby, Esq.,
J. Wayne Crosby, P.A.
Suite 200, 220 North Palmetto Avenue
Orlando, Florida 32801
Telephone: 407.423.9700

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
                    DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT "A"
### Documents to be Produced by Timothy Holmes

1. Any and all documents in your possession or under your control relating to any possible claims of your inventorship, or co-inventorship, of any invention under any Color Kinetics Incorporated patent issued or patent application, at any time.

2. Any and all documents in your possession or under your control relating to any possible claims of your inventorship, or co-inventorship, development or co-development, of any product now or previously developed, marketed, distributed, delivered and/or sold by Color Kinetics Incorporated, whether or not such product is an invention that is subject to any Color Kinetics patent issued or Color Kinetics patent application, at any time.

3. Any and all documents in your possession or under your control relating to any Color Kinetics Incorporated sale, marketing, distribution and/or delivery to any person of any product now or previously developed, marketed, distributed, delivered and/or sold by Color Kinetics Incorporated, whether or not such product is an invention that is subject to any Color Kinetics patent issued or Color Kinetics patent application, at any time, including but not limited to any written correspondence, memos, emails, marketing materials, notes of telephone conversations, notes from meetings, purchase orders, invoices, bills of lading, documents of title, or any documents related thereto, by or between Color Kinetics and any person. Such documents shall specifically include all documents between you and any Color Kinetics employee, officer, director, shareholder, contractor or sub-contractor, such as sales, distribution and/or marketing directives, policies, or customer relationships, memoranda related to any such matters, and notes or records thereof.