## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

SUPER VISION INTERNATIONAL, INC.                    C.A. No. 04-12631-MEL

vs.

COLOR KINETICS INC.
_____//

### SUPER VISION INTERNATIONAL, INC.'S RESPONSE AND OPPOSITION TO COLOR KINETICS, INC.'S EMERGENCY MOTION FOR PROTECTIVE ORDER

Super Vision International, Inc., ("Super Vision") submits its response and opposition to Color Kinetics, Inc.'s ("CK") Emergency Motion for Protective Order and respectfully asks the Court to deny the motion, with prejudice.

### THE FACTS

On Tuesday, June 21, 2005, Super Vision served on Mr. Timothy A. Holmes a Notice of Deposition and Subpoena Duces Tecum.  Copies of each are attached as Exhibits A and B, respectfully.  A copy of the Affidavit of Service is attached as Exhibit C.

The Notice and Subpoena were issued from the U.S. District Court for the Middle District of Florida.  Mr. Holmes resides in Jacksonville, Florida and can be subpoenaed only from the Middle District.  Mr. Holmes has not filed any objection to his deposition and subpoena.

### THE LAW

#### This Court Has No Jurisdiction

The motion fails as a matter of law because this Court has no jurisdiction to rule.  Because CK intentionally filed its motion in the wrong court, the motion should be denied with prejudice.

This Court has _no_ jurisdiction to rule on CK's motion for protective order.  Fed.R.Civ.P. 45(c)(2)(B).  The U.S. District for the Middle District of Florida (the "Middle District") is the

"issuing court" for both Mr. Holmes' notice and subpoena under Rule 45(a)(2):

> "A subpoena for attendance at a deposition shall issue from the court for the district designated by the notice of deposition as the district in which the deposition is to be taken."

Federal courts are unanimous on the issue. As the issuing court, the Middle District has the _exclusive_ power to act on subpoenas issued from it. *In re Sealed Case,* 141 F.3d 337 (D.C. Cir.,1998); *Accord, Kearney v. Jandernoa* 172 F.R.D. 381 (N.D.Ill., 1997). The exclusive jurisdiction of the issuing court is so well established that ". . . nothing in the Rules even _hints_ that any other court may be given the power to quash or enforce them."(emphasis added). *In re Sealed Case,* 141 F.3d, at 341.

_Any issue_ relating to either Mr. Holmes' deposition or his subpoena is within the _exclusive_ jurisdiction of the Middle District. Fed.R.Civ.P. 45(c)(2)(B)*; accord,* Fed.R.Civ.P. 37(a)(1) ("An application for an order to a deponent who is not a party _shall_ be made to the court _in the district where the deposition is being taken_.")(emphasis added); Fed.R.Civ.P. 26(c) ("on matters relating to a deposition, the court in _the district where the deposition is to be taken_ may make any order which justice requires to protect a party or person...."). ". . . a motion to quash such a subpoena . . . must, as under the previous rule, be presented to the court for the district in which the deposition would occur. Likewise, the court in whose name the subpoena is issued is responsible for its enforcement." *Productos Mistolin, S.A. v. Mosquera* 141 F.R.D. 226, 228 -229 (D.Puerto Rico,1992).

Mr. Holmes' subpoena is process of the Middle District of Florida. *See In re Certain Complaints Under Investigation,* 783 F.2d 1488, 1494-95 (11th Cir.1986); *see also, Matter of Certain Complaints Under Investigation by an Investigating Committee of Judicial Council of Eleventh Circuit* 783 F.2d 1488, 1495 (11th Cir. 1986).

The Eighth Circuit held that the District in which a case is pending has no power to grant any relief with respect to subpoenas issued from another District, including any relief based on claims of privilege. *In re Digital Equipment Corp.* 949 F.2d 228 (8th Cir. 1991). In that case the plaintiff (CK) issued subpoenas from a District Court in Oregon. When the deponents filed timely objections in the Oregon District Court, the plaintiff (CK), filed for relief in the District Court for the District of South Dakota, where the original case was pending. The Eight Circuit denied relief.

The First Circuit, held that even *appeals* from a District Court's rulings on Rule 45 subpoena issues must be made to the Circuit in which the District Court lies. *Horizons Titanium Corp. v. Norton Co.* 290 F.2d 421 (1st Cir. 1961)(vacating an order granting a motion to quash a subpoena in the First Circuit relating to an action pending in the District of Columbia Circuit).

## Color Kinetics Intentionally Filed Its Motion in the Wrong Court

CK has acknowledged in writing that this Court has no jurisdiction over depositions and subpoenas issued from another District. In a companion case, Super Vision informed CK that Super Vision would challenge CK's improper Rule 45 subpoenas in six different Districts throughout the United States:

> "Please advise me today if you oppose motions to quash one or more of the subpoenas identified in this letter, and others about which I may not yet have been advised. I assume that you intend to oppose those motions in each jurisdiction in which they must be filed." (Crosby letter, September 1, 2004, Exhibit D).

