UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS


**SUPER VISION INTERNATIONAL, INC.**                    C.A. No. 04-12631-MEL

vs.

**COLOR KINETICS INC.**
_____//


**SUPER VISION INTERNATIONAL, INC.'S RESPONSE AND OPPOSITION TO
COLOR KINETICS, INC.'S EMERGENCY MOTION FOR PROTECTIVE ORDER**


EXHIBIT E
TO SUPER VISION'S RESPONSE AND MEMORANDUM IS ATTACHED

Respectfully submitted, this 23rd day of June, 2005.

                                        s/ J. Wayne Crosby
                                        J. Wayne Crosby, Esq., Trial Counsel
Florida Bar No. 0133991
J. Wayne Crosby, P.A.
Suite 200
220 North Palmetto Avenue
Orlando, Florida 32801
Telephone:    407-423-9700
Facsimile:    407-423-9730
Counsel for Super Vision International, Inc.

COUNSEL:

Ernest V. Linek, Esq.
Banner & Witcoff, Ltd.
28 State Street
28th Floor
Boston, MA 02109-1775
Telephone:    617-720-9600
Facsimile:    617-720-9601

# EXHIBIT E



# LOWRIE, LANDO & ANASTASI, LLP
*Devoted to Intellectual Property Law*

Aaron W. Moore
amoore@LL-A.com
direct dial (617) 395-7016

September 2, 2004

<u>By E-Mail and First Class Mail</u>

J. Wayne Crosby
J. Wayne Crosby, P.A.
220 North Palmetto Avenue, Suite 200
Orlando, Florida 32801

    Re:   Super Vision International, Inc. v. Color Kinetics, Inc.
            Civil Action No. 02-CV-11137-MEL
            <u>Our File No.</u>:  C1104-6000

Dear Wayne:

    This is in response to your fax of yesterday afternoon.

    It seems that your principal complaint is that we did not provide you with copies of the subpoenas <u>prior</u> to having them served on the witnesses, but instead sent them to you immediately after we were able to confirm that service actually had been made. As a preliminary matter, we are not aware of governing authority in any Circuit in which we have served a subpoena (the 2nd, 4th, 5th, 9th, and 11th), that mandates your construction of Rule 45(b)(1). We feel that the plain language of the Rule, requiring "[p]rior notice of any commanded <u>production</u> of documents and things or inspection of premises" (emphasis ours) is fairly read to require notice within sufficient time for a party to object, which is, in fact, the purpose of the Rule. We note that the Rule requires prior notice of a "commanded production" not a "command to produce."

    In any event, I have reviewed our records and have confirmed that, with one exception, we provided you and/or Ieuan with copies of all of the subpoenas we have served (1) as soon as we were able to confirm that service had been made, (2) within days of service, and (3) in each case in plenty of time for you to seek relief if you had any grounds to do so. I also note that at no point before yesterday did you raise this as an issue, even though the eStar subpoena you were complaining about on Tuesday was served on Super Vision more than <u>six months</u> ago.

    The exception is a subpoena to Altman Lighting, which, by innocent oversight, was not provided to you earlier. I am enclosing a copy of this subpoena, although I note that Altman's attorney informed us some time ago that he spoke to you about it. We have not yet received any documents from Altman and are willing to ask them to stay compliance if you wish to file a motion to quash that subpoena in New York. Please let me know <u>by the end of the day today</u> if

Riverfront Office Park, One Main Street, Eleventh Floor, Cambridge, MA  02142    T 617-395-7000    F 617-395-7070

WWW.LL-A.COM

**LOWRIE, LANDO & ANASTASI, LLP**
*Devoted to Intellectual Property Law*

J. Wayne Crosby
September 2, 2004
Page 2

and when you will be filing such a motion and, if so, what would be the grounds for quashing the subpoena.

The table below lists the dates on which each of our third-party subpoenas were served, the date that Super Vision was provided with a copy, and the return date.

| Witness | Date Served | Notice to Super Vision | Return Date |
|---|---|---|---|
| eStar | Feb. 9, 2004 | Feb. 12, 2004 | Feb. 20, 2004 |
| High End | June 11, 2004 | June 15, 2004 | July 2, 2004 |
| LED Effects | July 9, 2004 | July 8, 2004 | July 21, 2004 |
| Kevin Furry | July 9, 2004 | July 8, 2004 | July 21, 2004 |
| Chuck Somerville | July 9, 2004 | July 8, 2004 | July 21, 2004 |
| Facticon | July 12, 2004 | July 13, 2004 | July 26, 2004 |
| Jerry Laidman | July 12, 2004 | July 13, 2004 | July 21, 2004 |
| Nixon Peabody | July 14, 2004 | July 15, 2004 | July 28, 2004 |
| Altman Lighting | July 21, 2004 | -- | August 6, 2004 |

There is not, to my knowledge, a subpoena to Lighting and Electronic Designs, Inc. I believe that is Jerry Laidman's company. The LED Effects, Furry, and Somerville subpoenas were initially served under Northern District captions on the above dates and identical subpoenas were then re-served informally under Eastern District captions on July 27, 2004.

If you think there is an issue here that you need to press, we suggest that we add it to the list of items to discuss at the September 20, 2004 hearing with Judge Lasker. That would allow all of your complaints to be resolved at once, rather than in a piecemeal fashion. If you would rather travel around the country arguing an issue that seems to already have been addressed by Magistrate Judge Glazebook, we will do that instead. We believe, however, that you have little to complain about, as you received the subpoenas immediately after they were served and with plenty of time to move to quash and, furthermore, it does not appear that Super Vision would have had any grounds to object to these subpoenas anyway. Even if there was an inadvertent, technical violation of the rule (and that is arguable, to say the least), there clearly is no prejudice. If you disagree, please identify the prejudice that Super Vision has suffered as a result of receiving notice a day or two after service rather than on the date of service.

The more troubling issue here is that Super Vision seems to have expanded its efforts to impede Color Kinetics' ability to take discovery from simply ignoring discovery requests, motions to compel, and court orders to actively interfering with Color Kinetics' efforts to obtain relevant, discoverable information from third-parties. I note that, to a significant extent, our subpoenas were necessitated by Super Vision's failure to produce information that was first requested directly from Super Vision more than a year ago, was the subject of a court order compelling production in December of last year, and <u>still</u> has not been produced.



J. Wayne Crosby
September 2, 2004
Page 3

      We also wish to point out that your representation to the Court at Tuesday's hearing that the materials being sought from eStar are available from Super Vision is contrary to the testimony of the Super Vision 30(b)(6) witnesses. Mr. Kingstone testified that he is not aware of any technical documents that Super Vision has regarding the eStar products, and Mr. Faber testified that Super Vision would need to disassemble and test the eStar product to determine how it worked. Further, despite our repeated requests for these materials over the past eight months, Super Vision has <u>never</u> offered to make materials available for inspection in Florida. Please refrain from making this type of inaccurate representation in the future.

      Thank you.

                                                       Sincerely,

                                                      LOWRIE, LANDO & ANASTASI, LLP

                                                      Aaron W. Moore

AWM/sg
cc:    Hal K. Litchford, Esq.
        Ieuan G. Mahony, Esq.