CK understood that Super Vision correctly represented the law, and agreed to litigate those challenges in those Districts:

> "If you think there is an issue here that you need to press, we suggest that we add it to the list of items to discuss at the September 20,2004 hearing with Judge Lasker. That would allow all of your complaints to be resolved at once, rather than in a piecemeal fashion. If you would rather travel around the country arguing an issue that seems to already have been addressed by Magistrate Judge Glazebrook, we will

3

do that instead."  (Moore letter, September 2, 2004, Exhibit E).

Super Vision again advised CK that Rule 45 subpoenas must be challenged in the District

from which they are issued:

> "As a matter of further information, the rules also require that each subpoena be
> challenged only in the district from which it is issued. Although Judge Lasker has
> jurisdiciton over Color Kinetics, he does not have jurisdiction to quash any of those
> illegally served subpoenas."(Crosby email to Moore, September 3, 2004, Exhibit F).

CK again acknowledged that Rule 45 subpoenas must be challenged in the District from

which they are issued:

> "In an effort to save us both the expense of traveling around the county on this
> matter, we are willing to submit this to Judge Lasker and abide by his resolution with
> respect to all of the subpoenas. If you think it would be a better use of resources to
> deal with this in the several jurisdictions, we will do that also, as I
> explained."(Moore email, September 8, 2004, Exhibit G).

Super Vision agreed to consolidate the challenges in six different Districts by filing a

consolidated motion in this Court:

> "If Color Kinetics will consent to my motion to quash and/or compel release from
> the subpoenas (or an equivalent remedy aimed at the same outcome) then it certainly
> makes sense for Judge Lasker to consider the issues as so consolidated. If that is
> acceptable, I will submit a motion to that effect, similar to what I filed in the eStar
> matter, and indicate that CK consents to Judge Lasker's jurisdiction with respect to
> all of the known subpoenas in question, and that CK does not object to the motion,
> without prejudice to CK's right to challenge the substance of the motion."(Crosby
> email to Moore, September 8, 2004, Exhibit H).

CK once again acknowledged that the issues were being brought to this Court only by

consent of the parties:

> ". . . we agree to the submission to Judge Lasker of the issues raised in the eStar
> motion, but pertaining to the other subpoenas, and we agree to be bound by his
> resolution of those issues."(Moore email, September 8, 2004 #2, Exhibit I).

After multiple written acknowledgments of the law pertaining to challenges to Rule 45

4

subpoenas, CK still comes to this Court, without any legal authority.  CK is intentionally asking this Court to grant relief the CK knows is beyond the power and jurisdiction of the Court.

CK itself has thus provided the Court with confirmation of CK's erroneous filing, and the Court should deny CK's motion, with prejudice.

## CK's Arguments for a Protective Order Fail as a Matter of Law

The First Circuit, in *Horizons Titanium*, addressed the fallacies of CK's argument against Mr. Holmes' deposition and subpoena.  "Rule 26(b) provides that the deponent may be examined 'regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action * * *.' It is not ground for objection that the testimony will be inadmissible at the trial if the testimony sought appears reasonably calculated to lead to the discovery of admissible evidence.' This rule apparently envisions generally unrestrictive access to sources of information, and the courts have so interpreted it."  *Horizons Titanium Corp.,* 290 F.2d at 425.

Even asserting any trade secret positions, CK has a "particularly heavy burden . . . to make a substantial showing in support of a motion to quash as contrasted to some more limited protection." *Id.*  The First Circuit will reject all of CK's other positions as well, emphasizing CK's heavy burden, "Particularly this must be so with respect to relief asked before the deposition even commences." *Id.*  In this case, the deposition will not occur until June 30.

Even if the Court were to consider any of CK's positions on their non-existing merits, the motion fails as a matter of law.  All of CK's arguments are unfounded assertions of counsel that the First Circuit specifically prohibits.

As examples, CK argues improper purpose, discovery has not begun (without any legal basis for the position), that a confidentiality order is not in place (CK refuses to agree to the existing order

governing the parties), that Mr. Holmes' testimony will not be relevant to this case (not legal grounds for the motion), that the parties have not conferred under Rule 26(f)(blatantly false, because the parties have conferred _twice_), that a motion to dismiss is pending (not a defense to a subpoena),

In this case, CK's counsel filed an eight page motion that flies directly in the face of _Horizons Titanium_. The entire memorandum asserts positions that are based solely on counsel's unsworn, unfounded, inaccurate, misleading and outright false statements of fact and law.

_Horizons Titanium_ held that counsel's unfounded arguments supporting a motion like CK's were unacceptable as a matter of law.  "We rule as a matter of law that the court could not accept an affidavit of counsel that, to the best of counsel's belief, appellee possessed no relevant evidence." (Emphasis added). _Id.,_ at 425("we find unsupportable appellee's claim 'that relevance is lacking.'"). The First Circuit will not tolerate CK's excuse on relevance that "Each category is plainly directed to issues that would pertain at best to the 02-11137 case; they certainly have nothing to do with the assertion of the '687 patent against Color Kinetics in this case." (Dkt. 68, p. 4).  Under _Horizons Titanium_, relevance is not grounds for objection to a subpoena.  _Id._.

CK is asking the Court to accept completely CK's unfounded objections to Mr. Holmes' deposition and subpoena.  The First Circuit prohibits the Court from accepting CK's arguments.

For example, CK argues that trade secrets or confidential information may be involved.  The First Circuit still would not allow CK to avoid Mr. Holmes' deposition.  "Appellee also argues that _'the material sought would involve appellee's trade secrets_, secret processes, developments, or research.' Assuming that this objection falls within the scope of 'unreasonable and oppressive,' _it is not here a ground for quashing the entire subpoena_."  _Id.,_ at 426.

Even if CK were entitled to any confidential or trade secret protection, the Court can modify

6

Mr. Holmes' subpoena to include protection of that information. CK states flatly that it will not enter into the same confidentiality agreement that has governed the controversies between the parties for more than two and a half years. As an excuse, CK falsely, and without any foundation, asserts that Super Vision has breached the confidentiality order in the companion case. The accusation is slanderous, has no basis, and CK does not even pretend to establish any such facts, yet asks the Court to accept the unacceptable misrepresentation of counsel.

The Court should not countenance CK's unilateral decision to rewrite the Federal Rules of Civil Procedure and allow CK to continue to avoid any discovery in any case between the parties. The Court may find most telling the fact that it is CK who is avoiding *any* discovery at all costs, even to the point of misrepresentations to the Court.

The reasons for CK's stonewalling behavior will become apparent as discovery progresses in this case.

## CONCLUSION

Super Vision respectfully asks the Court to deny Color Kinetics' motion for a protective order with prejudice.

Respectfully submitted, this 23rd day of June, 2005.

s/ J. Wayne Crosby
J. Wayne Crosby, Esq., Trial Counsel
Florida Bar No. 0133991
J. Wayne Crosby, P.A.
Suite 200
220 North Palmetto Avenue
Orlando, Florida 32801
Telephone:     407-423-9700
Facsimile:     407-423-9730
Counsel for Super Vision International, Inc.

7

COUNSEL:

Ernest V. Linek, Esq.
Banner & Witcoff, Ltd.
28 State Street
28th Floor
Boston, MA 02109-1775
Telephone:     617-720-9600
Facsimile:     617-720-9601

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**CASE NO.:  04 CV 12631 MEL**

**SUPER VISION INTERNATIONAL, INC.,**

     **Plaintiff**

     **v.**

**COLOR KINETICS INCORPORATED,**

     **Defendant.**

_____/

## NOTICE OF DEPOSITION DUCES TECUM OF NON-PARTY TIMOTHY HOLMES

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 30(a)(1), the Plaintiff Super Vision International, Inc. will take the deposition of Non-Party Timothy A. Holmes at the offices of:

     Esquire Deposition Services
     200 West Forsyth Street
     Suite 1720
     Jacksonville, Florida 32202,

beginning at 9:30 a.m. on June 30, 2005.  Mr. Holmes is directed to produce those documents described on Exhibit "A" attached  hereto.  The deposition shall be conducted in accordance with the Federal Rules of Civil Procedure and will continue from day-to-day until completed or until adjournment by the parties.  The deposition shall be for all allowable purposes. The deposition will be recorded by videographic and stenographic means.

You are invited to attend and cross-examine.

\*     \*     \*

I HEREBY CERTIFY that a true copy hereof was sent by facsimile and by deposit in the

Mail, this 20th day of June, 2005 to:   Matthew B. Lowrie, Esq., Aaron w. Moore, Esq., Lowrie,

Lando & Anastasi, LLP, Riverfront Office Park, One Main Street, 11th Floor, Cambridge, MA

02142.

J. Wayne Crosby, Esq., Trial Counsel
Florida Bar No. 0133991
J. Wayne Crosby, P.A.
Suite 200
220 North Palmetto Avenue
Orlando, Florida 32801
Telephone:    407-423-9700
Facsimile:    407-423-9730
Counsel for Super Vision International, Inc.

COUNSEL:

Ernest V. Linek, Esq.
Banner & Witcoff, Ltd.
28 State Street
28th Floor
Boston, MA 02109-1775
Telephone:    617-720-9600
Facsimile:    617-720-9601

**EXHIBIT "A"**
**Documents to be Produced by Timothy Holmes**

1.  Any and all documents in your possession or under your control relating to any possible claims of your inventorship, or co-inventorship, of any invention under any Color Kinetics Incorporated patent issued or patent application, at any time.

2.  Any and all documents in your possession or under your control relating to any possible claims of your inventorship, or co-inventorship, development or co-development, of any product now or previously developed, marketed, distributed, delivered and/or sold by Color Kinetics Incorporated, whether or not such product is an invention that is subject to any Color Kinetics patent issued or Color Kinetics patent application, at any time.

3.  Any and all documents in your possession or under your control relating to any Color Kinetics Incorporated sale, marketing, distribution and/or delivery to any person of any product now or previously developed, marketed, distributed, delivered and/or sold by Color Kinetics Incorporated, whether or not such product is an invention that is subject to any Color Kinetics patent issued or Color Kinetics patent application, at any time, including but not limited to any written correspondence, memos, emails, marketing materials, notes of telephone conversations, notes from meetings, purchase orders, invoices, bills of lading, documents of title, or any documents related thereto, by or between Color Kinetics and any person. Such documents shall specifically include all documents between you and any Color Kinetics employee, officer, director, shareholder, contractor or sub-contractor, such as sales, distribution and/or marketing directives, policies, or customer relationships, memoranda related to any such matters, and notes or records thereof.

# EXHIBIT B

AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

**MIDDLE**    DISTRICT OF    **FLORIDA**

**SUPER VISION INTERNATIONAL, INC.**

V.

**COLOR KINETICS INCORPORATED**

### SUBPOENA IN A CIVIL CASE

Case Number:[1]

**Original Action Pending in the District of Massachusetts, Case No. 04-CV-12631-MEL)**

TO:  **Timothy A. Holmes
2825 Sylvan Lane
Jacksonville Fl 32257-6229**

☐  YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒  YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION  Esquire Deposition Services, 200 West Forsyth Street Suite 1720, Jacksonville, Florida 32202 | DATE AND TIME  June 30, 2005 9:30 a.m. |
|---|---|

☒  YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

### SEE DOCUMENTS DESCRIBED ON ATTACHED EXHIBIT "A"

| PLACE  Esquire Deposition Services, 200 West Forsyth Street Suite 1720, Jacksonville, Florida 32202 | DATE AND TIME  June 30, 2005 9:30 a.m. |
|---|---|

☐  YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR **Attorney for Super Vision International, Inc.** | DATE  **June 20, 2005** |
|---|---|

_J. Wayne Crosby_ (signature)

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER    **J. Wayne Crosby, Esq.,
J. Wayne Crosby, P.A.
Suite 200, 220 North Palmetto Avenue
Orlando, Florida 32801
Telephone: 407.423.9700**

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 1/94) Subpoena in a Civil Case

---

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

SERVED ON (PRINT NAME)                    MANNER OF SERVICE

SERVED BY (PRINT NAME)                    TITLE

---

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                    DATE                        SIGNATURE OF SERVER

                                               _____
                                               ADDRESS OF SERVER

                                               _____

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)  (A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises.  If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued.  If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production.  Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)  (A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance,

(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B)  If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

**EXHIBIT "A"**
**Documents to be Produced by Timothy Holmes**

1.    Any and all documents in your possession or under your control relating to any possible claims of your inventorship, or co-inventorship, of any invention under any Color Kinetics Incorporated patent issued or patent application, at any time.

2.    Any and all documents in your possession or under your control relating to any possible claims of your inventorship, or co-inventorship, development or co-development, of any product now or previously developed, marketed, distributed, delivered and/or sold by Color Kinetics Incorporated, whether or not such product is an invention that is subject to any Color Kinetics patent issued or Color Kinetics patent application, at any time.

3.    Any and all documents in your possession or under your control relating to any Color Kinetics Incorporated sale, marketing, distribution and/or delivery to any person of any product now or previously developed, marketed, distributed, delivered and/or sold by Color Kinetics Incorporated, whether or not such product is an invention that is subject to any Color Kinetics patent issued or Color Kinetics patent application, at any time, including but not limited to any written correspondence, memos, emails, marketing materials, notes of telephone conversations, notes from meetings, purchase orders, invoices, bills of lading, documents of title, or any documents related thereto, by or between Color Kinetics and any person. Such documents shall specifically include all documents between you and any Color Kinetics employee, officer, director, shareholder, contractor or sub-contractor, such as sales, distribution and/or marketing directives, policies, or customer relationships, memoranda related to any such matters, and notes or records thereof.

# EXHIBIT C

## AFFIDAVIT OF SERVICE

## UNITED STATES DISTRICT COURT
### Middle District of Florida

Case Number: 04-CV-12631-MEL

Plaintiff:
**SUPER VISION INTERNATIONAL, INC.**
vs.
Defendant:
**COLOR KINETICS INCORPORATED**

For:
J. Wayne Crosby, Esq.
J. Wayne Crosby, P.A.
220 North Palmetto Ave.
Suite 200
Orlando, FL 32801

Received by M & M Process, Inc. on the 21st day of June, 2005 at 9:30 am to be served on **TIMOTHY A. HOLMES, 2825 SYLVAN LANE, JACKSONVILLE, FL 32257-6229**.

I, Mike McMenamy, being duly sworn, depose and say that on the **21st day of June, 2005 at 7:50 pm**, I:

**Individually Served** the within named person with a true copy of this **Subpoena in a Civil Case, Notice of Deposition Duces Tecum of Non-Party, Exhibit A, and Witness Fee Check of $40.00** with the date and hour endorsed thereon by me, pursuant to State Statutes.

**Military Status:** Based upon inquiry of party served, defendant is not in the Military Service of the United States.

I certify that I am over the age of 18, have no interest in the above action and am a Special Process Server in good standing in the county in which the process was served.

Subscribed and Sworn to before me on the 23rd day of June, 2005 by the affiant who is personally known to me.

NOTARY PUBLIC

Lily Dalton
My Commission DD327614
Expires June 09, 2008

**Mike McMenamy**
Special Process Server #41

**M & M Process, Inc.**
**9951 Atlantic Blvd., Suite 211**
**Regency East Office Park**
**Jacksonville, FL 32225**
**(904) 722-3332**
Our Job Serial Number: 2005003711
Ref: COLOR

Copyright © 1992-2005 Database Services, Inc. - Process Server's Toolbox V5.5j

# EXHIBIT D

# J. WAYNE CROSBY, P.A.
## ATTORNEY AT LAW

SUITE 200
220 NORTH PALMETTO AVENUE
ORLANDO, FLORIDA 32801
TELEPHONE:    (407) 423-9700
TELECOPY:     (407) 423-9730

September 1, 2004

**By Facsimile Only**

Matthew B. Lowrie, Esq.
Aaron W. Moore, Esq.
Emily Berger, Esq.
Lowrie, Lando & Anastasi, LLP
Riverfront Office Park
One Main Street - 11th Floor
Cambridge, MA 02142

RE:    Color Kinetics' Subpoenas to Non-Parties

Dear Matt, Aaron and Emily:

It was disturbing to be served with notice of certain of your non-party subpoenas after the fact, in several instances. I refer to the subpoenas served on eStar Lighting, Inc., High End Systems, Inc., Facticon, Inc. and Nixon Peabody, LLP.

It is even more disturbing to learn that Color Kinetics has served subpoenas on non-parties and has **never** served notice on Super Vision. In particular, I have been made aware by persons other than Color Kinetics that Color Kinetics has also served non-party subpoenas on the following:

1.    Altman Lighting, Inc. (Southern District of New York);

2.    Fuzzy Furry (in both the Northern and Eastern Districts of California);

3.    Charles Sommerville (in both the Northern and Eastern Districts of California);

4.    LEDEffects, Inc. (in both the Northern and Eastern Districts of California);

5.    Jerry Laidman (Nevada); and

6.    Lighting and Electronic Designs, Inc. (Nevada).

Matthew B. Lowrie, Esq.
Aaron W. Moore, Esq.
Emily Berger, Esq.
Lowrie, Lando & Anastasi, LLP
September 1, 2004
Page 2


I presume that Color Kinetics must have also served subpoenas on other non-parties, about which I know nothing.

**Before the end of the day today**, please email to me copies of the subpoenas that you served on each of the persons listed in the preceding paragraph and the dates of service on each of them. Please also send a list of **all** persons you have served, whether or not listed in this letter, together with copies of each of the subpoenas and the dates of service for each of them.

Please advise me today if you oppose motions to quash one or more of the subpoenas identified in this letter, and others about which I may not yet have been advised. I assume that you intend to oppose those motions in each jurisdiction in which they must be filed. Please be advised that I intend to seek sanctions, costs and attorneys' fees in each instance in which I intend to challenge the illegally served non-party subpoenas.

Your Florida counsel may have advised you that during the eStar hearing yesterday, and on his own initiative, Magistrate Judge Glazebrook, issued an injunction against Color Kinetics, ordering that Color Kinetics not issue any further subpoenas to non-parties unless in full compliance with the federal rules of civil procedure. You may wish to consult with your Florida counsel to confirm the scope of the injunction.

Sincerely,


s/_____
J. Wayne Crosby

jwc/bc

cc:     Ieuan G. Mahony, Esq.
        Mr. Brett Kingstone
        President, Super Vision International, Inc.

# EXHIBIT E



**Aaron W. Moore**
amoore@LL-A.com
direct dial (617) 395-7016

September 2, 2004

<u>By E-Mail and First Class Mail</u>

J. Wayne Crosby
J. Wayne Crosby, P.A.
220 North Palmetto Avenue, Suite 200
Orlando, Florida 32801

    Re:    Super Vision International, Inc. v. Color Kinetics, Inc.
             Civil Action No. 02-CV-11137-MEL
             <u>Our File No.:  C1104-6000</u>

Dear Wayne:

       This is in response to your fax of yesterday afternoon.

       It seems that your principal complaint is that we did not provide you with copies of the subpoenas <u>prior</u> to having them served on the witnesses, but instead sent them to you immediately after we were able to confirm that service actually had been made. As a preliminary matter, we are not aware of governing authority in any Circuit in which we have served a subpoena (the 2nd, 4th, 5th, 9th, and 11th), that mandates your construction of Rule 45(b)(1). We feel that the plain language of the Rule, requiring "[p]rior notice of any commanded <u>production</u> of documents and things or inspection of premises" (emphasis ours) is fairly read to require notice within sufficient time for a party to object, which is, in fact, the purpose of the Rule. We note that the Rule requires prior notice of a "commanded production" not a "command to produce."

       In any event, I have reviewed our records and have confirmed that, with one exception, we provided you and/or Ieuan with copies of all of the subpoenas we have served (1) as soon as we were able to confirm that service had been made, (2) within days of service, and (3) in each case in plenty of time for you to seek relief if you had any grounds to do so. I also note that at no point before yesterday did you raise this as an issue, even though the eStar subpoena you were complaining about on Tuesday was served on Super Vision more than <u>six months</u> ago.

       The exception is a subpoena to Altman Lighting, which, by innocent oversight, was not provided to you earlier. I am enclosing a copy of this subpoena, although I note that Altman's attorney informed us some time ago that he spoke to you about it. We have not yet received any documents from Altman and are willing to ask them to stay compliance if you wish to file a motion to quash that subpoena in New York. Please let me know <u>by the end of the day today</u> if

**LOWRIE, LANDO**
**&ANASTASI, LLP**
*Devoted to Intellectual Property Law*

J. Wayne Crosby
September 2, 2004
Page 2

and when you will be filing such a motion and, if so, what would be the grounds for quashing the subpoena.

The table below lists the dates on which each of our third-party subpoenas were served, the date that Super Vision was provided with a copy, and the return date.

| Witness | Date Served | Notice to Super Vision | Return Date |
|---|---|---|---|
| eStar | Feb. 9, 2004 | Feb. 12, 2004 | Feb. 20, 2004 |
| High End | June 11, 2004 | June 15, 2004 | July 2, 2004 |
| LED Effects | July 9, 2004 | July 8, 2004 | July 21, 2004 |
| Kevin Furry | July 9, 2004 | July 8, 2004 | July 21, 2004 |
| Chuck Somerville | July 9, 2004 | July 8, 2004 | July 21, 2004 |
| Facticon | July 12, 2004 | July 13, 2004 | July 26, 2004 |
| Jerry Laidman | July 12, 2004 | July 13, 2004 | July 21, 2004 |
| Nixon Peabody | July 14, 2004 | July 15, 2004 | July 28, 2004 |
| Altman Lighting | July 21, 2004 | -- | August 6, 2004 |

There is not, to my knowledge, a subpoena to Lighting and Electronic Designs, Inc. I believe that is Jerry Laidman's company. The LED Effects, Furry, and Somerville subpoenas were initially served under Northern District captions on the above dates and identical subpoenas were then re-served informally under Eastern District captions on July 27, 2004.

If you think there is an issue here that you need to press, we suggest that we add it to the list of items to discuss at the September 20, 2004 hearing with Judge Lasker. That would allow all of your complaints to be resolved at once, rather than in a piecemeal fashion. If you would rather travel around the country arguing an issue that seems to already have been addressed by Magistrate Judge Glazebook, we will do that instead. We believe, however, that you have little to complain about, as you received the subpoenas immediately after they were served and with plenty of time to move to quash and, furthermore, it does not appear that Super Vision would have had any grounds to object to these subpoenas anyway. Even if there was an inadvertent, technical violation of the rule (and that is arguable, to say the least), there clearly is no prejudice. If you disagree, please identify the prejudice that Super Vision has suffered as a result of receiving notice a day or two after service rather than on the date of service.

The more troubling issue here is that Super Vision seems to have expanded its efforts to impede Color Kinetics' ability to take discovery from simply ignoring discovery requests, motions to compel, and court orders to actively interfering with Color Kinetics' efforts to obtain relevant, discoverable information from third-parties. I note that, to a significant extent, our subpoenas were necessitated by Super Vision's failure to produce information that was first requested directly from Super Vision more than a year ago, was the subject of a court order compelling production in December of last year, and <u>still</u> has not been produced.

LOWRIE, LANDO
& ANASTASI, LLP
*Devoted to Intellectual Property Law*

J. Wayne Crosby
September 2, 2004
Page 3

   We also wish to point out that your representation to the Court at Tuesday's hearing that the materials being sought from eStar are available from Super Vision is contrary to the testimony of the Super Vision 30(b)(6) witnesses.  Mr. Kingstone testified that he is not aware of any technical documents that Super Vision has regarding the eStar products, and Mr. Faber testified that Super Vision would need to disassemble and test the eStar product to determine how it worked.  Further, despite our repeated requests for these materials over the past eight months, Super Vision has <u>never</u> offered to make materials available for inspection in Florida. Please refrain from making this type of inaccurate representation in the future.

   Thank you.

                              Sincerely,

                              LOWRIE, LANDO & ANASTASI, LLP

                              Aaron W. Moore

AWM/sg
cc:    Hal K. Litchford, Esq.
       Ieuan G. Mahony, Esq.

**EXHIBIT F**

## J. Wayne Crosby@brickstreetlaw.com

| | |
|---|---|
| **From:** | "J. Wayne Crosby" <jwc@brickstreetlaw.com> |
| **To:** | "Aaron Moore" <AMoore@ll-a.com> |
| **Cc:** | "Paul E. DeHart" <ped@litchris.com>; <hkl@litchris.com>; <ieuan.mahony@hklaw.com>; "CK6000" <CK6000@ll-a.com> |
| **Sent:** | Friday, September 03, 2004 11:27 AM |
| **Subject:** | Re: Color Kinetics v. Super Vision |

Aaron --

Please provide evidence of your notice of service of the subpoenas on LEDEffects, Inc., Kevin Furry, Charles Sommerville (meaning service in _both_ the Northern and Eastern Districts of California) and Jerry Laidman (Nevada), together with copies of those subpoenas.  I have no record that Color Kinetics served any notice of those on Super Vision.

You should read the transcript from the eStar hearing in Orlando before attempting to attribute to me things that I did not say.  Your representations of my statements to the court are absolutley false.

The violations are not technical, they are substantive, and the response dates to the non-noticed subpoenas passed before Color Kinetics served any notice of them.  I suggest that you read Rule 45 in its entirety, including the committee notes explicitly explaining the intention of pre-service notice that all courts, including Judge Glazebrook, have read as "clear and unambiguous" in Judge Glazebrook's words.  The transcript will also show that fact.  It's entirely possible that is the reason why some jurisdictions have no reported cases on the issue.

As a matter of further information, the rules also require that each subpoena be challenged only in the district from which it is issued.  Although Judge Lasker has jurisdiciton over Color Kinetics, he does not have jurisdiction to quash any of those illegally served subpoenas.

I appreciate your reflection in your following email that Hurricane Frances is bearing down, and I will respond to those other matters as soon as possible.  I also note that you mentioned a hearing date of September 20, which I believe is actually set for September 16.  If my understanding is incorrect, please advise.

Thanks,

Wayne

**EXHIBIT G**

## J. Wayne Crosby@brickstreetlaw.com

| | |
|---|---|
| **From:** | "Aaron Moore" <AMoore@ll-a.com> |
| **To:** | "J. Wayne Crosby" <jwc@brickstreetlaw.com> |
| **Cc:** | "Paul E. DeHart" <ped@litchris.com>; <hkl@litchris.com>; <ieuan.mahony@hklaw.com>; "CK6000" <CK6000@ll-a.com> |
| **Sent:** | Wednesday, September 08, 2004 11:31 AM |
| **Attach:** | LED Effects 2.pdf; LED Effects.PDF; Proof of Service.pdf; Sommerville.PDF; Furry.PDF; RE_ Color Kinetics v. Super Vision.eml |
| **Subject:** | RE: Color Kinetics v. Super Vision |

Dear Wayne,

We instructed the process server in Nevada to send you copies of the LED Effects/Furry/Somerville subpoenas. I now see that they addressed the mail to you at "220 N. Palm Meadow Ave," not "220 N. Palmetto Ave." I am sorry that we did not catch this error earlier. They did not get the mail back as undeliverable, however, so please let me know if you did in fact receive it. All are attached. LED Effects' counsel has told us that all documents that Furry or Somerville have are in the possession of LED Effects, so we are not pursuing the Furry and Somerville subpoenas. We failed to forward you a copy of the reissued LED Effects subpoena for the Eastern District. It is identical to the earlier one except for the caption and a later return date. A copy is attached.

We have not yet obtained any materials as a result of any of the above subpoenas and are willing to ask LED Effects to stay compliance if you wish to file a motion or motions in California. Please let me know if you plan to do so and if there are any grounds to quash the subpoenas other than the notice issue.

I sent you the Laidman subpoena on July 7th. Documentation and a copy are attached. We have not received any materials from Mr. Laidman because he told us he sent them all to you months ago. We have asked you about this and it is a subject of our pending motion to compel.

In an effort to save us both the expense of traveling around the county on this matter, we are willing to submit this to Judge Lasker and abide by his resolution with respect to all of the subpoenas. If you think it would be a better use of resources to deal with this in the several jurisdictions, we will do that also, as I explained.

Please let me know if you will be opposing the motion to compel or responding to the interrogatories.

Thanks.

--Aaron

# EXHIBIT H

## J. Wayne Crosby@brickstreetlaw.com

| | |
|---|---|
| **From:** | "J. Wayne Crosby" <jwc@brickstreetlaw.com> |
| **To:** | "Aaron Moore" <AMoore@ll-a.com> |
| **Cc:** | "Emily Berger" <eberger@ll-a.com>; "Matthew B. Lowrie" <MLowrie@ll-a.com>; "CK6000" <CK6000@ll-a.com>; <ieuan.mahony@hklaw.com>; <hkl@litchris.com>; "Paul E. DeHart" <ped@litchris.com> |
| **Sent:** | Wednesday, September 08, 2004 3:16 PM |
| **Subject:** | Re: Color Kinetics v. Super Vision |

Aaron --

On several matters:

1.   If Color Kinetics will consent to my motion to quash and/or compel release from the subpoenas (or an equivalent remedy aimed at the same outcome) then it certainly makes sense for Judge Lasker to consider the issues as so consolidated.  If that is acceptable, I will submit a motion to that effect, similar to what I filed in the eStar matter, and indicate that CK consents to Judge Lasker's jurisdiction with respect to all of the known subpoenas in question, and that CK does not object to the motion, without prejudice to CK's right to challenge the substance of the motion.

2.   I still have not seen the Nixon Peabody subpoena.  Please send me a copy, together with the service information.

3.   I will file an opposition to CK's motion to compel, together with a motion for leave to file an untimely response.  You guys agreed to an extension for Super Vision's response until August 12.  On August 12, instead of finalizing the response, I was preparing my home for Hurricane Charley, which hit us on August 13.  The preparations didn't help, since a 70 year oak tree fell through the roof of my house, causing substantial damage.  Combine that with the loss of electricity for 5 days, no water at all for 3 days, no drinking water for 7 days, the fact that no contractors were availabe, and I and my neighbors had to fend for ourselves during the following week.  As a result, with the exception of a few hours on August 19 and 20, I was effectively out of my practice for the entire week.  The schools were closed for that whole week, the state courts in Orlando were closed for the entire week, and that's the way it was.  My return to practice full-time was on August 23, dealing primarliy with the front burner issues resulting from a compression of calendar matters in several cases.  I had to attend a deposition in Stuart, Florida all day on Monday, August 30, followed by the eStar hearing and preparation on Tuesday, August 31.  In the office on Wednesday, August 25, and then out on August 26 and 27 to try to re-enforce the patches on my roof and otherwise to prepare for Hurricane Frances.  No real damage this time other than water everywhere, but trapped by Frances until Monday evening, when we were still under tornado warnings from Frances' leavings.  You might imagine, and correctly, that such a schedule has severely impaired my ability to respond to all but the most pressing matters.  If necessary, those will be the basic facts to set out in a motion for leave to file the untimely response.  Do you consent to, or oppose that motion?

4.   I will respond to the interrogatories and 3d document requests by Monday, September 13.

Thank you,

Wayne Crosby

# EXHIBIT I

**J. Wayne Crosby@brickstreetlaw.com**

**From:** "Aaron Moore" <AMoore@ll-a.com>
**To:** "J. Wayne Crosby" <jwc@brickstreetlaw.com>
**Cc:** "CK6000" <CK6000@ll-a.com>
**Sent:** Wednesday, September 08, 2004 5:17 PM
**Attach:** CK v. SV.eml
**Subject:** RE: Color Kinetics v. Super Vision

Hi Wayne,

Answers:

1.   To be clear, we agree to the submission to Judge Lasker of the issues raised in the eStar motion, but pertaining to the other subpoenas, and we agree to be bound by his resolution of those issues.  As we will oppose the motion, please provide us with a copy by the end of the day on Monday if you wish to have this addressed at Thursday's hearing.

2.   Attached.

3.   We will not oppose a motion for leave to file an untimely response, provided that we have it by the end of the day on Monday, so that we have time to file reply, if necessary.

4.   We look forward to receiving the responses.  We reserve the right to argue that objections were waived.

Thanks.

--Aaron